IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:                              §
                                    §
IFS FINANCIAL CORPORATION           §        CASE NO. 02-39553-H4-7
        Debtor                      §        (Chapter 7)

## ORDER GRANTING TRUSTEE'S MOTION FOR ISSUANCE OF CERTIFICATION IN SUPPORT OF COOPERATION IN INTERNATIONAL PROCEEDINGS

The Court has considered the Motion for Issuance of Certification in Support of

Cooperation in International Proceedings filed by W. Steve Smith, Trustee of the above-

referenced jointly administered bankruptcy estate. The Court has determined to grant the motion

and issue the Certification in Support of Cooperation in International Proceedings requested by

the Trustee. It is therefore

ORDERED that this court will issue the Certification in Support of Cooperation in

International Proceedings in the form attached as Exhibit "A"; it is further *

Signed: _4/7/04_

William Greendyke
William R. Greendyke, Judge
United States Bankruptcy Court for the Southern
District of Texas, Houston Division,
United States of America

* ORDERED that the U.S. Bankruptcy Court shall retain
Jurisdiction to determine any title dispute between the
Captioned estate and the estate of Hugo Pimienta presently
Pending in the U.S Bankruptcy Court in Los Angeles,
California.

(WG)

76

B IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:                          §
                                §
IFS FINANCIAL CORPORATION       §        CASE NO. 02-39553-H4-7
        Debtor                  §        (Chapter 7)

## CERTIFICATION IN SUPPORT OF COOPERATION IN INTERNATIONAL PROCEEDINGS

The United States Bankruptcy Court for the Southern District of Texas, United States of America certifies the following matters in support of cooperation in international proceedings, including (i) cooperation under Chapter IV and (ii) recognition under Chapter III, of Title Twelve of the Mexican Insolvency Mercantile Act, *Ley de Concursos Mercantiles* and/or applicable Mexican law.

On August 23, 2002, GMAC Mortgage Corporation (the "Petitioning Creditor") filed a Chapter 7 Involuntary Petition (the "Involuntary Petition") requesting that this Court decide that IFS Financial Corporation (the "Debtor") was bankrupt under the United States Code. The Debtor was properly served, but did not contest the Involuntary Petition.

On October 11, 2003, this Court entered an Order for Relief against the Debtor granting the Involuntary Petition. This Court's Order for Relief adjudicated the Debtor bankrupt pursuant to the United States Bankruptcy Code. This Court's Order for Relief against the Debtor fulfills all legal formalities of bankruptcy adjudication under U.S. law. The Debtor had notice of the proceedings against it. Debtor did not contest this Court's personal jurisdiction over it. This Court determined that it had personal jurisdiction over Debtor and that Debtor was bankrupt under United States bankruptcy law because: (i) Debtor had [at least] one creditor holding a claim which was not contingent nor the subject of a bona fide dispute, (ii) Debtor had failed generally to pay its debts as they became due, (iii) Debtor maintained its office in Houston (The Woodlands), Texas, U.S.A. for



EXHIBIT "A"

more than one year, and (iv) Debtor owned property in Houston.  The Debtor did not appeal this Court's decision and the Order for Relief has become final.  No appeal may be taken by Debtor.  The Order for Relief adjudicating Debtor bankrupt is *res judicata*, and is a final and conclusive judgment.

Following adjudication, 11 U.S.C. § 341 requires that the Debtor appear before its trustee in bankruptcy and its creditors and respond to all inquiries.  On June 11, 2003, Debtor voluntarily appeared at such § 341 meeting by and through its controlling stockholder and chief executive officer, Hugo Pimienta, and answered all inquiries, turned over to its bankruptcy trustee documents and property of the Debtor and did not contest the Order for Relief, this Court's jurisdiction or the bankruptcy trustee's power and entitlement to all of Debtor's property.

In addition, Debtor was involved in separate litigation pending at the commencement of the bankruptcy case, in the United States District Court for the Southern District of Texas, United States of America, *Blitz Holdings Corp. v. Interamericas Financial Holdings Corp., et al.*, Civil Action No. H-00-2247 (the "District Court Action").  In the District Court Action, the District Court (the "District Court") entered Final Judgment confirming Debtor's debt to Blitz Holdings Corp. ("Blitz") of over $65 million.  Docket No. 141 entered June 28, 2002 (the "District Court Final Judgment").  By separate Memorandum Opinion and Order entered the same day at Docket No. 143, the District Court held that IFS was unable to pay this debt to Blitz because assets of Debtor were "intentionally and systematically stripped" by other defendants.  Memorandum Opinion and Order, p. 1 (the "District Court Order").  The Debtor did not appeal the District Court Final Judgment or the District Court Order and, as a result, both have become final.  No appeal may be taken by Debtor of either. The District Court Final Judgment and the District Court Order establishing a $65 million + debt of Debtor due to Blitz and the District Court Order decreeing the Debtor's inability to pay that debt are *res judicata*, and are final and conclusive judgments.

Under U.S. law, once an order for relief is entered, a bankruptcy trustee is appointed to obtain possession of the assets of the Debtor and to liquidate those assets for the benefit of creditors.  On

October 15, 2002, W. Steve Smith ("Trustee") was appointed as the bankruptcy trustee to administer the bankruptcy estate of the Debtor. The Trustee posted a bond, which remains in place. At the conclusion of the 11 U.S.C. § 341 meeting referenced above, Trustee was retained as permanent trustee of Debtor's estate pursuant to 11 U.S.C. § 702 and Trustee continues in that capacity.

The United States Bankruptcy Code provides that the bankruptcy trustee is the official representative of the bankruptcy estate. The bankruptcy trustee is accountable for all property of the bankruptcy estate and is required to collect and liquidate all such property, and distribute the proceeds of such liquidation to all creditors of the bankruptcy estate pro rata. Any person, firm, or entity (including the bankruptcy debtor) in possession of property of the bankruptcy estate is charged by statute to deliver all such property to the bankruptcy trustee, and to account to the bankruptcy trustee for all property or its value. Further, any person, firm, or entity that owes a debt that is matured, payable on demand, or payable on order is required by statute to pay such debt to, or on the order of, the bankruptcy trustee. As sole representative of the estate, the Trustee has exclusive authority, subject to bankruptcy court approval, to use, sell or lease property of the Debtor's bankruptcy estate.

Section 521 of the Bankruptcy Code sets forth Debtor's duties to include

> · cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title, and

> · surrender to the trustee all property of the estate and any recorded information, including books, documents, records and papers related to property of the estate.

Bankruptcy Rule 9001(5) states that when the debtor is a corporation, the Court may designate to include within, and expand the definition of, debtor, any or all of its officers, members of its board of directors or trustees or of a similar controlling body, a controlling stockholder or member, or any other person in control.

To determine if someone is a "person in control", the Court may look beyond formal title or

lack of a formal title to that person's duties and responsibilities vis-à-vis the debtor. That person can

be designated by the Court to perform those duties imposed on a "person in control" even though that

person had never been an officer, director or employee, or had any formal relationship with debtor.

The rationale for enabling the court to designate who or what may be included within debtor

is well expressed by Judge Leif Clark in *In re Muy Bueno Corporation, 257 B.R. 843, 850 (Bankr.*

*W.D. Tex. 2001):*

> Public examination of the debtor…is traditionally 'regarded as one of the most important
> aspects of the bankruptcy process, for it is intended to serve one of the main purposes of
> public policy associated with bankruptcy law, namely the protection of the public by
> gathering as much information as possible about the debtor and his affairs.' *In re Astri Inv.*
> *Management & Securities Corp., 88 B.R. 730, 737 (D. Md. 1988)*

Based thereon that Court reflected that

> [t]he structure of the Code (and its implementing rules) is designed to assure that creditors,
> the court and court-appointed representatives will have ready and early access to correct
> information about the corporate debtor's affairs. *Muy Bueno at 848.*

This Court did grant on February 17, 2004, Trustee's Amended Motion To Designate Individuals

and Entities Pursuant To Bankruptcy Rule 9001(5) and For Related Orders. By this Order, the

following, in addition to IFS Financial Corporation, Debtor, were designated to be included within

the definition of Debtor for purposes of cooperating with Trustee as necessary to enable Trustee to

perform his duties and for surrender to and obtaining by Trustee of all property of this estate (as

hereinafter defined) and of any recorded information including books, documents, records and papers

related to property of this estate:

- Hugo Pimienta—as officer, director, power of attorney holder, interest holder of,
  Advisory Committee Member for IFS Financial Corporation ("IFS"), Amper
  International, Ltd., and/or Amper, Ltd. (collectively, "Amper"), Interamericas, Ltd.,
  and/or Interamericas Investments, Ltd. (collectively, "Interamericas"), Interamericas
  Financial Holdings, Ltd. and/or Interamericas Financial Holdings Corp (collectively,
  "Interamericas Financial Holdings"), Interamericas Holdings, Inc., Interamericas
  Corporation and all direct and indirect subsidiaries thereof (collectively, "Interamericas
  Corporation"), the direct and indirect subsidiaries of IFS, including Accubanc Mortgage
  Corporation and American Founders Life Insurance Company (collectively, the "IFS

Subs"), INV Capital, Ltd. and/or INV Services, Ltd. ("INV"), Integra Bank and Orbost, Ltd.;

- Enrique Pimienta—Individually and as owner, officer, director, power of attorney holder, interest holder of, Advisory Committee Member for IFS, Amper, Interamericas, Interamericas Financial Holdings, Interamericas Holdings, Inc., Interamericas Corporation, IFS Subs, INV, Integra Bank and Orbost, Ltd.;

- Arturo Pimienta—Individually and as owner, officer, director, power of attorney holder, interest holder of, Advisory Committee Member for IFS, Amper, Interamericas, Interamericas Financial Holdings, Interamericas Holdings, Inc., Interamericas Corporation, IFS Subs, INV, Integra Bank and Orbost, Ltd.;

- Gonzalo Romero Matias—Individually and as owner, officer, director, power of attorney holder, interest holder of, Advisory Committee Member for IFS, Amper, Interamericas, Interamericas Financial Holdings, Interamericas Holdings, Inc., Interamericas Corporation, IFS Subs, INV, Integra Bank and Orbost, Ltd.;

- Luis Mendez—Individually and as owner, officer, director, power of attorney holder, interest holder of, Advisory Committee Member for IFS, Amper, Interamericas, Interamericas Financial Holdings, Interamericas Holdings, Inc., Interamericas Corporation, IFS Subs, INV, Integra Bank and Orbost, Ltd.;

- Estate of Ramon Beteta—Individually and as owner, officer, director, power of attorney holder, interest holder of, Advisory Committee Member for IFS, Amper, Interamericas, Interamericas Financial Holdings, Interamericas Holdings, Inc., Interamericas Corporation, IFS Subs, INV, Integra Bank and Orbost, Ltd.;

- Amper;

- Interamericas;

- Interamericas Financial Holdings;

- Interamericas Holdings, Inc.;

- Interamericas Corporation;

- IFS Subs;

- INV;

- Integra Bank; and

- Orbost, Ltd. (collectively referred to as the "Designees").

By separate Order, Hugo Pimienta, individually, will be included as a Designee.

By that Order, the Designees are required to preserve and maintain all property and records of or related to the Debtor and the captioned estate, and immediately turnover to Trustee all such property and records of the captioned estate, and immediately explain to Trustee the loss of, or absence of any such property or records since the commencement of this case.  By that Order, the Designees are required to immediately comply with and perform all duties imposed upon Debtor by the provisions of the Bankruptcy Code.   By that Order, the Designees are ordered to completely and fully cooperate with the requests of Trustee related to the Debtor's estate.

The commencement of a case under the United States Bankruptcy Code creates an estate. Such an estate is comprised of all legal and equitable interests of the debtor in property, wherever located and by whomever held, and all proceeds, products, offspring, rents or profits of and from, any such property of the estate.  The definition of property of the estate is broad and includes all tangible and intangible property of any kind or type and wherever located.

The District Court assisted in determining what constitutes, in part, property of this Debtor's estate.  By Order Directing Turnover in Aid of Judgment, entered on August 19, 2002, at Docket No. 165, the District Court ordered turnover of Property of IFS, hereinafter described, to Blitz and Blitz was held to have, by that District Court Order, good and indefeasible title.  The District Court also held specifically that as to the FICEN stock, included below, it was owned by Debtor immediately prior to the ordered turnover to Blitz.  The properties in question are:

i.     4,273 shares of limited liability company interests in Latin America Money Services, LLC (the "LAMS Interests");

ii.    7,362 shares stock in FICEN which appears on the financial records of IFS as an asset of IFS from and after April 30, 2000, which currently appear in FICEN's Shareholders' Book as in the name of Interamericas Corp., which are further described as follows:

| Series B | Series B-4 | Series B-5 | Series B-6 |
|----------|-----------|-----------|-----------|
| 4,729 | 1,175 | 460 | 998 |

("The FICEN Stock");

iii.   the original promissory note in the original principal sum of $13 million dated March 15, 2000 executed by SouthSea Corp. payable to IFS, along with any renewals and extensions and all security agreements and guarantees (the "SouthSea Debt") ;

iv.   the original promissory note in the original principal sum of $3 million dated March 15, 2000 executed by Larce, Inc., payable to IFS, along with any renewals and extensions and all security agreements and guarantees (the "Larce Debt");

v.   all shares of stock in Interstar Investment Corp. held in the name of IFS, or to which IFS has legal or beneficial ownership or interest (the "Interstar Investment Stock");

vi.   all shares of stock in IFS Management Corporation held in the name of IFS, or to which IFS has legal or beneficial ownership or interest (the "IFS Management Stock") ;

vii.   all shares of stock in IFS Insurance Holdings Corporation held in the name of IFS, or to which IFS has legal or beneficial ownership or interest (the "IFS Insurance Holdings Stock");

viii.   all cash;

ix.   all monies and investments in deposit accounts, certificates of deposits, bonds, money market accounts and brokerage accounts in the name of IFS or in which IFS has signatory authority or beneficial interests or rights;

x.   all life insurance policies for which IFS is a beneficiary;

xi.   all records relating to the transfer of funds by, from, between and/or to the following entities:

   A.   Amper, Int'l., Ltd. a/k/a Amper,
   B.   INV Capital, Ltd. a/k/a INV Capital a/k/a INV, and
   C.   INV Services a/k/a INV;

xii.   IFS's right, title and interest in all causes of action asserted and/or to be asserted against the former officers of Accubanc and Grant Thornton in connection with the allegations in a suit currently pending in Harris County State District Court; Cause No. 2001-55915, along with all litigation files, pleadings and documents related to the causes of action; and

xiii.   the original promissory note in the original principal sum of $5 million dated June 22, 1999 executed by NORTHSEA CORP. payable to IFS Insurance Holdings Corporation, along with the original Tri-party Security Agreement Collateral Transfer of Notes and Liens Security Same executed by NORTHSEA CORP. and Gonzalo Romero Matias, and guarantees (the "NorthSea Debt").

Subsequent to the commencement of this bankruptcy case, Blitz and Trustee agreed that the property identified above, plus other property, hereinafter described, subject to control by the District Court, belonged to Trustee as property of the Debtor's estate and this Court so ordered. That property is:

    i.        The LAMS interests;

    ii.       The FICEN Stock;

    iii.      The SouthSea Debt;

    iv.      The Larce Debt;

    v.        The Interstar Investment Stock;

    vi.      The IFS Management Stock;

    vii.      The IFS Insurance Holdings Stock;

    viii.     all cash;

    ix.      all monies and investments in deposit accounts, certificates of deposits, bonds, money market accounts and brokerage accounts in the name of IFS or in which IFS has signatory authority or beneficial interests or rights;

    x.        all life insurance policies for which IFS is a beneficiary;

    xi.      all records relating to the transfer of funds by, from, between and/or to the following entities:

          A.    Amper, Int'l., Ltd. a/k/a Amper,
          B.    INV Capital, Ltd. a/k/a INV Capital a/k/a INV, and
          C.    INV Services a/k/a INV;

    xii.     IFS's right, title and interest in all causes of action asserted and/or to be asserted against the former officers of Accubanc and Grant Thornton in connection with the allegations in a suit currently pending in Harris County State District Court; Cause No. 2001-55915, along with all litigation files, pleadings and documents related to the causes of action;

    xiii.    The NorthSea Debt and related documents and interests:

          1.  NORTHSEA Note dated February 28, 1997 (in Spanish);
          2.  Pledge Agreement executed by Dr. Giovanni Pirri Ardizzone on behalf of Palatina, S.A. De C.V., dated February 28, 1997;
          3.  Letter Agreement in support of Security Agreement (in Spanish);

4   Security Agreement (in Spanish);
5.   Original Promissory Note (in Spanish);
6.   Irrevocable Stock Power;
7.   Original Security Agreement;
8.   Stock Certificate No. 1-"A";
9.   Stock Certificate No. 1-"B";
10. Appraisal;
11. Certificate of Corporate Resolutions;
12. NORTHSEA Unanimous Written Consent dated 6/18/99; and
13. IFS Unanimous Written Consent dated 6/18/99;

xiv.     Integra Management Services Corporation Stock Certificate No. 1;

xv.      Integra Insurance Holdings Corporation Stock Certificate No. 2;

xvi.     Integra Insurance Holdings Corporation Stock Certificate No. 3;

xvii.    Interstar Investment Corp. Stock Certificate No. 7;

xviii.   Interstar Investment Corp. Stock Certificate No. 9;

xix.     Interstar Investment Corp. Stock Certificate No. 10;

xx.      Interstar Investment Corp. Stock Certificate No. 12;

xxi.     Corporate seal of Interstar Investment Corp.;

xxii.    Corporate seal of Integra Insurance Holdings Corp;

xxiii.   Integra Insurance Holdings Corp. Certificate No. 1.

This is not an exhaustive list of what is owned by Trustee as property of Debtor's estate.
**Any** property in which it is determined that Debtor has an interest, legal or equitable, or held an
interest, the transfer of which may be avoided, is property of the estate to which Trustee alone is
entitled.  Further, any claims belonging to the Debtor belong to the Debtor's estate and the Trustee
must collect them.

In addition to being responsible for the administration of all property of the bankruptcy estate
as set forth above, the bankruptcy trustee, as official representative of the bankruptcy estate, has the
exclusive authority to appear before any tribunal in any jurisdiction and to use any available remedy
in any jurisdiction to recover property of the bankruptcy estate, to protect the bankruptcy estate's

interests in property, and to avoid fraudulent devices created to place such property beyond the reach of creditors. Any recoveries by the bankruptcy trustee are for the benefit of all creditors of the bankruptcy debtor.

Pursuant to 28 U.S.C. § 1781(b)(2), United States courts may provide direct court to court international proceedings cooperation to the Mexican courts. Pursuant to 11 U.S.C. § 304, upon request of a foreign representative (trustee, administrator, *sindico* or similar officer of the court) regarding insolvency, bankruptcy or reorganization proceedings, United States bankruptcy courts may provide cooperation and coordination in the administration and supervision of the assets and business of foreign insolvency estates which are located in the United States. Relief under section 304 may be granted to the representative of a "foreign proceeding". The definition of "foreign proceeding" under United States law is very broad and encompasses a wide range of potential foreign insolvency and debt adjustment procedures. The proceeding may be judicial or administrative and it need not be a bankruptcy proceeding so long as it is conducted for the purpose of liquidating an estate, adjusting debts by composition, extension, or discharge, or effecting a reorganization. Thus, such relief would be available to a foreign representative under the *Ley de Concursos Mercantiles*.

This Court will be pleased to supplement the foregoing certification should the Mexican Federal District Court have any inquiries.

In support of this certification, this Court has annexed the following:

(i)     True and correct copies of the following provisions of U.S. law: 11 U.S.C. §§ 109, 303, 304, 323, 363, 521, 541, 542, 544, 704 and 721; and 28 U.S.C. § 1781(b)(1) and (b)(2) and Federal Rule of Bankruptcy Procedure 9001;

(ii)    A true and correct copy of the Fifth Circuit Court of Appeal's decision in *Fidelity Standard Life Insurance Company v. First National Bank & Trust Company of Vidalia, Georgia*, 510 F. 2d 272 (5th Cir. 1975), which is a representative decision of ruling case law on the *res judicata* effect of a judgment;

(iii)   Authenticated and exemplified copies of:

(a)     The executed and returned Summons demonstrating personal service on the Debtor;

(b)     The Court's Order for Relief against the Debtor;

(c)     Certification of Appointment of Trustee;

(d)     The District Court Order;

(e)     The District Court Final Judgment;

(f)     The District Court Order Directing Turnover in Aid of Judgment;

(g)     This Court's Order on Trustee's Motion to Designate Individuals and Entities Pursuant to Fed. R. Bankr. P. 9001(5) and for Related Orders;

(h)     This Court's Agreed Order on Trustee's Motion for Authority to Compromise Controversies;

(i)     Claims Register for Debtor's bankruptcy case;

(j)     This Court's Order Authorizing Employment of Special Mexican International Proceedings Counsel [Dario Oscos] in the bankruptcy case.

All of these annexes are incorporated herein verbatim for all purposes.


This Court has the utmost respect for the Courts of the United States of Mexico, and would be willing to accept similar certification from the Honorable Mexican Federal District Courts.


Dated: _____


_____
William R. Greendyke, Judge
United States Bankruptcy Court for the Southern District of Texas, Houston Division,
  United States of America

which the debtor or an individual protected under section 1201 or 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 60 days after the order for relief.

(c) Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

BANKRUPTCY RULE REFERENCE: 9006

## 11 U.S.C. § 109

### § 109.    Who may be a debtor.

(a) Notwithstanding any other provision of this section, only a person that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title.

(b) A person may be a debtor under chapter 7 of this title only if such person is not—

(1) a railroad;

(2) a domestic insurance company, bank, savings bank, cooperative bank, savings and loan association, building and loan association, homestead association, a New Markets Venture Capital company as defined in section 351 of the Small Business Investment Act of 1958, a small business investment company licensed by the Small Business Administration under subsection (c) or (d) of section 301 of the Small Business Investment Act of 1958, credit union, or industrial bank or similar institution which is an insured bank as defined in section 3(h) of the Federal Deposit Insurance Act, except that an uninsured State member bank, or a corporation organized under section 25A of the Federal Reserve Act, which operates, or operates as, a multilateral clearing organization pursuant to section 409 of the Federal Deposit Insurance Corporation Improvement Act of 1991 may be a debtor if a petition is filed at the direction of the Board of Governors of the Federal Reserve System; or

(3) a foreign insurance company, bank, savings bank, cooperative bank, savings and loan association, building and loan association, homestead association, or credit union, engaged in such business in the United States.

(c) An entity may be a debtor under chapter 9 of this title if and only if such entity—

(1) is a municipality;

(2) is specifically authorized, in its capacity as a municipality or by name, to be a debtor under such chapter by State law, or by a governmental officer or organization empowered by State law to authorize such entity to be a debtor under such chapter;

(3) is insolvent;

(4) desires to effect a plan to adjust such debts; and

(5)(A) has obtained the agreement of creditors holding at least a majority in amount of the claims of each class that such entity intends to impair under a plan in a case under such chapter;

(B) has negotiated in good faith with creditors and has failed to obtain the agreement of creditors holding at least a majority in amount of the claims of each class that such entity intends to impair under a plan in a case under such chapter;

(C) is unable to negotiate with creditors because such negotiation is impracticable; or

(D) reasonably believes that a creditor may attempt to obtain a transfer that is avoidable under section 547 of this title.

(d) Only a railroad, a person that may be a debtor under chapter 7 of this title (except a stockbroker or a commodity broker), and an uninsured State member bank, or a corporation organized under section 25A of the Federal Reserve Act, which operates, or operates as, a multilateral clearing organization pursuant to section 409 of the Federal Deposit Insurance Corporation Improvement Act of 1991 may be a debtor under chapter 11 of this title.

(e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $290,525[1] and noncontingent, liquidated, secured debts of less than $871,550,[2] or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $290,525[3] and noncontingent, liquidated, secured debts of less than $871,550[4] may be a debtor under chapter 13 of this title.

(f) Only a family farmer with regular annual income may be a debtor under chapter 12 of this title.

---

[1] [Editors' Note: For cases commenced prior to April 1, 2001, the dollar amount is $269,250.]

[2] [Editors' Note: For cases commenced prior to April 1, 2001, the dollar amount is $807,750.]

[3] [Editors' Note: For cases commenced prior to April 1, 2001, the dollar amount is $269,250.]

[4] [Editors' Note: For cases commenced prior to April 1, 2001, the dollar amount is $807,750.]

(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

BANKRUPTCY RULE REFERENCES: 1014 and 1016

## 11 U.S.C. § 110

### § 110.   Penalty for persons who negligently or fraudulently prepare bankruptcy petitions.

(a) In this section—

(1) "bankruptcy petition preparer" means a person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing; and

(2) "document for filing" means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title.

(b)(1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address.

(2) A bankruptcy petition preparer who fails to comply with paragraph (1) may be fined not more than $500 for each such failure unless the failure is due to reasonable cause.

(c)(1) A bankruptcy petition preparer who prepares a document for filing shall place on the document, after the

## 11 U.S.C. § 303

### § 303.     Involuntary cases.

(a) An involuntary case may be commenced only under chapter 7 or 11 of this title, and only against a person, except a farmer, family farmer, or a corporation that is not a moneyed, business, or commercial corporation, that may be a debtor under the chapter under which such case is commenced.

(b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—

(1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute, or an indenture trustee representing such a holder, if such claims aggregate at least $11,625[1] more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

(2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $11,625[2] of such claims;

(3) if such person is a partnership—

(A) by fewer than all of the general partners in such partnership; or

(B) if relief has been ordered under this title with respect to all of the general partners in such partnership, by a general partner in such partnership, the trustee of such a general partner, or a holder of a claim against such partnership; or

(4) by a foreign representative of the estate in a foreign proceeding concerning such person.

---

[1] [*Editors' Note:* For cases commenced prior to April 1, 2001, the dollar amount is $10,775.]

[2] [*Editors' Note: See* note 1 *supra.*]

(c) After the filing of a petition under this section but before the case is dismissed or relief is ordered, a creditor holding an unsecured claim that is not contingent, other than a creditor filing under subsection (b) of this section, may join in the petition with the same effect as if such joining creditor were a petitioning creditor under subsection (b) of this section.

(d) The debtor, or a general partner in a partnership debtor that did not join in the petition, may file an answer to a petition under this section.

(e) After notice and a hearing, and for cause, the court may require the petitioners under this section to file a bond to indemnify the debtor for such amounts as the court may later allow under subsection (i) of this section. .

(f) Notwithstanding section 363 of this title, except to the extent that the court orders otherwise, and until an order for relief in the case, any business of the debtor may continue to operate, and the debtor may continue to use, acquire, or dispose of property as if an involuntary case concerning the debtor had not been commenced.

(g) At any time after the commencement of an involuntary case under chapter 7 of this title but before an order for relief in the case, the court, on request of a party in interest, after notice to the debtor and a hearing, and if necessary to preserve the property of the estate or to prevent loss to the estate, may order the United States trustee to appoint an interim trustee under section 701 of this title to take possession of the property of the estate and to operate any business of the debtor. Before an order for relief, the debtor may regain possession of property in the possession of a trustee ordered appointed under this subsection if the debtor files such bond as the court requires, conditioned on the debtor's accounting for and delivering to the trustee, if there is an order for relief in the case, such property, or the value, as of the date the debtor regains possession, of such property.

(h) If the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case under

the chapter under which the petition was filed. Otherwise, after trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if—

   (1) the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute; or

   (2) within 120 days before the date of the filing of the petition, a custodian, other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

(i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—

   (1) against the petitioners and in favor of the debtor for—

      (A) costs; or

      (B) a reasonable attorney's fee; or

   (2) against any petitioner that filed the petition in bad faith, for—

      (A) any damages proximately caused by such filing; or

      (B) punitive damages.

(j) Only after notice to all creditors and a hearing may the court dismiss a petition filed under this section—

   (1) on the motion of a petitioner;

   (2) on consent of all petitioners and the debtor; or

   (3) for want of prosecution.

(k) Notwithstanding subsection (a) of this section, an involuntary case may be commenced against a foreign bank that is not engaged in such business in the United States only under chapter 7 of this title and only if a foreign proceeding concerning such bank is pending.

BANKRUPTCY RULE REFERENCES: 1002, 1003, 1004, 1005, 1006, 1007, 1010, 1011, 1013, 1018, 5005, 7004, 7019, 7020, 7021, 7024 and 9009

## 11 U.S.C. § 304

§ 304.          **Cases ancillary to foreign proceedings.**

(a) A case ancillary to a foreign proceeding is commenced by the filing with the bankruptcy court of a petition under this section by a foreign representative.

(b) Subject to the provisions of subsection (c) of this section, if a party in interest does not timely controvert the petition, or after trial, the court may—

   (1) enjoin the commencement or continuation of—

      (A) any action against—

         (i) a debtor with respect to property involved in such foreign proceeding; or

         (ii) such property; or

      (B) the enforcement of any judgment against the debtor with respect to such property, or any act or the commencement or continuation of any judicial proceeding to create or enforce a lien against the property of such estate;

   (2) order turnover of the property of such estate, or the proceeds of such property, to such foreign representative; or

   (3) order other appropriate relief.

(c) In determining whether to grant relief under subsection (b) of this section, the court shall be guided by what will best assure an economical and expeditious administration of such estate, consistent with—

   (1) just treatment of all holders of claims against or interests in such estate;

(2) protection of claim holders in the United States against prejudice and inconvenience in the processing of claims in such foreign proceeding;

(3) prevention of preferential or fraudulent dispositions of property of such estate;

(4) distribution of proceeds of such estate substantially in accordance with the order prescribed by this title;

(5) comity; and

(6) if appropriate, the provision of an opportunity for a fresh start for the individual that such foreign proceeding concerns.

BANKRUPTCY RULE REFERENCES: 1010, 1011, 1018, 7004 and 7024

## 11 U.S.C. § 305

### § 305.　　Abstention.

(a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—

(1) the interests of creditors and the debtor would be better served by such dismissal or suspension; or

(2)(A) there is pending a foreign proceeding; and

(B) the factors specified in section 304(c) of this title warrant such dismissal or suspension.

(b) A foreign representative may seek dismissal or suspension under subsection (a)(2) of this section.

(c) An order under subsection (a) of this section dismissing a case or suspending all proceedings in a case, or a decision not so to dismiss or suspend, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of title 28 or by the Supreme Court of the United States under section 1254 of title 28.

BANKRUPTCY RULE REFERENCES: 1017, 2002 and 5011

in favor of the United States conditioned on the faithful performance of such official duties.

(b) (1) The United States trustee qualifies wherever such trustee serves as trustee in a case under this title.

(2) The United States trustee shall determine—

(A) the amount of a bond required to be filed under subsection (a) of this section; and

(B) the sufficiency of the surety on such bond.

(c) A trustee is not liable personally or on such trustee's bond in favor of the United States for any penalty or forfeiture incurred by the debtor.

(d) A proceeding on a trustee's bond may not be commenced after two years after the date on which such trustee was discharged.

BANKRUPTCY RULE REFERENCES: 1010, 2008, 2009, 2010, 2011, 2012, 2013, 2014, 2015, 2016, 2017 and 5002


## 11 U.S.C. § 323

### § 323.      Role and capacity of trustee.

(a) The trustee in a case under this title is the representative of the estate.

(b) The trustee in a case under this title has capacity to sue and be sued.

BANKRUPTCY RULE REFERENCES: 2008, 2009, 2010, 2011, 2012, 2013, 2015 and 6009


## 11 U.S.C. § 324

### § 324.      Removal of trustee or examiner.

(a) The court, after notice and a hearing, may remove a trustee, other than the United States trustee, or an examiner, for cause.

(2) the party opposing such relief has the burden of proof on all other issues.

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

BANKRUPTCY RULE REFERENCE: 4001

## 11 U.S.C. § 363

### § 363.     Use, sale, or lease of property.

(a) In this section, "cash collateral" means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title.

(b)(1) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

(2) If notification is required under subsection (a) of section 7A of the Clayton Act in the case of a transaction under this subsection, then—

(A) notwithstanding subsection (a) of such section, the notification required by such subsection to be given by the debtor shall be given by the trustee; and

(B) notwithstanding subsection (b) of such section, the required waiting period shall end on the 15th day after the date of the receipt, by the Federal Trade Commission and the Assistant Attorney General in charge of the Antitrust Division of the Department of Justice, of the

notification required under such subsection (a), unless such waiting period is extended—

   (i) pursuant to subsection (e)(2) of such section, in the same manner as such subsection (e)(2) applies to a cash tender offer;

   (ii) pursuant to subsection (g)(2) of such section; or

   (iii) by the court after notice and a hearing.

(c)(1) If the business of the debtor is authorized to be operated under section 721, 1108, 1203, 1204, or 1304 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

   (2) The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless—

      (A) each entity that has an interest in such cash collateral consents; or

      (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

   (3) Any hearing under paragraph (2)(B) of this subsection may be a preliminary hearing or may be consolidated with a hearing under subsection (e) of this section, but shall be scheduled in accordance with the needs of the debtor. If the hearing under paragraph (2)(B) of this subsection is a preliminary hearing, the court may authorize such use, sale, or lease only if there is a reasonable likelihood that the trustee will prevail at the final hearing under subsection (e) of this section. The court shall act promptly on any request for authorization under paragraph (2)(B) of this subsection.

   (4) Except as provided in paragraph (2) of this subsection, the trustee shall segregate and account for any cash collateral in the trustee's possession, custody, or control.

(d) The trustee may use, sell, or lease property under subsection (b) or (c) of this section only to the extent not inconsistent with any relief granted under section 362(c), 362(d), 362(e), or 362(f) of this title.

(e) Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. This subsection also applies to property that is subject to any unexpired lease of personal property (to the exclusion of such property being subject to an order to grant relief from the stay under section 362).

(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

(g) Notwithstanding subsection (f) of this section, the trustee may sell property under subsection (b) or (c) of this section free and clear of any vested or contingent right in the nature of dower or curtesy.

(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

## SUBCHAPTER II

### Debtor's Duties and Benefits

#### 11 U.S.C. § 521

**§ 521.    Debtor's duties.**

The debtor shall—

(1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs;

(2) if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—

(A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;

(B) within forty-five days after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such forty-five day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and

(C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title;

### SUBCHAPTER III

### The Estate

### 11 U.S.C. § 541

### § 541.        Property of the estate.

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

(2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—

(A) under the sole, equal, or joint management and control of the debtor; or

(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

(3) Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723 of this title.

(4) Any interest in property preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551 of this title.

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

(A) by bequest, devise, or inheritance;

(B) as a result of a property settlement agreement with debtor's spouse, or of an interlocutory or final divorce decree; or

(C) as beneficiary of a life insurance policy or of a death benefit plan.

(6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

(7) Any interest in property that the estate acquires after the commencement of the case.

(b) Property of the estate does not include—

(1) any power that the debtor may exercise solely for the benefit of an entity other than the debtor;

(2) any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease before the commencement of the case under this title, and ceases to include any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease during the case;

(3) any eligibility of the debtor to participate in programs authorized under the Higher Education Act of 1965 (20 U.S.C. 1001 et seq.; 42 U.S.C. 2751 et seq.), or any accreditation status or State licensure of the debtor as an educational institution;

(4) any interest of the debtor in liquid or gaseous hydrocarbons to the extent that —

(A)(i) the debtor has transferred or has agreed to transfer such interest pursuant to a farmout agreement or any written agreement directly related to a farmout agreement; and

(ii) but for the operation of this paragraph, the estate could include the interest referred to in clause (i) only by virtue of section 365 or 544(a)(3) of this title; or

(B)(i) the debtor has transferred such interest pursuant to a written conveyance of a production payment to an entity that does not participate in the operation of the property from which such production payment is transferred; and

(ii) but for the operation of this paragraph, the estate could include the interest referred to in clause (i) only by virtue of section 542 of this title; or

(5) any interest in cash or cash equivalents that constitute proceeds of a sale by the debtor of a money order that is made—

(A) on or after the date that is 14 days prior to the date on which the petition is filed; and

(B) under an agreement with a money order issuer that prohibits the commingling of such proceeds with property of the debtor (notwithstanding that, contrary to the agreement, the proceeds may have been commingled with property of the debtor),

unless the money order issuer had not taken action, prior to the filing of the petition, to require compliance with the prohibition.

Paragraph (4) shall not be construed to exclude from the estate any consideration the debtor retains, receives, or is entitled to receive for transferring an interest in liquid or gaseous hydrocarbons pursuant to a farmout agreement.

(c)(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law—

(A) that restricts or conditions transfer of such interest by the debtor; or

(B) that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or taking possession by a trustee in a case under this title or a

custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

(d) Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

BANKRUPTCY RULE REFERENCES: 1007, 1009, 6002 and 6006

## 11 U.S.C. § 542

### § 542.      Turnover of property to the estate.

(a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

(b) Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

(c) Except as provided in section 362(a)(7) of this title, an entity that has neither actual notice nor actual knowledge of

custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

(d) Property in which the debtor holds, as of the commence-ment of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

BANKRUPTCY RULE REFERENCES: 1007, 1009, 6002 and 6006

## 11 U.S.C. § 542

**§ 542.      Turnover of property to the estate.**

(a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

(b) Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

(c) Except as provided in section 362(a)(7) of this title, an entity that has neither actual notice nor actual knowledge of

the commencement of the case concerning the debtor may transfer property of the estate, or pay a debt owing to the debtor, in good faith and other than in the manner specified in subsection (d) of this section, to an entity other than the trustee, with the same effect as to the entity making such transfer or payment as if the case under this title concerning the debtor had not been commenced.

(d) A life insurance company may transfer property of the estate or property of the debtor to such company in good faith, with the same effect with respect to such company as if the case under this title concerning the debtor had not been commenced, if such transfer is to pay a premium or to carry out a nonforfeiture insurance option, and is required to be made automatically, under a life insurance contract with such company that was entered into before the date of the filing of the petition and that is property of the estate.

(e) Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

BANKRUPTCY RULE REFERENCE: 7001

# 11 U.S.C. § 543

§ 543.      Turnover of property by a custodian.

(a) A custodian with knowledge of the commencement of a case under this title concerning the debtor may not make any disbursement from, or take any action in the administration of, property of the debtor, proceeds, product, offspring, rents, or profits of such property, or property of the estate, in the possession, custody, or control of such custodian, except such action as is necessary to preserve such property.

(b) A custodian shall—

(1) deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product,

## 11 U.S.C. § 544

### § 544.    Trustee as lien creditor and as successor to certain creditors and purchasers.

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

(b)(1) Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

(2) Paragraph (1) shall not apply to a transfer of a charitable contribution (as that term is defined in section 548(d)(3)) that is not covered under section 548(a)(1)(B), by reason of section 548(a)(2). Any claim by any person to