court finds the rates to be within the expected range for analysts of these experience levels in the Houston professional community and concludes that Blitz's analysts' hourly rates are reasonable.

As Misrack stated in her affidavit, and as this court observed throughout the discovery and contempt hearings, this case involved complicated financial transactions that required careful analysis. The nature of these transactions made identifying the path of any particular asset an arduous task. As noted in Misrack's affidavit, the attorneys and analysts had to evaluate critical information about these ~~transactions that emerged during depositions and in the hearings. Most of the~~ depositions were conducted shortly before the hearings.

This case involved a large web of transactions, far more than the basis for this court's contempt finding. Blitz has requested reimbursement for all of the work performed by its attorneys and financial analysts. Blitz did not prevail on all the issues on which these individuals worked, but ultimately prevailed only as to the October 2000 and November 2000 AFFC transactions. From the evidence presented during the hearings, this court recognizes that much of the work as to transactions other than the AFFC transactions was necessary to understand the significance of those transactions in the context of the others.

---

Maria Coello          Associate          $175 per hour

Because this court has found all but the fourth provision of the preliminary injunction invalid, Blitz must, to the extent possible, attempt to identify the work that was related to proving a violation of that provision, as opposed to the TRO and the other provisions of the preliminary injunction. To be specific, Blitz should identify what work related to the AFFC transactions and to money that left the IFS system after entry of this court's preliminary injunction on September 1, 2000.

Blitz must submit this information to this court by August 1, 2002, or explain why it cannot do so.

## VII.  Conclusions of Law

Based on the evidence and arguments presented at the hearings, the parties' submissions, and the applicable law, this court enters the following conclusions of law:

1.     The provisions of the temporary restraining order and the first three provisions of the preliminary injunction cannot form a basis for a finding of contempt.

2.     Defendants did not waive the right to assert objections based on Rule 65(d).

3.     The fourth paragraph of the preliminary injunction is valid as a basis for finding defendants in contempt.

4.      Defendants violated the fourth paragraph of the preliminary injunction by transferring or removing the proceeds of the October 2000 AFFC redemption, in the amount of $1.2 million, and the November 2000 AFFC redemption, in the amount of $3.5 million, from the IFS system.

## VIII. Order

Defendants are ORDERED to deposit the amount of $4.7 million in cash to the registry of this court by **August 13, 2002**, or to appear at a hearing on that date, at 8:45 a.m., to show cause for their noncompliance and to show a basis for this court to impose a lesser sanction than the relief Blitz seeks, which includes incarcerating Hugo Pimienta.

Blitz must submit a supplemental affidavit with documents to support its claim for payment for legal fees and expenses incurred in connection with proving the violation of the fourth paragraph of the preliminary injunction, no later than **August 1, 2002**.

SIGNED on June 27, 2002.

Lee H. Rosenthal
United States District Judge

United States Courts
Southern District of Texas
ENTERED

JUN 2 8 2002

Michael N. Milby, Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| BLITZ HOLDINGS CORP., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-00-2247 |
| | § | |
| INTERAMERICAS FINANCIAL | § | |
| HOLDINGS CORP, et al., | § | |
| | § | |
| Defendant. | § | |

## FINAL JUDGMENT

On April 2, 2001 and April 3, 2001, Blitz Holdings Corp. ("Blitz") and

IFS Financial Corporation ("IFS") proceeded to arbitration pursuant to the arbitration

clause in the Commercial Loan Agreement effective May 15, 2000. On April 17,

2001, the arbitrator issued an award in favor of Blitz. On June 26, 2001, this court

confirmed the arbitrator's award. In accordance with this court's Memorandum and

Opinion entered on even date, this court enters final judgment as to the issues

addressed and decided in the arbitration, under FED. R. CIV. P. 54(b). This court finds

that the judgment as to these issues is final and that there is no just reason for delay

in entering final judgment as to the debt IFS owes to Blitz under the Commercial

Loan Agreement and the Promissory Note dated October 31, 2000.

TRUE COPY I CERTIFY
ATTEST: 3-24-04
MICHAEL N. MILBY, Clerk of Court
By

141

This judgment does not dispose of Blitz's claims for fraud, fraudulent conveyance, and conspiracy to commit fraud. Nor does this Final Judgment address the contempt proceedings that Blitz and defendants each initiated.

Pursuant to FED. R. CIV. P. 54(b), this court certifies the confirmed arbitration award as a final judgment and ORDERS as follows:

- Blitz shall recover from IFS the principal sum of $64,747,198.48, with interest at the non-default interest rate of fourteen percent from May 15, 2000 through June 29, 2000, and interest at the default interest rate of eighteen percent from June 30, 2000 through the date of this Final Judgment;

- Blitz shall recover postjudgment interest from IFS on the foregoing amounts at the rate provided by 28 U.S.C. § 1961, until paid;

- Blitz shall recover from IFS its costs related to its efforts in collecting the amounts due and prosecuting the arbitration, in the amount of $35,000.00;

- Blitz shall recover from IFS the arbitration costs charged by the arbitrator, in the amount of $11,000.00; and

- Blitz shall recover from IFS its reasonable attorney fees incurred in the arbitration, in the amount of $500,000.00.

This court further ORDERS that IFS shall pay these amounts into the registry of the court.

This Final Judgment does not dispose of all the claims in this case.  All previous orders shall remain in effect.

SIGNED on June 27, 2002, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

AUG 1 9 2002

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| BLITZ HOLDINGS CORP. | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL NO. H-00-2247 |
| | § | |
| INTERAMERICAS FINANCIAL HOLDINGS | § | |
| CORP., IFS FINANCIAL CORPORATION, | § | |
| HUGO PIMIENTA, In His Individual and | § | |
| Representative Capacities, and MARIA | § | |
| ANTONIETA SILVA de PIMIENTA, In Her | § | |
| Individual Capacity | § | |
| | § | |
| Defendants | § | |

## ORDER DIRECTING TURNOVER IN AID OF JUDGMENT

CAME ON for consideration the Application for Turnover Decree in Aid of Judgment (the

"Application") filed herein by BLITZ HOLDINGS CORPORATION, Plaintiff/Judgment Creditor

("Blitz") whereupon, the Court, after review of the papers herein on file, evidence, arguments and

stipulations of counsel, is of the opinion that the relief requested by Blitz is authorized by the Texas

Turnover Statute, Tex. Civ. Prac. & Rem. Code Ann. § 31.002, as well as Rules 66 and 69 of the

Federal Rules of Civil Procedure and as such, the Court is of the opinion that the it should order the

turnover to Blitz of the property and records described in Exhibit "A", which the Court finds to be

owned or subject to the control of IFS FINANCIAL CORPORATION ("IFS"), to partial satisfaction

of the Final Judgment in favor of Blitz (Docket No. 141) and the $4.7 million contempt sanction

ordered by this Court on June 27, 2002 (Docket No. 143) and that IFS and Hugo Pimienta should

be ordered to take certain actions as stated herein.

TRUE COPY I CERTIFY
ATTEST: 3-24-04
MICHAEL N. MILBY, Clerk of Court
By

165

It is therefore ORDERED, ADJUDGED and DECREED that IFS turnover to Blitz c/o Keavin D. McDonald or Jacalyn D. Scott, Wilshire Scott & Dyer, P.C. on or before August 23, 2002 at 5:00 p.m. central standard time, the property and records described in Exhibit "A" attached hereto, together with all documents and indicia of ownership evidencing IFS's ownership, right, title and interest in the property.   Notwithstanding IFS's refusal or claimed inability to comply with the directive to surrender the property and records described in Exhibit "A", the Court further ORDERS that all of IFS's right, title and interest in the property listed on Exhibit "A" attached hereto, both legal and equitable, shall be deemed sold, assigned, transferred, conveyed and vested in and as the lawful property of Blitz without the necessity of IFS or Interamericas Corp. executing any bill of sale, stock power, deed, assignment or other similar conveyancing instruments, such that this Order shall evidence good and indefeasible title in the name of Blitz, its assigns and successors, free of any claim, charge or interest of IFS, Hugo Pimienta and/or Interamericas Corp.  The Court finds that IFS is the owner of the FICEN stock referenced on Exhibit "A".

It is further ORDERED, ADJUDGED and DECREED that based upon the stipulation of the parties announced into the record during the course of the turnover proceeding, such stipulation being incorporated herein by reference, IFS and Hugo Pimineta shall be entitled to an agreed credit resulting from the turnover directed herein in the amount of $3.3 million to be applied against the Final Judgment and the $4.7 million contempt sanction.

It is further ORDERED, ADJUDGED and DECREED that IFS and Hugo Pimienta shall afford Blitz access to all computer records (as well as copies of the same) pertaining to financial transactions and accounting entries regarding IFS, Interamericas Corporation, Hugo Pimienta, Amper Int'l., Ltd.,  INV Capital and INV Services maintained on the computer(s) utilizing the *Portia* software system.  A representative of Blitz and/or its counsel shall be entitled to be present

during the downloading of the information to help insure that IFS and Hugo Pimineta comply fully with the document production directed herein.

It is further ORDERED, ADJUDGED and DECREED that IFS and Hugo Pimienta shall appear before this Court at 4:00 p.m. on August 29, 2002 in order to confirm to the Court that they have complied fully with this Order and/or explain why they have been unable to comply in whole or part. In the event counsel for Blitz is satisfied that IFS and Hugo Pimienta have fully complied with this Order, they shall so notify the Court in writing, in which case the follow-up hearing referenced in this paragraph shall be passed.

SIGNED at Houston, Texas on this the *16th* day of *August*, 2002.

_____
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM:

BLITZ HOLDINGS CORPORATION

By: _____
    KEAVIN D. MCDONALD
    State Bar No. 13551200
    WILSHIRE SCOTT & DYER, P.C.
    1221 McKinney, Suite 3000
    Houston, Texas 77010
    Telephone: 713/651-1221
    Facsimile: 713/651-0020

ATTORNEYS FOR PLAINTIFF/JUDGMENT CREDITOR

IFS FINANCIAL CORPORATION and HUGO PIMIENTA

By: _____ for Tim McCloskey
     TIMOTHY M. MCCLOSKEY
     State Bar. No. 13417650
     MCCLOSKEY & HERBERGER, P.C.
     1001 Fannin, Suite 4646
     Houston, Texas 77002
     Telephone: 713/650-3737
     Facsimile: 713/650-3777

# EXHIBIT "A"

(i)   4,273 shares of limited liability company interests in Latin America Money Services, LLC (i.e. LAMS);

(ii)   7,362 shares stock in FICEN which appears on the financial records of IFS as an asset of IFS from and after April 30, 2000, which currently appear in FICEN's Shareholders' Book as in the name of Interamericas Corp., which are further described as follows:

| Series B | Series B-4 | Series B-5 | Series B-6 |
|----------|-----------|-----------|-----------|
| 4,729 | 1,175 | 460 | 998 |

(iii)   the original promissory note in the original principal sum of $13 million dated March 15, 2000 executed by SouthSea Corp. payable to IFS, along with any renewals and extensions and all security agreements and guarantees;

(iv)   the original promissory note in the original principal sum of $3 million dated March 15, 2000 executed by Larce, Inc. payable to IFS, along with any renewals and extensions and all security agreements and guarantees;

(v)   all shares of stock in Interstar Investment Corp. held in the name of IFS, or to which IFS has legal or beneficial ownership or interest;

(vi)   all shares of stock in IFS Management Corporation held in the name of IFS, or to which IFS has legal or beneficial ownership or interest;

(vii)   all shares of stock in IFS Insurance Holdings Corporation held in the name of IFS, or to which IFS has legal or beneficial ownership or interest;

(viii)   all cash;

(ix)   all monies and investments in deposit accounts, certificates of deposits, bonds, money market accounts and brokerage accounts in the name of IFS or in which IFS has signatory authority or beneficial interests or rights;

(x)   all life insurance policies for which IFS is a beneficiary;

(xi)   all records relating to the transfer of funds by, from, between and/or to the following entities:

      A.   Amper Int'l., Ltd. a/k/a Amper;

      B.   INV Capital, Ltd. a/k/a INV Capital a/k/a INV; and

      C.   INV Services a/k/a INV;

(xii)   IFS's right, title and interest in all causes of action asserted and/or to be asserted against the former officers of Accubanc and Grant Thornton in connection with the allegations in a suit currently pending in Harris County State District Court; Cause No. 2001-55915, along with all litigation files, pleadings and documents related to the causes of action;

(xiii)   the original promissory note in the original principal sum of $5 million dated June 22, 1999 executed by NORTHSEA CORP. apyable to IFS Insurance Holdings Corporation, along with the original Tri-party Security Agreement Collateral Transfer of Notes and Liens Securing Same executed by NORTHSEA CORP. and Gonzalo Romero Matias, and guarantees.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IFS FINANCIAL CORPORATION   §      CASE NO. 02-39553-H4-7
                             §
     Debtor               §

## ORDER ON TRUSTEE'S **AMENDED** MOTION TO DESIGNATE INDIVIDUALS AND ENTITIES PURSUANT TO FED. R. BANKR. P. 9001(5) AND FOR RELATED ORDERS

Came on for hearing the Trustee's **Amended** Motion to Designate Individuals and Entities Pursuant to Fed. R. Bankr. P. 9001(5) and for Related Orders filed by W. Steve Smith, Trustee ("Trustee") of IFS Financial Corporation ("Debtor"), and the Response thereto by Rodolfo Reiser, Gianluigi Socchi, Georgio Mari, Vernon Overseas Holdings and TecFeeder, Inc. (the "Reiser Response") and the Opposition thereto by Howard Ehrenberg, Chapter 7 Trustee for the estate of Hugo Pimienta (the "Pimienta Trustee"). The Reiser Response was withdrawn. Separate agreements of cooperation and turnover have been reached and/or are being negotiated by Trustee with Rodolfo Garcia, Jorge Corona, Gerald Simpson, Peter Ulrich and the Reiser Respondents  Upon the evidence presented, the Court shall hereinafter designate certain persons/entities to be, pursuant to Bankr. R. P. 9001(5), included within the definition of "debtor" for purposes only of cooperating with Trustee as necessary to enable Trustee to perform his duties and for the surrender to and obtaining by Trustee of all property of **this**[1] bankruptcy estate and of any recorded information, including books, documents, records and papers related to property of **this** estate; it is

ORDERED that the following are designated Debtor in this captioned bankruptcy proceeding, who shall hereinafter be referred to collectively as "Designees":

---

1 The designation does not create a safe haven for the designee protected by the automatic stay of this case, it does not bring into this estate property of any designee except to the extent it is property of this estate or is a document pertaining to property of this estate and it does not collapse the Interamericas Company into this estate.

41


TRUE COPY I CERTIFY
ATTEST: 3-14-04
MICHAEL N. MILBY, Clerk of Court
By

- Hugo Pimienta—Individually and as owner, officer, director, power of attorney holder, interest holder of, Advisory Committee Member for IFS Financial Corporation ("IFS"), Amper International, Ltd., and/or Amper, Ltd. (collectively, "Amper"), Interamericas, Ltd., and/or Interamericas Investments, Ltd. (collectively, "Interamericas"), Interamericas Financial Holdings, Ltd. and/or Interamericas Financial Holdings Corp (collectively, "Interamericas Financial Hodlings"), Interamericas Holdings, Inc., Interamericas Corporation and all direct and indirect subsidiaries thereof (collectively, "Interamericas Corporation"), the direct and indirect subsidiaries of IFS, including Accubanc Mortgage Corporation and American Founders Life Insurance Company (collectively, the "IFS Subs"), INV Capital, Ltd. and/or INV Services, Ltd. ("INV"), Integra Bank and Orbost, Ltd.;

- Enrique Pimienta—Individually and as owner, officer, director, power of attorney holder, interest holder of, Advisory Committee Member for IFS, Amper, Interamericas, Interamericas Financial Holdings, Interamericas Holdings, Inc., Interamericas Corporation, IFS Subs, INV, Integra Bank and Orbost, Ltd.;

- Arturo Pimienta—Individually and as owner, officer, director, power of attorney holder, interest holder of, Advisory Committee Member for IFS, Amper, Interamericas, Interamericas Financial Holdings, Interamericas Holdings, Inc., Interamericas Corporation, IFS Subs, INV, Integra Bank and Orbost, Ltd.;

- Gonzalo Romero Matias—Individually and as owner, officer, director, power of attorney holder, interest holder of, Advisory Committee Member for IFS, Amper, Interamericas, Interamericas Financial Holdings, Interamericas Holdings, Inc., Interamericas Corporation, IFS Subs, INV, Integra Bank and Orbost, Ltd.;

- Luis Mendez—Individually and as owner, officer, director, power of attorney holder, interest holder of, Advisory Committee Member for IFS, Amper, Interamericas, Interamericas Financial Holdings, Interamericas Holdings, Inc., Interamericas Corporation, IFS Subs, INV, Integra Bank and Orbost, Ltd.;

- Estate of Ramon Beteta—Individually and as owner, officer, director, power of attorney holder, interest holder of, Advisory Committee Member for IFS, Amper, Interamericas, Interamericas Financial Holdings, Interamericas Holdings, Inc., Interamericas Corporation, IFS Subs, INV, Integra Bank and Orbost, Ltd.;

- Amper;

- Interamericas;

- Interamericas Financial Holdings;

- Interamericas Holdings, Inc.;

- Interamericas Corporation;

- IFS Subs;

- INV;

- Integra Bank; and

- Orbost, Ltd.; it is further

ORDERED that the Designees preserve and maintain all property and records of, or related to the Debtor and the captioned estate, and immediately turnover to Trustee all such property and records of the captioned estate, and immediately explain to Trustee the loss of, or absence of any such property or records since the commencement of this case; it is further

ORDERED that Designees immediately comply with and perform all duties imposed upon Debtor by the provisions of the Bankruptcy Code; it is further

ORDERED that Designees shall completely and fully cooperate with the requests of Trustee related to this captioned estate.

Signed this 17th day of ____Feb____, 2004.

_William Greenlee_

U.S. BANKRUPTCY JUDGE

\* Nothing in this order with respect to the Chapter 7 estate of Hugo Pimenta is intended to contradict the court's intentions stated on the record in open court this day. A separate form of order dealing specifically with that estate and its trustee shall be submitted at a later date. (WG)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE: §
§
IFS FINANCIAL CORPORATION, § NO. 02-39553-H4-7
§ (Chapter 7)
Debtor §

## AGREED ORDER ON
## TRUSTEE'S MOTION FOR AUTHORITY TO
## COMPROMISE CONTROVERSIES

CAME ON for consideration the Trustee's Motion for Authority to Compromise

Controversies ("Trustee's Motion") filed by W. Steve Smith, Trustee ("Trustee"), and the Court

having considered the motion, and being of the opinion that said motion should be granted, it is

therefore

ORDERED that the Trustee's Motion is granted; it is further

ORDERED that the property, identified on Exhibit "A" hereto and described in Trustee's

Motion to be the LAMS Interests, the FICEN Stock and Other IFS Property, which is subject to

the control of and further order by the Honorable Lee S. Rosenthal, U.S. District Judge, in Civil

Action No. H-00-2247 (the "District Court"), be, and hereby is, determined to be property of the

Bankruptcy Estate, free and clear of all liens, claims or encumbrances, of or by Blitz, and the

District Court is hereby requested to direct turn over thereof to W. Steve Smith, Trustee and to

release Blitz Holdings Corporation ("Blitz") from further obligation to account back for the

LAMS Interests and the FICEN Stock; it is further

ORDERED that the Trustee, with the assistance and cooperation of Blitz, immediately

undertake all steps necessary to recover the greatest value for the LAMS Interests and the FICEN

1

Z:\Cases\IFS Financial\Pleadings\Ttee Motion to Compromise.doc

13

TRUE COPY I CERTIFY
ATTEST: 3—24-04
MICHAEL N. MILBY, Clerk of Court
By
Deputy Clerk


Stock; it is further

ORDERED that, upon Court approval, sale of the LAMS Interests and/or the FICEN Stock, as the respective net proceeds of each are received, Trustee shall, without further Court Order, pay one-half (½) thereof to Blitz; it is further

ORDERED that Blitz provide cooperation and reasonable assistance to Trustee in his efforts to pursue causes of action and liquidation of other property of the estate; it is further

ORDERED that Trustee is hereby authorized to execute all documents that may be required to effectuate consummation of this settlement.

SIGNED this the 27th day of May, 2003.

_____
UNITED STATES BANKRUPTCY JUDGE

APPROVED:

**W. STEVE SMITH, TRUSTEE**

BY:   /s/ W. Steve Smith
      W. STEVE SMITH
      ATTORNEY FOR
      W. STEVE SMITH, TRUSTEE

*The parties are directed to formally propound these requests to the U.S. District Court within ten (10) days from date of entry of this order.
(W6)

**BLITZ HOLDINGS CORPORATION**

BY:   /s/ Keavin D. McDonald
      KEAVIN D. McDONALD
      ATTORNEY FOR
      BLITZ HOLDINGS CORPORATION

2

## EXHIBIT "A"

i.   4,273 [5,243] shares of limited liability company interests in Latin America Money Services, LLC (i.e. LAMS);

ii.  7,362 shares stock in FICEN which appears on the financial records of IFS as an asset of IFS from and after April 30, 2000, which currently appear in FICEN's Shareholders' Book as in the name of Interamericas Corp., which are further described as follows:

| Series B | Series B-4 | Series B-5 | Series B-6 |
|----------|-----------|-----------|-----------|
| 4,729 | 1,175 | 460 | 998 |

iii. the original promissory note in the original principal sum of $13 million dated March 15, 2000 executed by SouthSea Corp. payable to IFS, along with any renewals and extensions and all security agreements and guarantees;

iv.  the original promissory note in the original principal sum of $3 million dates March 15, 2000 executed by Larce, Inc., payable to IFS, along with any renewals and extensions and all security agreements and guarantees;

v.   all shares of stock in Interstar Investment Corp. held in the name of IFS, or to which IFS has legal or beneficial ownership or interest;

vi.  all shares of stock in IFS Management Corporation held in the name of IFS, or to which IFS has legal or beneficial ownership or interest;

vii. all shares of stock in IFS Insurance Holdings Corporation held in the name of IFS, or to which IFS has legal or beneficial ownership or interest;

viii. all cash;

ix.  all monies and investments in deposit accounts, certificates of deposits, bonds, money market accounts and brokerage accounts in the name of IFS or in which IFS has signatory authority or beneficial interests or rights;

x.   all life insurance policies for which IFS is a beneficiary;

xi.  all records relating to the transfer of funds by, from, between and/or to the following entities:

1



    D.  Amper, Int'l., Ltd. a/k/a Amp;
    E.  INV Capital, Ltd. a/k/a INV Capital a/k/a INV; and
    F.  INV Services a/k/a INV;

xii.    IFS's right, title and interest in all causes of action asserted and/or to be asserted against the former officers of Accubanc and Grant Thornton in connection with the allegations in a suit currently pending in Harris County State District Court; Cause No. 2001-55915, along with all litigation files, pleadings and documents related to the causes of action;

xiii.    the original promissory note in the original principal sum of $5 million dated June 22, 1999 executed by NORTHSEA CORP. payable to IFS Insurance Holdings Corporation, along with the original Tri-party Security Agreement Collateral Transfer of Notes and Liens Security Same executed by NORTHSEA CORP. and Gonzalo Romero Matias, and guarantees;

xiv.    NORTHSEA Note dated February 28, 1997 (in Spanish); Pledge Agreement executed by Dr. Giovanni Pirri Ardizzone on behalf of Palatina, S.A. De C.V., dated February 28, 1997;

        1.  Letter Agreement in support of Security Agreement (in Spanish);
        2.  Security Agreement (in Spanish);
        3.  Original Promissory Note (in Spanish);
        4.  Irrevocable Stock Power;
        5.  Original Security Agreement;
        6.  Stock Certificate No. 1-"A";
        7.  Stock Certificate No. 1-"B";
        8.  Appraisal;
        9.  Certificate of Corporate Resolutions;
      10. NORTHSEA Unanimous Written Consent dated 6/18/99; and
      11. IFS Unanimous Written Consent dated 6/18/99.

xv.    Integra Management Services Corporation Stock Certificate No. 1;

xvi.    Integra Insurance Holdings Corporation Stock Certificate No. 2;

xvii.    Integra Insurance Holdings Corporation Stock Certificate No. 3;

xviii.    Interstar Investment Corp. Stock Certificate No. 7;

xix.    Interstar Investment Corp. Stock Certificate No. 9;

xx.    Interstar Investment Corp. Stock Certificate No. 10;

xxi.    Interstar Investment Corp. Stock Certificate No. 12;

xxii.   Corporate seal of Interstar Investment Corp.;

xxiii.  Corporate seal of Integra Insurance Holdings Corp;

xxiv.   Integra Insurance Holdings Corp. Certificate No. 1;

3

Southern District of Texas - Modify the description for an existing claim                    Page 1 of 6

# Southern District of Texas
# Claims Register

## 02-39553 IFS Financial Corporation
### Judge William R. Greendyke
### Debtor Name: IFS FINANCIAL CORPORATION

| Claim No: 1 | *Creditor Name:* De Lage Landen Financial Services<br>925 Harvest Drive 220<br>Blue bell PA 19422 | *Last Date to File Claims:*<br>*Last Date to File (Govt):*<br>*Filing Status:*<br>*Docket Status:*<br>*Late:* N |
|---|---|---|
| *Claim Date:*<br>10/21/2002 | *Amends Claim No:*<br>*Amended By Claim No:* | *Duplicates Claim No:*<br>*Duplicated By Claim No:* |
| **Class** | **Amount Claimed** | **Amount Allowed** |
| Unsecured | $62271.10 | |
| **Total** | **$62271.10** | |
| *Description:* | | |
| *Remarks:* | | |

| Claim No: 2 | *Creditor Name:* GMAC Mortgage Corp<br>1301 McKinney, Suite 5100<br>Houston, TX 77010-3095 | *Last Date to File Claims:*<br>*Last Date to File (Govt):*<br>*Filing Status:*<br>*Docket Status:*<br>*Late:* N |
|---|---|---|
| *Claim Date:*<br>12/11/2002 | *Amends Claim No:*<br>*Amended By Claim No:* | *Duplicates Claim No:*<br>*Duplicated By Claim No:* |
| **Class** | **Amount Claimed** | **Amount Allowed** |
| Secured | $6192288.71 | |
| **Total** | **$6192288.71** | |
| *Description:* | | |
| *Remarks:* | | |

TRUE COPY I CERTIFY
ATTEST: 3-26-04
MICHAEL N. MILBY, Clerk of Court
by _____
Deputy Clerk

| Claim No: 3 | *Creditor Name:* Blitz Holdings Corporation<br>c/o Wilshire Scott & Dyer PC<br>1221 McKinney<br>Ste 3000<br>Houston TX 77010 | *Last Date to File Claims:*<br>*Last Date to File (Govt):*<br>*Filing Status:*<br>*Docket Status:*<br>*Late:* N |
|---|---|---|
| *Claim Date:*<br>04/16/2003 | *Amends Claim No:*<br>*Amended By Claim No:* | *Duplicates Claim No:*<br>*Duplicated By Claim No:* |

| Claim No: 4 | *Creditor Name:* De Lage Landen Financial Services 925 Harvest Drive 220 Blue bell PA 19422 | *Last Date to File Claims:* *Last Date to File (Govt):* *Filing Status:* *Docket Status:* *Late:* N |
|---|---|---|
| *Claim Date* 07/15/2003 | *Amends Claim No.* *Amended By Claim No.* | *Duplicates Claim No:* *Duplicated By Claim No:* |
| **Class** | **Amount Claimed** | **Amount Allowed** |
| Unsecured | $62271.10 | |
| **Total** | **$62271.10** | |
| *Description:* | | |
| *Remarks:* | | |

| Claim No: 5 | *Creditor Name:* TecFeeder I, Ltd. c/o Richard A. Ilmer Brown McCarroll, L.L.P. 2001 Ross Avenue, Suite 2001 Dallas, Texas 75201 | *Last Date to File Claims:* *Last Date to File (Govt):* *Filing Status:* *Docket Status:* *Late* N |
|---|---|---|
| *Claim Date* 09/29/2003 | *Amends Claim No:* *Amended By Claim No:* | *Duplicates Claim No:* *Duplicated By Claim No:* |
| **Class** | **Amount Claimed** | **Amount Allowed** |
| Unsecured | $1060000.00 | |
| **Total** | **$1060000.00** | |
| *Description:* Money Loaned | | |
| *Remarks:* | | |

| Claim No: 6 Exhibit | *Creditor Name* Vernon Overseas Holding, Inc. c/o Richard A. Ilmer Brown McCarroll, L.L.P. 2001 Ross Avenue, Suite 2001 Dallas, Texas 75201 | *Last Date to File Claims:* *Last Date to File (Govt)* *Filing Status:* *Docket Status:* *Late:* N |
|---|---|---|
| *Claim Date* 09/29/2003 | *Amends Claim No:* *Amended By Claim No:* | *Duplicates Claim No:* *Duplicated By Claim No:* |
| **Class** | **Amount Claimed** | **Amount Allowed** |
| Unsecured | $610534.82 | |
| **Total** | **$610534.82** | |
| *Description:* Money Loaned | | |
| *Remarks:* | | |

| Claim No: 7 Exhibit | *Creditor Name:* Gianluigi Socchi, Rodolpho Reiser & Giorgio Mari c/o Richard A. Ilmer Brown McCarroll, L.L.P. 2001 Ross Avenue, Suite 2001 | *Last Date to File Claims:* *Last Date to File (Govt):* *Filing Status:* *Docket Status:* |
|---|---|---|

|  | Dallas, Texas 75201 | Late: N |
|---|---|---|
| Claim Date<br>09/29/2003 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |
| **Class** | **Amount Claimed** | **Amount Allowed** |
| Unsecured | $36312785.37 | |
| **Total** | **$36312785.37** | |
| Description: Money Loaned | | |
| Remarks | | |

| Claim No: 8<br>Attachment 1 | Creditor Name: Blitz Holdings Corp.<br>c/o Michael G. Colvard<br>Martin, Drought & Torres, Inc.<br>300 Convent, 25th Floor<br>San Antonio, TX 78205 | Last Date to File Claims:<br>Last Date to File (Govt):<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| Claim Date:<br>09/29/2003 | Amends Claim No:<br>Amended By Claim No | Duplicates Claim No:<br>Duplicated By Claim No: |
| **Class** | **Amount Claimed** | **Amount Allowed** |
| Unsecured | $74123588.82 | |
| **Total** | **$74123588.82** | |
| Description: | | |
| Remarks | | |

| Claim No: 9<br>Attachment 1 | Creditor Name: GCM CORPORATION, LTD.<br>C/O MICHAEL G. COLVARD, ESQ.<br>MARTIN, DROUGHT & TORRES, INC.<br>300 CONVENT, 25TH FLOOR<br>SAN ANTONIO, TX 78205 | Last Date to File Claims:<br>Last Date to File (Govt)<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| Claim Date:<br>09/29/2003 | Amends Claim No:<br>Amended By Claim No | Duplicates Claim No<br>Duplicated By Claim No: |
| **Class** | **Amount Claimed** | **Amount Allowed** |
| Unsecured | $74123588.82 | |
| **Total** | **$74123588.82** | |
| Description: | | |
| Remarks: | | |

| Claim No: 10 | Creditor Name: GMAC Mortgage Corp<br>1301 McKinney, Suite 5100<br>Houston, TX 77010-3095 | Last Date to File Claims:<br>Last Date to File (Govt)<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| Claim Date:<br>09/29/2003 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |
| **Class** | **Amount Claimed** | **Amount Allowed** |

| Total | | |
|-------|---|---|
| Description: | | |
| Remarks: | | |

| Claim No: 11 | Creditor Name: The Jacuzzi Family<br>1900 Avenue Of The Stars Suite 1800<br>Los Angeles CA 90067 | Last Date to File Claims:<br>Last Date to File (Govt):<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| Claim Date:<br>09/25/2003 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |
| Class | Amount Claimed | Amount Allowed |
| Unsecured | $9068037.36 | |
| Total | $9068037.36 | |
| Description: | | |
| Remarks: | | |

| Claim No: 12 | Creditor Name: Household Financial Services, Inc.<br>909 Fannin<br>Suite 2350<br>Houston, TX 77010 | Last Date to File Claims:<br>Last Date to File (Govt):<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| Claim Date<br>09/29/2003 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |
| Class | Amount Claimed | Amount Allowed |
| Unsecured | $4212022.74 | |
| Total | $4212022.74 | |
| Description: | | |
| Remarks: | | |

| Claim No: 13 | Creditor Name: Household Financial Services, Inc.<br>909 Fannin<br>Suite 2350<br>Houston, TX 77010 | Last Date to File Claims:<br>Last Date to File (Govt):<br>Filing Status:<br>Docket Status:<br>Late: N |
|---|---|---|
| Claim Date<br>09/29/2003 | Amends Claim No:<br>Amended By Claim No: | Duplicates Claim No:<br>Duplicated By Claim No: |
| Class | Amount Claimed | Amount Allowed |
| Secured | $4212022.74 | |
| Total | $4212022.74 | |
| Description: | | |
| Remarks: | | |

| Claim No: 14 | *Creditor Name* GMAC Mortgage Corp<br>1301 McKinney, Suite 5100<br>Houston, TX 77010-3095 | *Last Date to File Claims:*<br>*Last Date to File (Govt):*<br>*Filing Status:* Amendment<br>*Docket Status:*<br>*Late* N |
|---|---|---|
| *Claim Date*<br>10/21/2003 | *Amends Claim No:*<br>*Amended By Claim No:* | *Duplicates Claim No:*<br>*Duplicated By Claim No.* |
| **Class** | **Amount Claimed** | **Amount Allowed** |
| **Total** | | |
| *Description:* | | |
| *Remarks:* | | |

## Claims Register Summary

**Case Name:** IFS Financial Corporation
**Case Number:** 2002-39553
**Chapter:** 7
**Date Filed:** 08/23/2002
**Total Number Of Claims:** 14

| | **Total Amount Claimed** | **Total Amount Allowed** |
|---|---|---|
| **Unsecured** | $264928298.61 | |
| **Secured** | $10404311.45 | |
| **Priority** | | |
| **Unknown** | | |
| **Administrative** | | |
| **Total** | $275332610.06 | |

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/29/2004 10:03:19 | | | |
| **PACER Login:** | sm0390 | **Client Code:** | |
| **Description:** | SearchClaims | **Case Number:** | 02-39553 |
| **Billable Pages:** | 1 | **Cost:** | 0.07 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| IFS FINANCIAL CORPORATION | § | CASE NO. 02-39553-H4-7 |
| Debtor(s) | § | (Chapter 7) |

## ORDER AUTHORIZING EMPLOYMENT OF
## SPECIAL MEXICAN INTERNATIONAL PROCEEDINGS COUNSEL
## [DARIO OSCOS]

The Court has considered the Application of W. Steve Smith, Trustee of the above captioned bankruptcy estate, praying for authority to employ and appoint Dario U. Oscos Coria ("Mr. Oscos") to represent the Trustee as Special Mexican International Proceedings Counsel pursuant to 11 U S C. § 327(e). It appears from the Application that Mr. Oscos represents no interest adverse to the Trustee, the above-named Debtor, or the estate in the matters upon which he is to be engaged, has no connection with the Debtor, creditors, or any parties in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, and represents no interest adverse to the Trustee or the estate in the matters upon which he is to be engaged by the Trustee or to the U.S. Trustee, and that Mr. Oscos' employment is necessary and would be in the best interest of the estate.

The Court hereby recognizes and confirms the legal capacity of the Trustee to execute the power of attorney attached as Exhibit "A" (the "Power of Attorney") and confirms that the execution of the Power of Attorney is within the Trustee's authority and powers pursuant to law. It is therefore

ORDERED that W. Steve Smith, Trustee, is hereby authorized to execute the Power of Attorney in his capacity as representative of the estate pursuant to 11 U.S.C. § 323 (a copy of which is attached as Exhibit "B") and employ Dario U. Oscos Coria, effective February 1, 2004,

as Special Mexican International Proceedings Counsel to assist and advise the Trustee regarding all aspects of recognition of the Trustee in Mexico as a "foreign representative", in all actions which may be brought by the Trustee in Mexico as a "foreign representative" under Mexican law, and, if necessary, under the former Mexican statute and in other proceedings in Mexico in which the Trustee is or may be an interested party.  It is further

ORDERED that Mr. Oscos shall be compensated by the estate for performing such services as special counsel for the Trustee, subject to interim application and approval by this Court.  It is further

ORDERED that Mr. Oscos shall not be compensated by the estate for performing duties required to be performed by the Trustee.

SIGNED this 1st day of April , 2004.

U.S. BANKRUPTCY JUDGE

| POWER OF ATTORNEY | PODER |
|---|---|
| In the City of Houston, Harris County, State of Texas, United States of America, this _24th_ day of March, 2004, before me, _Susan Wentworth_ Notary Public duly qualified and authorized to act as such in this City and County, with offices located at 2015 Crocker, Houston, Texas 77002, personally appeared before me Mr. W. Steve Smith, who stated: | En la Ciudad de Houston, Condado de Harris, Estado de Texas, Estados Unidos de América, este día _24_ de marzo de 2004, ante mí _susanwentworth_ Notario Público debidamente autorizado para actuar en y para la citada Ciudad y Condado, con oficinas ubicadas en 2015 Crocker, Houston, Texas, 77002, compareció personalmente el señor W. Steve Smith, quién declaró: |
| That through the instruction and acting in his capacity as Trustee and on behalf and in representation of the bankruptcy estate of IFS Financial Corporation (the "Debtor"), Case No 02-39553-H4-7 (the "Debtor's Estate"), Debtor in the United States Bankruptcy Court for the Southern District of Texas, evidencing his authority with the documents hereinafter referred to, he hereby grants a general power-of-attorney for lawsuits and collections, acts of administration and acts of domain, in favor of attorney Dario Ulises Oscos Coria, Gerardo Octavio Oscos Coria, Roberto Sanciprian Plata, and Ana Ruth Herrera Gomez, in order that they exercise it jointly or severally | Que por medio del presente instrumento y actuando en su capacidad de Síndico y a nombre y en representación de IFS Financial Corporation (el "Deudor"), en estado de quiebra, Caso No. 02-39553-H4-7 (la Masa de la "Quiebra"), Deudor ante la Corte de Quiebras de los Estados Unidos para el Distrito Sur de Texas, División Houston, acreditando sus facultades con los documentos que adelante se mencionan, en este acto otorga un poder general para pleitos y cobranzas, actos de administración y actos de dominio, a favor de los licenciados Dario Ulises Oscos Coria, Gerardo Octavio Oscos Coria, Roberto Sanciprian Plata, Ana Ruth Herrera Gomez, para que lo ejerciten conjunta o separadamente. |
| The attorneys shall have all general powers for lawsuits and collections, administration acts, and acts of domain including the ones needing special cause according to law without limitation, pursuant to the provisions of articles 2554, 2574, 2582, 2587and 2593, of the Federal Civil Code, Civil Code of the Federal District and its correlative provisions of the Civil Codes of the States of the Republic of México. | Los apoderados tendrán toda clase de facultades generales para pleitos y cobranzas, actos de administración y actos de dominio, incluyendo las que requieran cláusula especial conforme a la ley, sin limitación alguna de conformidad con lo establecido en los artículos 2554, 2574, 2582, 2587 y 2593 del Código Civil Federal, Código Civil para el Distrito Federal y sus correlativos de los Códigos Civiles de todos los Estados de la República Mexicana. |
| In an enunciative and not a limiting sense, the attorneys shall have the following powers a) to file and withdraw from any appeal, action, or trial including the "amparo" law suit; b) to settle, c) to submit to arbitration, d) to present and answer | De manera enunciativa, y no limitativa, los mandatarios tendrán las siguientes facultades: a) Promover y desistirse de cualquier recurso, acción o juicio inclusive del juicio de amparo, b) para transigir, c) para comprometer en árbitros , |

1     EXHIBIT  "A"

positions, e) to challenge judges, magistrates or any other officer or jurisdictional body, f) to make and receive payments, g) to make general assigments, h) to present accusation and formulate complaints and withdraw the same, i) to grant pardon, j) to assist in criminal processes with the prosecution attorney office, k) to present the grantor on any matter before civil, criminal, labor or administrative authorities, including federal, local or municipal, l) to participate and enter into any trust, m) to restructure credits and debts, n) to make any act and participate in bidding proceedings, auction sales and in any enforcement or foreclosure proceedings whatsoever and, make bids and, o) to transfer or adquire litigation rights, p) to seek, prosecute and obtain the recognition and enforcement of the decisions of the United States District Court for the Southern District of Texas issued against the Debtor in Cause No. H-00-2247 including those dated: June 28, 2002 and August 19, 2002; and of the United States Bankruptcy Court for the Southern District of Texas, Houston Division in Bankruptcy Case No. 02-39553-H4-7 issued against the Debtor on October 11, 2003, May 27, 2003 and February 7, 2004.

d) para articular y absolver posiciones, e) para recusar jueces, magistrados o cualquier otro funcionario o cuerpo jurisdiccional, f) para hacer y recibir pagos, g) para hacer cesión de bienes, h) para presentar denuncias y formular querellas y desistirse de las mismas, i) para otorgar perdón, j) para coadyuvar en procesos penales con el ministerio público, k) para presentar a la mandante en cualquier asunto o causa ante autoridades civiles, penales, laborales, o administrativas, inclusive federales, locales o municipales, l) para participar y celebrar cualquier fideicomiso, m) para reestructurar créditos y deudas, para realizar cualquier acto y participar en licitaciones, remates y ejecuciones de cualquier naturaleza y realizar pujas, o) transferir o adquirir derechos litigiosos. y p)para solicitar, tramitar y obtener el reconocimiento y ejecución de las sentencias dictadas por la Corte de Estados Unidos para el Distrito Sur de Texas, en contra del Deudor en la Causa No. H-00-2247 incluyendo las fechadas el 28 de junio de 2002 y 19 de agosto de 2002, y de la Corte de Quiebra de los Estados Unidos para el Distrito Sur de Texas, Division Houston, en la Quiebra Causa No. 02-39553-H4-7 en contra del Deudor el 11 de octubre de 2003, 27 de mayo de 2003 y 7 de febrero de 2004.

Likewise, Mr. Dario Ulises Oscos Coria, may delegate totally or partially the aforementioned power in favor of the persons to substitute or delegated to third persons, keeping for himself the general excercise of the mandate and he may grant special powers of attorney pursuant to the aforementioned power and the capacity to cancel the substitutions and powers he may have granted.

Asi mismo, el Sr. Dario Ulises Oscos Coria, podra delegar total o parcialemente el poder antes conferido, a favor de la persona o personas que designe, autorizando a dichas personas a sustituir o delegar el poder sustituido o delegado a terceros, conservando siempre para si el ejercicio general del mandato, y podrá otorgar poderes especiales conforme al mismo, con la facultad para revocar las substituciones y los poderes que otorgue.

I, the Notary Public, hereby certify:

Yo, el Notario Público, certifico:

1.   That I am personally acquainted with the person appearing before me, who in my concept has legal and natural capacity to carry out the acts contained in this instrument

1.   Que conozco personalmente al compareciente, quien en mi concepto tiene capacidad natural y legal para otorgar los actos contenidos en este instrumento.

II   That IFS Financial Corporation is in bankruptcy by final decision, res judicata, dated October 11, 2003, issued by the United States Banckruptcy Court for the Southern District of Texas, Case No. 02-39553-H4-7

III. That such bankruptcy of Debtor creates the Debtor's Estate that is represented and managed by its trustee, Mr. W. Steve Smith,

IV  That, as trustee of the Debtor's Estate, Mr. W. Steve Smith is autorized and empowered to grant the power of attorney in the terms hereunder granted.

V.      That Mr W Steve Smith is in fact the Trustee of the Bankruptcy Estate and that such representation is lawful and current pursuant to the terms of the authentic documents that for such purposes were shown to me and which I reviewed which are the ones described as follows.

1      Decision under Section 7 of the United States Bankruptcy Code, issued by the United States Bankruptcy Court for the Southern District of Texas, Houston Division, against the Debtor on October 11, 2002

2.      Certification dated A̶p̶r̶i̶l̶ 7̶, 2004, evidencing that the Trustee: (W̶6̶)

    (i)  Was appointed Trustee of the Bankruptcy Estate on October 19, 2002;

    (ii)  Posted the bond required by law.

VI    That the person appearing before me, under formal promise to tell the truth stated as to his personal data that:  his name is W Steve Smith; he is a national of the United States of America; he was born in San Antonio, Texas, on July 27, 1945; he is 58 years of age; he is married; he is an attorney-at-law; residing at 2015 Crocker, Houston, Texas 77006; he is not

II.   Que IFS Financial Corporation está en estado de quiebra por sentencia definitiva, cosa juzgada, del 11 de octubre de 2003, emitida por la Corte de Quiebras de los Estados Unidos para el Distrito Sur de Texas, Caso no. 02-39553-H4-7.

III.   Que la mencionada quiebra del Deudor crea la Masa del deudor que es representada y administrada por su Síndico, Sr. W. Steve Smith,

IV.   Que, como Síndico de la Masa del Deudor, el Sr. W. Steve Smith esta autorizado y facultado para otorgar el poder en los términos en que se otorga bajo el presente poder.

V.   Que el señor W Steve Smith efectivamente es el Síndico de la Masa de la Quiebra y que dicha representación es legítima y vigente, según los documentos auténticos que al efecto se me exhiben y que tuve a la vista y que son los que en seguida se describen:

1.   Sentencia conforme a la Sección 7 del Código de Quiebra de los Estados Unidos dictada por la Corte de Quiebras de los Estados Unidos para el Distrito Sur de Texas, Division Houston, en contra del Deudor el 11 de octubre de 2002.

2. Certificación fechada el 6̶ de 0̶4̶ de 2004 que acredita que el Síndico: (W̶6̶)

    (i)  Fue designado Síndico de la Masa de la Quiebra el 19 de octubre de 2002,

    (ii)  Otorgó la fianza que requiere la ley.

VI.   Que el compareciente, bajo protesta de decir verdad, por sus generales declaró: llamarse W Steve Smith, ser de nacionalidad de los Estados Unidos de América, originario de San Antonio, Texas, lugar en donde nació el 27 de julio de 1945, tener 58 años, casado, abogado, con domicilio en 2015 Crocker, Houston, Texas, 77006, no ser causante del impuesto sobre la renta mexicano y quien se

liable for Mexican income tax, and who identified himself to me with driver's license number 18700000, issued by the State of Texas.

identificó ante mí con la licencia de conducir número 18700000, emitida por el Estado de Texas.

VII That the grantor declares under formal promise to tell the truth that the powers with which he appears have not been revoked nor is limited in any fashion whatsoever.

VII.  Que el otorgante declara bajo protesta de decir verdad que las facultades con las cuales comparece no le han sido revocadas ni de manera alguna limitadas.

VIII That I read this document to grantor and explained to him its scope and legal force

VIII. Que leí este instrumento al compareciente y le explique su valor y fuerza legal.

IX That the grantor expressed his conformity with the contents of this instrument and ratified and executed it before me on this date.

IX.  Que el compareciente manifestó su conformidad con el contenido de este instrumento y los ratificó y firmó ante mi en esta fecha.

|  |  |
| --- | --- |
| Article 2554 of the Federal Civil Code | Artículo 2554 del Código Civil Federal |

Art. 2554  In all general powers of attorney for lawsuits and collections, it shall be sufficient to say that they are granted with all the general powers and with the special powers which require a special clause pursuant to law, in order that they may be considered as granted without limitation.

Art. 2554.- En todos los poderes generales para pleitos y cobranzas bastará que se diga que se otorgan con todas las facultades generales y especiales que requieran cláusula especial conforme a la ley, para que se entiendan contenidos sin limitación alguna

In general powers of attorney to administer assets, it shall be sufficient to state that they are granted with that character, in order that the attorney-in-fact have all kinds of administrative powers.

En los poderes generales para administrar bienes, bastará expresar que se dan con ese carácter para que el apoderado tenga toda clase de facultades administrativas

In general powers of attorney, to exercise acts of ownership, it shall be sufficient that they be given with that character in order that the attorney-in-fact have all the powers of an owner, both with respect to the property, as well as to take all kinds of steps to defend it

En los poderes generales, para ejercer actos de dominio, bastará que se den con ese carácter para que el apoderado tenga todas las facultades de dueño, tanto en lo relativo a los bienes, como para hacer toda clase de gestiones, a fin de defenderlos.

In the case mentioned above, when it is desired to limit the powers of the attorneys-in-fact, the limitations shall be set out, or the powers-of-attorney shall be special.

Cuando se quisieran limitar, en el caso antes mencionados, las facultades de los apoderados, se consignarán las limitaciones, o los poderes serán especiales.

4

| | |
|---|---|
| Notaries shall insert this article in the true copies of powers-of-attorney which they execute | Los notarios insertarán este artículo en el testimonio de los poderes que otorguen. |

The Bankruptcy Estate:        Las Masa de la Quiebra:

IFS Financial Corporation        IFS Financial Corporation
Case No. 02-39553-H4-7        Caso No. 02-39553-H4-7

Por/By: _____
W. Steve Smith,
Trustee/Síndico

| | |
|---|---|
| The foregoing instrument, which includes five (5) pages, was executed and ratified before me by Mr W Steve Smith, Trustee, in the name and on behalf of the aforementioned Bankruptcy Estate on the 24 day of March, 2004 and in witness thereof, I set my hand and stamp my Notarial Seal | El anterior instrumento, que consta de cinco (5) páginas, fue firmado y ratificado ante mí por el señor W. Steve Smith, Síndico, a nombre y en representación de la antes mencionada Masa de la Quiebra, este día 24 de marzo de 2004, en fe de lo cual pongo mi firma y estampo mi sello de Notario. |

Notary Public/Notario Publico

SUSAN HAYDEN WENTWORTH
NOTARY PUBLIC
State of Texas
Comm. Exp. 02-18-2007

5

in favor of the United States conditioned on the faithful performance of such official duties.

(b) (1) The United States trustee qualifies wherever such trustee serves as trustee in a case under this title.

(2) The United States trustee shall determine—

(A) the amount of a bond required to be filed under subsection (a) of this section; and

(B) the sufficiency of the surety on such bond.

(c) A trustee is not liable personally or on such trustee's bond in favor of the United States for any penalty or forfeiture incurred by the debtor.

(d) A proceeding on a trustee's bond may not be commenced after two years after the date on which such trustee was discharged.

BANKRUPTCY RULE REFERENCES: 1010, 2008, 2009, 2010, 2011, 2012, 2013, 2014, 2015, 2016, 2017 and 5002


# 11 U.S.C. § 323

### § 323.        Role and capacity of trustee.

(a) The trustee in a case under this title is the representative of the estate.

(b) The trustee in a case under this title has capacity to sue and be sued

BANKRUPTCY RULE REFERENCES: 2008, 2009, 2010, 2011, 2012, 2013, 2015 and 6009


# 11 U.S.C. § 324

### § 324.        Removal of trustee or examiner.

(a) The court, after notice and a hearing, may remove a trustee, other than the United States trustee, or an examiner, for cause.


EXHIBIT "B"