## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IFS FINANCIAL CORPORATION, | § | CASE NO. 02-39553-H1-7 |
| AMPER INTERNATIONAL, LTD., | § | CASE NO. 04-34525-H1-7 |
| AMPER LTD., | § | CASE NO. 04-34526-H1-7 |
| CIRCLE INVESTORS, INC., | § | CASE NO. 04-34514-H4-7 |
| COMSTAR MORTGAGE CORPORATION, | § | CASE NO. 04-34515-H5-7 |
| IFS INSURANCE HOLDINGS CORPORATION, | § | CASE NO. 04-34516-H1-7 |
| INTERAMERICAS CORPORATION, | § | CASE NO. 04-34524-H1-7 |
| INTERAMERICAS FINANCIAL HOLDINGS, LTD. | § | CASE NO. 04-34522-H1-7 |
| INTERAMERICAS FINANCIAL HOLDINGS, CORP., | § | CASE NO. 04-34523-H1-7 |
| INTERAMERICAS HOLDINGS, INC., | § | CASE NO. 04-34521-H1-7 |
| INTERAMERICAS INVESTMENTS, LTD., | § | CASE NO. 04-34520-H1-7 |
| INTERAMERICAS, LTD., | § | CASE NO. 04-34519-H1-7 |
| INTERSTAR INVESTMENT CORPORATION, | § | CASE NO. 04-34517-H1-7 |
| INV CAPITAL, LTD., | § | CASE NO. 04-34527-H1-7 |
| INV SERVICES, LTD., | § | CASE NO. 04-34528-H1-7 |
| MP CORP., | § | CASE NO. 04-34530-H1-7 |
| ORBOST, LTD., | § | CASE NO. 04-34529-H1-7 |

DEBTORS.

### RELEASE AND SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as the "Agreement") is made and entered into effective the date of Bankruptcy Court approval, following notice and hearing by and among W. Steve Smith, as Trustee in the following bankruptcies:

| | | |
|---|---|---|
| In Re: | IFS Financial Corporation | Case No. 02-39553-H1-7 |
| | Circle Investors, Inc. | Case No. 04-34514-H1-7 |
| | Comstar Mortgage Corporation | Case No. 04-34515-H1-7 |
| | IFS Insurance Holdings Corporation | Case No. 04-34516-H1-7 |
| | Interstar Investment Corporation | Case No. 04-34517-H1-7 |
| | Interamericas, Ltd. | Case No. 04-34519-H1-7 |
| | Interamericas Investments, Ltd. | Case No. 04-34520-H1-7 |
| | Interamericas Holdings, Inc. | Case No. 04-34521-H1-7 |
| | Interamericas Financial Holdings, Ltd. | Case No. 04-34522-H1-7 |
| | Interamericas Financial Holdings, Corp. | Case No. 04-34523-H1-7 |
| | Interamericas Corporation | Case No. 04-34524-H1-7 |
| | Amper International, Ltd. | Case No. 04-34525-H1-7 |
| | Amper, Ltd. | Case No. 04-34526-H1-7 |

DAL:616578.1
37642.1

| | |
|---|---|
| INV Capital, Ltd. | Case No. 04-34527-H1-7 |
| INV Services, Ltd. | Case No. 04-34528-H1-7 |
| Orbost, Ltd. | Case No. 04-34529-H1-7 |
| MP Corp. | Case No. 04-34530-H1-7 |

in the United States Bankruptcy Court for the Southern District of Texas – Houston Division (hereinafter referred to in the aggregate as ("Trustee") and Messrs. Rodolfo Reiser ("Reiser"), Gianluigi Socchi ("Socchi"), Giorgio Mari ("Mari"), Vernon Overseas Holdings, Ltd, ("Vernon") and John Bruno Rainier Jacuzzi ("Jacuzzi"). The persons identified in this paragraph may hereinafter be referred to collectively as the "Parties."

WHEREAS, on or about October 10, 2004, Trustee filed the following lawsuits in the United States Bankruptcy Court, Southern District of Texas:

- Case Number 04-03817; *W. Steve Smith v. John Bruno Jacuzzi Rainier;*
- Case Number 04-03828; *W. Steve Smith v. Rodolfo Reiser;*
- Case Number 04-03829; *W. Steve Smith v. Gryphon Holdings II, L.L.P. and Tecfeeder;* and
- Case Number 04-03842; *W. Steve Smith v. Darlgate Overseas, Ltd., American Tuition, Inc., Rodolfo Reiser and Tecfeeder 1, Ltd.*

(hereinafter referred to in the aggregate as the "Subject Lawsuits").

WHEREAS, on or about October 10, 2004, Trustee also filed the following lawsuits in the United States Bankruptcy Court, Southern District of Texas, on behalf of the estates which follow each lawsuit:

- Case Number 04-03785; *W. Steve Smith v. Alberto Bustamante Boyer* (IFS Financial Corporation ("IFS") and Amper, Ltd. and Amper International, Ltd. (collectively "Amper")).
- Case Number 04-03795; *W. Steve Smith v. Mission Latina, Ltd.* (IFS and Amper)
- Case Number 04-03806; *W. Steve Smith v. Latin American Access* (IFS and Amper)
- Case Number 04-03807; *W. Steve Smith v. Jalapeno Foods and Jalappeno d/b/a Chili-Mex, Inc.* (IFS, Amper and Interamericas Corp.)
- Case Number 04-03808; *W. Steve Smith v. Guillermo Hernandez*

2

DAL:616578.1
57642.1

(IFS and Amper)

- Case Number 04-03809; *W. Steve Smith v. HONAC 77* (IFS, Amper and Interamericas Investments, Ltd.)
- Case Number 04-03815; *W. Steve Smith v. Empacadora Mexico Lindo, S.A. de C.V.* (IFS and Amper)
- Case Number 04-03822; *W. Steve Smith v. Fernando Pimienta* (IFS and Amper)
- Case Number 04-03835; *W. Steve Smith v. Alberto Pimienta* (IFS and Amper)
- Case Number 04-03846; *W. Steve Smith v. Universal Networks, Inc. and Contactos Universales Incorporados* (IFS, Amper and INV Capital, Ltd. and INV Services, Ltd. (collectively "INV"))
- Case Number 04-03848; *W. Steve Smith v. Arturo Pimienta, Individually, Contactos Universales Incorpororados, S.A. de C.V., KPMA Realty, LP f/k/a KPMA Partnership Ltd., Mustang Athletic Corp., Mustang Sports, Mustang Soccer Club, UNI Asset Management, UNI Central Control Corp., UNI Holdings, Inc., UNI Realty, Inc., Universal International Services, S.A. de C.V., Universal Network, Inc., Transportes Carlos Herrera, S.A. de C.V., Aquarium, Inc., Productos Industriales Acuario S.A. de C.V., PCI Industrial Services, Inc., Los Dalmatas, S.A. de C.V. and KPMA Partnership, Ltd.* (IFS, Amper, INV, Interamericas Ltd., Interamericas Investments, Ltd., Interamericas Holdings, Inc., Interamericas Financial Holdings Corp., Interamericas Financial Holdings, Ltd., Interamericas Corporation, Orbost, Ltd., Circle Investors, Inc., Comstar Mortgage Corporation, IFS Insurance Holdings Corporation and Interstar Investment Corporation) and
- Case Number 04-03850; *W. Steve Smith v. KPMA Partnership, Ltd.* (IFS, Amper, INV, Interamericas Ltd., Interamericas Investments, Ltd., Interamericas Holdings, Inc., Interamericas Financial Holdings Corp., Interamericas Financial Holdings, Ltd., Interamericas Corporation, Orbost, Ltd., Circle Investors, Inc., Comstar Mortgage Corporation, IFS Insurance Holdings Corporation and Interstar Investment Corporation).

These cases shall be referred to as the "Amper, et. al. Litigation".

WHEREAS, pursuant to that certain Turnover Order dated November 19, 2003 in case styled, *Gianluigi Socchi, et al. v. Amper International, Ltd., et al.*, Cause Number 03-08-06097 9th Judicial District Court, Montgomery County, Texas (the "Turnover Order"), Reiser, Socchi,

Mari, and Vernon are purportedly the rightful owners of the debts owing to Amper which are addressed as part of the Amper, et. al. Litigation.

WHEREAS, Trustee asserts that Reiser, Soochi, Mari, Jacuzzi, Vernon, TecFeeder 1, Ltd., American Tuition, Inc., Darlgate Overseas, Ltd., and Gryphon Holdings II, L.L.P. (hereinafter referred to in the aggregate as the "Adversary Defendants") owe money to the Estates of IFS and/or INV and/or Amper.

WHEREAS, the Adversary Defendants deny that they owe any money to the Estates of IFS, INV, Amper, or any other estates for which Trustee serves.

WHEREAS, the Parties desire, finally and forever, to settle and compromise all disputes and matters of controversy between them concerning or relating to the claim that the Adversary Defendants owe money to the Estates of IFS, INV, Amper or any other estate for which Trustee serves and relating to claims asserted or assertable by, on behalf of, through or derived from Amper.

NOW, THEREFORE, for and in consideration of the promises and agreements herein contained and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged and confessed, the Parties hereto have agreed to settle their claims and disputes, subject to Bankruptcy Court approval after notice and hearing, according to the following terms:

1. Trustee shall dismiss, with prejudice, the Subject Lawsuits. In addition, Trustee agrees to dismiss with prejudice Case Number 04-03808, *W. Steve Smith v. Guillermo Hernandez*. The Motions and Orders to Dismiss, With Prejudice, will be filed upon approval of this Release and Settlement Agreement by the Bankruptcy Court.

4

DAL:616578.1
37642.1

2. In consideration of Trustee's dismissal with prejudice of the Subject Lawsuits and other adversary proceedings identified in paragraph 1 above, Reiser, Mari, Socchi and Jacuzzi agree to cooperate and reasonably assist Smith in his efforts to collect from defendants in other adversary proceedings filed by Trustee. The assistance, however, shall not require or obligate Reiser, Socchi, Mari, or Jacuzzi to incur legal fees or other expenses on Trustee's behalf.

3. Reiser, Socchi, Mari, and Vernon agree that the claims being asserted by Trustee in Adversary Proceedings Nos. 04-03807, 04-03809, 04-03815, 04-03846, 04-03848 and 04-03850, specifically including those claims asserted or assertable by Amper and in spite of the Turnover Order, belong exclusively to Trustee to pursue to the exclusion of Reiser, Socchi, Mari, and Vernon wherever brought.

4. Trustee agrees that pursuant to the Turnover Order, Reiser, Socchi, Mari, And Vernon are the rightful owners of the causes of action asserted (all on behalf of Amper) in Adversary Proceeding Nos. 04-03806, 04-03785, 04-03822, 04-03835 and that portion of Adversary Proceeding No. 04-03795 that relates to the $12 million debt owed to Amper. Trustee shall dismiss Adversary Proceeding 04-03795 in exchange for four percent (4%) of the net recovery by Reiser, Socchi and Mari from the sale, if any, of the images of the Virgin of Guadalupe which Reiser, Socchi and Mari expect to sell to help satisfy their judgment against Mission Latina, in satisfaction of the non-Amper causes of action asserted by Trustee in that portion of Case Number 04-03795 to recover for IFS the fraudulent transfer complained of therein.

5. The parties shall bear their own costs and attorneys' fees in connection with the litigation herein described.

5

DAL:616578.1
37642.1

6. Except for the obligations and rights expressly set forth and reserved by this Agreement, Adversary Defendants for and in consideration of the execution of this Agreement and other valuable consideration, the adequacy and sufficiency of which is acknowledged and confessed, hereby release, acquit, and forever discharge, and by these presents, do release, acquit, and forever discharge, Trustee, his agents, servants, employees, representatives, and assigns, from any and all claims, demands, actions, and causes of action of any kind whatsoever, known or unknown, whether in contract, tort, equity, or by statute, for any form of damages whatsoever which Adversary Defendants have or may have against Trustee.

7. Except for the obligations and rights expressly set forth and reserved by this Agreement, Trustee for and in consideration of the execution of this Agreement and other valuable consideration, the adequacy and sufficiency of which is acknowledged and confessed, hereby releases, acquits, and forever discharges, and by these presents, does release, acquit, and forever discharge, Adversary Defendants, their agents, servants, employees, representatives, and assigns, from any and all claims, demands, actions, and causes of action of any kind whatsoever, known or unknown, whether in contract, tort, equity, or by statute, for any form of damages whatsoever which Trustee has or may have against Adversary Defendants.

8. The Parties represent and warrant that they have not assigned, transferred or conveyed to another person all or part of any claim, demand, action, or cause of action that is the subject of this Agreement.

9. The Parties hereby agree, represent and warrant to each other that they have read this Agreement and fully understand it to be a compromise and settlement of all claims and issues, known or unknown, past or present, which they have or may have against each other.

6

DAL:616578.1
37642.1

10. Nothing contained herein shall be construed to relate to claims which may arise from the Parties' performance, or failure to perform, the terms of this Agreement.

11. The Parties further warrant that they are of legal age, legally competent and fully authorized to execute this Agreement, and that they execute this Agreement of their own free will and accord without reliance upon any representation of any kind or character not expressly set forth herein.

12. The Parties agree that as part of the consideration for this Agreement, and before executing this Agreement, the Parties hereto have been informed of the terms, contents, conditions, and effects of this Agreement by attorneys of each Parties' own choosing; that in executing this Agreement and negotiating the terms hereof, the Parties have had the benefit of the advice of attorneys of their or its own choosing; and that no promise or representation of any kind has been made to any Party or by any Party hereto, or anyone acting for them, except as is expressly stated in this Agreement. The Parties represent that they have relied completely and solely on their judgment and the advice of their own attorneys in executing this Agreement.

13. The Parties agree that if it be determined by the Court that any Party has failed to perform its obligations herein, then the prevailing Party or Parties shall be entitled to recover reasonable attorneys' fees, court costs, and other reasonable and necessary expenses incurred in the enforcement of the rights and obligations set forth in this Agreement.

14. The Parties understand and agree that this Agreement may be executed in any number of identical counterparts, each of which shall be deemed an original for all purposes.

15. Fax signatures shall be deemed original signatures for purposes of this Agreement.

7

DAL:616578.1
37642.1

16. The Parties agree that this Agreement may not be changed, revised, or otherwise amended by any of the Parties hereto except by writing signed by all of the Parties hereto.

17. The Parties agree that this Settlement Agreement and Release is entered into and performable in Harris County, Texas. The Parties further agree that this Settlement Agreement and Release shall be construed under the laws of the State of Texas, without regard to conflicts of law principles.

18. This Agreement contains the complete Agreement of the Parties hereto with respect to all matters and supersedes any other prior or contemporaneous oral or written agreements or understandings concerning the subject matter herein.

EXECUTED AND EFFECTIVE this _____ day of _____, 2005.

8

APR/05/2005/TUE 11:55 AM    STEVE SMITH              FAX No. 7135331934                P. 011

GIANLUIGI SOCCHI

By: _____

Date: __April 19th, 2005__

City of Zurich         §
County of Zurich       §
Country of Switzerland §

BEFORE ME, the undersigned authority, on this day personally appeared Gianluigi Socchi, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he has read the foregoing instrument, and fully understands it to be a Settlement Agreement of all claims described therein, and that he executed the same for the purposes and consideration expressed therein.

Given under my hand and seal of office this _____ day of _____, 2005.

_____
Notary Public
Consul of the United States of America

## Official Certification

Seen for authentication of the above signature, affixed in our presence by

**Mr. Gianluigi Socchi,** born 3rd November 1944, Swiss citizen of Stabio TI, according to his information residing at Aussichtstrasse 16, 8704 Herrliberg,
who has identified himself by passport.

Küsnacht, this 19th day of April 2005

B No. 661                      NOTARIAT KÜSNACHT
Fee: Fr. 20.--
                                                   M. Grob, Deputy Notary public

                                        9

DAL:616678.1
376621

15. APR. 2005 18:06   ICA AG KUESNACHT +41 1 9136656                    NR. 8033   S. 2
Case 02-39553   Document 373-1   Filed in TXSB on 09/22/05   Page 10 of 15

APR/05/2005/TUE 11:55 AM   STEVE SMITH          FAX No. 7135331834                 P. 012

RODOLFO REISER

By: _____

Date: April 15th, 2005

City of Zurich        §
County of Zurich      §
Country of Switzerland §

    BEFORE ME, the undersigned authority, on this day personally appeared Rodolfo Reiser, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he has read the foregoing instrument, and fully understands it to be a Settlement Agreement of all claims described therein, and that he executed the same for the purposes and consideration expressed therein.

    Given under my hand and seal of office this _____ day of _____, 2005.

_____
Notary Public
Consul of the United States of America

**Official Certification**

Seen for authentication of the foregoing signature, affixed in our presence by

<u>Rodolfo Reiser,</u> born 6th day of June 1946, Swiss citizen of St. Gallen SG, residing (according to his information) at Neuhausstrasse 12, CH-8044 Zurich ZH (Switzerland), who has identified himself by passport.

Zurich, this 15th day of April 2005

B No. 697
Fee: Fr. 20.--



NOTARIAT FLUNTERN-ZÜRICH

Neuenschwander, Deputy Notary public

10

DAL:616578.1
37642.1

GIORGIO MARI

By: _____

Date: 20 April 2005

City of Zurich         §
County of Zurich       §
                       §
Country of Switzerland §

BEFORE ME, the undersigned authority, on this day personally appeared Giorgio Mari, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he has read the foregoing instrument, and fully understands it to be a Settlement Agreement of all claims described therein, and that he executed the same for the purposes and consideration expressed therein.

Given under my hand and seal of office this _____ day of _____, 2005.

Official Certification see reverse side

_____
Notary Public
~~Consul of the United States of America~~

11

DAL:616578.1
376421

## Official Certification

Seen for authentication of the reverse side signature, affixed in our presence by

<u>Mr. Giorgio MARI</u>, born 13.05.1950, Swiss citizen of Greifensee/ZH, according to his information residing at Plattenstrasse 42, 8810 Horgen, identified by identity card.

Zürich, 20th April 2005
BK no. 21089/rc
CHF 20.--

This legalization refers only to the signature and not to the contents or validity of the document.

NOTARIAT ZÜRICH (ALTSTADT)

J. Inglin, Deputy Notary public

_JOHN BRUNO JACUZZI RAINIERI_

UNITED MEXICAN STATES  
STATE OF NUEVO LEON  
CITY OF MONTERREY  
CONSULATE GENERAL OF THE  
UNITED STATES OF AMERICA

Date: APR -7 2005

| UNITED MEXICAN STATES | § |
| STATE OF NUEVO LEON | § |
| CITY OF MONTERREY | § |

BEFORE ME, the undersigned authority, on this day personally appeared John Bruno Jacuzzi Rainieri, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledge to me that he has read the foregoing instrument, and fully understands it to be a Settlement Agreement of all claims described therein, and that he executed the same for the purposes and consideration expressed therein.

Given under my hand and seal of office this _____ day of ___APR -7 2005___, 2005.

_Martha Pacheco_  
Notary Public  
Consul of the United States of America  
MARTHA PACHECO  
CONSUL OF THE  
UNITED STATES OF AMERICA

12

DAL:616578.1  
1237642.1

VERNON OVERSEAS HOLDINGS, LTD.

By: _____
Its: _____president_____
Date: _____8/19/05_____

City of ~~_____~~ New York

County of  Nassau

Country of  USA

BEFORE ME, the undersigned authority, on this day personally appeared David Gal, ~~its~~ _____ known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he has read the foregoing instrument, and fully understands it to be a Settlement Agreement of all claims described therein, and that he executed the same for the purposes and consideration expressed therein.

Given under my hand and seal of office this 19th day of August, 2005.

_____
Notary Public
Consul of the United States of America

SUSAN WEISSBERG
Notary Public, State of New York
No. 01WE5029026
Qualified in Nassau County
Commission Expires June 13, 2016

13

DAL:616578.1
37642.1

W. STEVE SMITH, Trustee of the Estates of
IFS FINANCIAL CORPORATION,
AMPER INTERNATIONAL, LTD.,
AMPER LTD.,
CIRCLE INVESTORS, INC.,
COMSTAR MORTGAGE CORPORATION,
IFS INSURANCE HOLDINGS CORPORATION,
INTERAMERICAS CORPORATION,
INTERAMERICAS FINANCIAL HOLDINGS, LTD.
INTERAMERICAS FINANCIAL HOLDINGS, CORP.,
INTERAMERICAS HOLDINGS, INC.,
INTERAMERICAS INVESTMENTS, LTD.,
INTERAMERICAS, LTD.,
INTERSTAR INVESTMENT CORPORATION,
INV CAPITAL, LTD.,
INV SERVICES, LTD.,
MP CORP., and
ORBOSA, LTD.,

By: _____

Date: 4/1/05

STATE OF TEXAS       §
                     §
COUNTY OF HARRIS     §

BEFORE ME, the undersigned authority, on this day personally appeared W. Steve Smith, Trustee known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he has read the foregoing instrument, and fully understands it to be a Settlement Agreement of all claims described therein, and that he executed the same for the purposes and consideration expressed therein.

Given under my hand and seal of office this 1ST day of April, 2005.

_____
Notary Public

HELEN BARKHAUER
MY COMMISSION EXPIRES
MARCH 18, 2006

14

DAL:616578.1
37642.1