UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| IFS FINANCIAL CORPORATION, | § | CASE NO. 02-39553-H1-7 |
| CIRCLE INVESTORS, | § | CASE NO. 04-34514-H1-7 |
| COMSTAR MORTGAGE CORPORATION | § | CASE NO. 04-34515-H1-7 |
| IFS INSURANCE HOLDINGS CORPORATION, | § | CASE NO. 04-34516-H1-7 |
| INTERSTATE INVESTMENT CORP., | § | CASE NO. 04-34517-H1-7 |
| INTERAMERICAS, LTD., | § | CASE NO. 04-34519-H1-7 |
| INTERAMERICAS INVESTMENTS, LTD. | § | CASE NO. 04-34520-H1-7 |
| INTERAMERICAS HOLDINGS, INC. | § | CASE NO. 04-34521-H1-7 |
| INTERAMERICAS FINAN. HOLDINGS CORP., | § | CASE NO. 04-34522-H1-7 |
| INTERAMERICAS CORPORATION, | § | CASE NO. 04-34524-H1-7 |
| AMPER INTERNATIONAL, LTD., | § | CASE NO. 04-34525-H1-7 |
| AMPER, LTD., | § | CASE NO. 04-34526-H1-7 |
| INV CAPITAL, LTD., | § | CASE NO. 04-34527-H1-7 |
| INV SERVICES, LTD., | § | CASE NO. 04-34528-H1-7 |
| ORBOST, LTD., | § | CASE NO. 04-34529-H1-7 |
| MP CORP., | § | CASE NO. 04-34530-H1-7 |
| | § | |
| DEBTORS | § | JOINTLY ADMINISTERED |
| | § | |
| AND | § | |
| | § | |
| IN RE | § | |
| | § | |
| ENRIQUE PIMIENTA, | § | CASE NO. 05-30565-H5-7 |
| | § | |
| DEBTOR | § | |
| | § | |
| AND | § | |
| | § | |
| IN RE | § | |
| | § | |
| ARTURO PIMIENTA, | § | CASE NO. 04-36227-H1-11 |
| | § | |
| DEBTOR | § | |

**MOTION FOR RECONSIDERATION
AND MOTION FOR EMERGENCY HEARING**

COME NOW ENRIGUE PIMIENTA, ARTURO PIMIENTA, HUGO PIMIENTA, W. STEVE SMITH and HOWARD EHRENBERG, and respectfully move this Honorable Court to

reconsider its Order Denying Motion for Clarification and for Order for Relief for the following reason:

ENRIQUE PIMIENTA was arrested at approximately 7:00 p.m. on June 12, 2008, by Montgomery County authorities, along with an official from Mexico. He has spent the night in the Montgomery County jail, and will be transported to the U.S. Courthouse this morning for a 2:00 p.m. extradition hearing before a United States Magistrate. This arrest and extradition request was prompted by the Jacuzzi Family.

Now, we have the opportunity to have both Hugo Pimienta and his father, Enrique Pimienta incarcerated in a Mexican jail based on the debt owed them (which debt was discharged in Enrique Pimienta's bankruptcy case.

It is now believed that this Court has subject matter jurisdiction over the Motion for Clarification and for Order of Relief based on Enrique Pimienta's imminent extradition. It is imperative to have an emergency hearing before this Court prior to the 2:00 p.m. extradition hearing.

WHEREFORE, premises considered, these movants pray that the Order denying the Motion for Clarification and for Order for Relief be reconsidered, vacated, and an emergency hearing be set for this morning.

    /s/ Margaret M. McClure
MARGARET M. MCCLURE
State Bar No. 00787997
909 Fannin, Suite 3810
Houston, Texas 77010
(713) 659-1333
(713) 658-0334 (fax)
McClureMar@aol.com (e-mail)

ATTORNEY FOR ENRIQUE PIMIENTA,
ARTURO PIMIENTA AND
HUGO PIMIENTA

MCFALL BREITBEIL AND SHULTS, P.C.

By  /s/ W. Steve Smith
W. Steve Smith
State Bar No. 18700000
BLANCHE D. SMITH
State Bar No. 00783991
1331 Lamar Street, Suite 1250
Houston, Texas 77010
(713) 590-9300
(713) 590-9399 (facsimile)

ATTORNEYS FOR W. STEVE SMITH,
TRUSTEE

ROBINSON, DIAMANT & WOLKOWITZ
A Professional Corporation

By  /s/ Irv M. Gross
1888 Century Park East, S-1500
Los Angeles, CA 90067
(310) 277-7400
(310) 277-7584 (facsimile)

ATTORNEYS FOR HOWARD
EHRENBERG, TRUSTEE

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was mailed either electronically or by U.S. mail, or registered mail, if out of the United States, to all parties in interest, this 13th day of June, 2008.

                                       /s/ Margaret M. McClure
                                   MARGARET M. MCCLURE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
APR 3 0 2008
Michael N. Milby, Clerk of Court

| | |
|---|---|
| IN THE MATTER OF § | Mag |
| THE EXTRADITION OF § | ~~Misc.~~ No. H-08-342 M |
| ENRIQUE PIMIENTA HUERTA AND § | |
| KLAUS PETER ULRICH KLINKWORT § | |

## COMPLAINT TO OBTAIN EXTRADITION
## (18 U.S.C. § 3184)

I, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1. In this matter I act for and on behalf of the Government of Mexico (the Requesting State);

2. There is an extradition treaty in force between the United States and Mexico, 31 U.S.T. 5059, TIAS 9656;

3. In accordance with Article 1 of the extradition treaty, the Government of Mexico has asked the United States through diplomatic channels for the extradition of ENRIQUE PIMIENTA HUERTA and KLAUS PETER ULRICH KLINKWORT;

4. According to the information provided by the Requesting State in the form authorized by the extradition treaty, ENRIQUE PIMIENTA HUERTA and KLAUS PETER ULRICH KLINKWORT are charged in Monterrey, Nuevo Leon, with fraud, in violation of Article 385 Section III of the Penal Code of the State of Nuevo Leon. On July 10, 2003, the Third District

Judge in Criminal Matters of the First Judicial District of Monterrey, Nuevo Leon, issued arrest warrants for ENRIQUE PIMIENTA HUERTA and KLAUS PETER ULRICH KLINKWORT in criminal case number 175/03-III.

5. The warrant was issued on the basis of the following: As set forth in diplomatic notes 06416 and 01024, dated September 13, 2005 and February 9, 2007 respectively, beginning in May 2000, ENRIQUE PIMIENTA HUERTA and Hugo Pimienta Blanco approached the Jacuzzi family in Monterrey, Nuevo Leon, Mexico, represented themselves as directors of and executives in a financial group called Interamericas Holdings, Inc. ("Interamericas"), located in Houston, Texas but incorporated in Delaware, and offered to the Jacuzzi family investment opportunities in Interamericas.

Specifically, ENRIQUE PIMIENTA HUERTA and Pimienta Blanco told potential clients, including John Bruno Jacuzzi Rainieri, Margarita Andersen de Jacuzzi, John Bruno Jacuzzi Andersen, Patricia Jan Jacuzzi Andersen and James Jacuzzi Andersen, that Interamericas was experiencing huge growth, with a 14.5 percent monthly return on investments, and that Swiss banks had invested $125 million with Interamericas. John Bruno Jacuzzi Rainieri traveled to the alleged headquarters of Interamericas in Houston, Texas to see the facilities and meet with Interamericas officials. ENRIQUE PIMIENTA HUERTA and Pimienta Blanco presented promotional materials, including financial reports, to the Jacuzzi family that demonstrated Interamericas' strong cash flow and ownership of assets.

Before John Bruno Jacuzzi Rainieri would invest in Interamericas, he insisted on some sort of insurance for his family's investment. ENRIQUE PIMIENTA HUERTA and Pimienta Blanco offered a promissory note and a lien on shares of Interamericas as collateral for the investment. ENRIQUE PIMIENTA HUERTA and Pimienta Blanco also made individual promises to each family member. For instance, they promised to Patricia Jan Jacuzzi Andersen that they would personally manage the accounts of the Jacuzzi family. ENRIQUE PIMIENTA HUERTA and Pimienta Blanco also made a significant promise to John Bruno Jacuzzi Rainieri as representative of the Jacuzzi family: ENRIQUE PIMIENTA HUERTA and Pimienta Blanco offered five certificates of deposit from Interamericas, in the amount of $13,602,056.04, as a collateral guarantee, and provided a letter of guarantee dated June 11, 2000, promising the return of 100 percent on investment.

The Jacuzzi family was happy with these various guarantees. Based on the guarantees, John Bruno Jacuzzi Rainieri instructed PULSAR of Monterrey to send $10,090,761.06 to the Southwest Bank of Texas via the business Transatlantic Gallery LLC, located in Delaware. The money was then deposited into account number 0137456, with reference number 20018-22, at the Integra Bank, which was supposedly the property of the PIMIENTAs. The instructions to deposit the money came from KLAUS PETER ULRICH KLINKWORT, who was Chairman of the Board of Interamericas. As an example of the losses one family member experienced, on May 24, 2000, James Jacuzzi Andersen deposited $700,018.65 into account number 20022, which ENRIQUE PIMIENTA HUERTA and

Pimienta Blanco told him would be transferred to INV Capital, a financial institution in Ireland that belonged to Interamericas. This transaction is typical of those the other family members engaged in: based on the guarantees received from ENRIQUE PIMIENTA HUERTA and Pimienta Blanco, and continuing communications that they had with KLAUS PETER ULRICH KLINKWORT, the Jacuzzi family would place funds into an account and those funds would be transferred to INV Capital. The Jacuzzi family believed that their money was invested in certificates of deposit, which held a monthly interest rate of 14.5 percent, and family members held what they believed to be legitimate titles to some of the accounts.

After making these investments, the Jacuzzi family never received the promissory note, notwithstanding the fact that they had asked repeatedly for it. Each month until May 2001, the Jacuzzi family received portfolio appraisals and a cash ledger sheet from INV Capital, sent by Interamericas, showing their original investments and accrued interest income – these statements were false. They also received regular phone calls from KLAUS PETER ULRICH KLINKWORT, ENRIQUE PIMIENTA HUERTA and Pimienta Blanco, and other company officials assuring them everything was okay. The Jacuzzi family knew that there was a general lien on shares in place, so while somewhat disconcerted that they never received the promissory note, they still believed their investment to be secure.

In May 2001, John Bruno Jacuzzi Rainieri, on behalf of the Jacuzzi family, agreed generally with Interamericas officials to renew the family's investment for another year. In

exchange, however, the Jacuzzis wanted to withdraw $500,000 and $40,000 from their investment. Interamericas' accountant agreed orally to remit $540,000 and sent a letter on May 21, 2001 promising to remit $540,000 as soon as possible to John Bruno Jacuzzi Rainieri. Unfortunately, in subsequent meetings with ENRIQUE PIMIENTA HUERTA and Pimienta Blanco, John Bruno Jacuzzi Rainieri was told that the investment could not be withdrawn because it was frozen in a lawsuit. In June 2001, the monthly statements of account ceased, and after August 2001, Pimienta Blanco told the Jacuzzi family that he would no longer return their calls and referred them to his attorney. No money has ever been recovered.

The Mexican investigation revealed that no Interamericas officials – not KLAUS PETER ULRICH KLINKWORT, ENRIQUE PIMIENTA HUERTA nor Pimienta Blanco – ever registered the lien on the shares provided as a guarantee with the U.S. Securities and Exchange Commission, as they needed to have done in order to offer them as a guarantee. Mexican authorities concluded that the monetary instruments the Jacuzzi family was induced to invest in "were completely fictitious" (Exhibit 13, page 97 of the extradition request). Statements from the victims of the fraudulent scheme – John Bruno Jacuzzi Rainieri, James Jacuzzi Andersen, John Bruno Jacuzzi Andersen, Margarita Andersen, and Patricia Jan Jacuzzi Andersen – are included in the extradition request. Exhibit 16 of the extradition request provides an expert's analysis of the documentary evidence linking KLAUS PETER ULRICH KLINKWORT, ENRIQUE PIMIENTA HUERTA and Pimienta Blanco to the

5

fraudulent activities of which the Jacuzzi family were victims. In diplomatic note 01024, several victims identify photos of KLAUS PETER ULRICH KLINKWORT, ENRIQUE PIMIENTA HUERTA and Pimienta Blanco as the people they met with and who deceived them.

6. Fraud is an extraditable offense under Article 2, Appendix Item 8, of the Extradition Treaty between the United States and Mexico.

7. ENRIQUE PIMIENTA HUERTA is a Mexican United States citizen, born February 22, 1937. He is approximately 5 feet, 8 inches tall and is believed to reside in The Woodlands Apartments, 2230 Riva Row, Spring, Texas 77380. KLAUS PETER ULRICH KLINKWORT is a United States citizen, born January 23, 1939. He is approximately 6 feet, 1 inch tall and is believed to reside at 30 Half Moon Court, The Woodlands, Texas 77381.

THEREFORE, the complainant requests that warrants for the arrest of ENRIQUE PIMIENTA HUERTA and KLAUS PETER ULRICH KLINKWORT be issued in accordance with Title 18, United States Code, § 3184, and the Extradition Treaty between the United States and Mexico; and that, if on such hearing, the court deems the evidence sufficient under the provisions of the treaty to sustain the charges, the court certify the same to the Secretary of State in order that a warrant may be issued for the surrender of ENRIQUE PIMIENTA HUERTA and KLAUS PETER ULRICH KLINKWORT to the appropriate authorities of Mexico

according to the stipulations of the treaty; and for such other actions as the court at the time may be required to take under the provisions of the treaty and the laws of the United States.

Respectfully submitted,

DONALD JAMES DeGABRIELLE, JR.
UNITED STATES ATTORNEY

/s/ Cynthia DeGabrielle
Cynthia DeGabrielle
Assistant United States Attorney

Sworn to before me and subscribed in my presence this 30 day of April, 2008, at Houston, TX

Frances H. Stacy
United States Magistrate Judge

7