# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Case No. 02-39553-H1** |
| **IFS FINANCIAL CORPORATION, et al.,** | § | **(Chapter 7)** |
| Debtors. | § | **Jointly Administered** |

## STATUS REPORT

JOSEPH D. MARTINEC, Elected Chapter 7 Trustee of the bankruptcy estate of IFS Financial Corporation, submits the following report as his Status Report.

Dated: September 15, 2017

Respectfully submitted,

_(signature)_

Joseph D. Martinec, Chapter 7 Trustee
State Bar No. 13137500
611 S. Congress Avenue, Suite 450
Austin, TX 78704-1771
(512) 476-0750/FAX (512) 476-0753
martinec@mwvmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to Bankr. R. 2014, on September 15, 2017, a true and correct copy of the foregoing document was served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system and by United States Mail, First Class, with proper postage affixed, on the following:

Kell C. Mercer
Husch Blackwell, LLP
111 Congress Ave., Ste. 1400
Austin, TX 78701

Ellen Hickman
Office of the U.S. Trustee
515 Rusk Ave., Ste. 3516
Houston, TX 77002

Darío U. Oscós Coria
Oscós Abogados
Joaquín Gallo (antes Paseo del Río) No. 53
Chimalistac, Del. Coyoacan
C.P. 04340 México, D. F.
doscos@oscosabogados.com.mx

Jorge J. Galicia
Galicia Alcala & Asociados, S.C.
Privada de Constituyentes No. 1056-B
Lomas Altas C.P. 11950 Mexico, D.F.
jorgejgalicia@bga-abogados.com

_(signature)_

Joseph D. Martinec

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Case No. 02-39553-H1
Case Name: IFS Financial Corporation
For Period Ending: 8/31/2017

Trustee Name:  Joseph D. Martinec
Date Filed: 8/23/2002
§341 Meeting Date: 11/21/2002

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| **Ref. #** | | | | | | |
| 1 | Shares and/or stock in FICEN; Interstar Investment Corp; IFS Management Corp; IFS Holdings Corp;Integra Mgmt Svcs Corp; Integra Insurance Holdings Corp; Flamina | $2,000,000.00 | | | $2,328,086.03 | FA |
| 2 | VOID | $0.00 | | | $0.00 | FA |
| 3 | Interest in Latin Financial Services | $500,000.00 | | | $896,399.09 | FA |
| 4 | Adv 04-3745 - Ramon Garcia Suarez (u) | Unknown | | | $0.00 | FA |
| 5 | 04-3746 Adv Francisco Solana Pumarino (u) | Unknown | | | $0.00 | $241,021.12 |
| **Asset Notes:** | Default Judgment signed 3/5/09; adv closed 3/6/09 - collection being pursued in Mexican Recognition Proceeding. | | | | | |
| 6 | 04-3747 Adv Jorge Alfredo Perez Aguilar (u) | Unknown | | | $0.00 | FA |
| 7 | 04-3748 Adv Jesus Romo Parada (u) | Unknown | | | $0.00 | FA |
| 8 | 04-3749 Adv Antonio Romo Parada (u) | Unknown | | | $0.00 | FA |
| 9 | 04-3750 Adv Maria Luisa Aldrete de Figueroa (u) | Unknown | | | $0.00 | FA |
| 10 | 04-3751 Adv Salvador Romo Parada (u) | Unknown | | | $0.00 | FA |
| 11 | 04-3752 Adv Gustavo Jimenez Venegas (u) | Unknown | | | $0.00 | FA |
| 12 | 04-3753 Adv Santiago Paredes Ojeda (u) | Unknown | | | $0.00 | FA |
| 13 | 04-3754 Adv Juan Carlos O'Farrill Zubiran (u) | Unknown | | | $0.00 | FA |
| 14 | 04-3755 Adv Luis Roberto Reyna Gonzalez (u) | Unknown | | | $0.00 | $169,549.81 |
| **Asset Notes:** | Default Judgment signed 9/27/06 - collection being pursued in Mexican Recognition Proceeding | | | | | |
| 15 | 04-3756 Adv Juan Pedro Chevallier Manuel (u) | Unknown | | | $61,000.00 | FA |
| 16 | 04-3757 Adv Guillermo de la Pena Stettner (u) | Unknown | | | $19,020.55 | FA* |
| **Asset Notes:** | Judgment obtained - appeals concluded - collections being pursued in Mexican Recognition Proceeding (Executed on money due from Pimienta estate) | | | | | |
| 17 | 04-3758 Adv Massimo Pazzini, et al (u) | Unknown | | | $0.00 | FA |
| 18 | 04-3759 Adv Julian Haddad Perez (u) | Unknown | | | $0.00 | FA |
| 19 | 04-3760 Adv Federico Tamm Welti (u) | Unknown | | | $60,000.00 | FA |
| **Asset Notes:** | Default Judgment signed 12/21/09appeals concluded - collections being pursued in Mexican Recognition Proceeding; Agreed Order on Compromise entered 07/17/14 (doc #1198); judgment will be satisfied on pymt of $60,000 | | | | | |
| 20 | 04-3761 Adv Julian Abed Cesin (u) | Unknown | | | $0.00 | $2,961,857.74 |
| **Asset Notes:** | Default Judgment signed 10/18/06 - appeals concluded - collections being pursued in Mexican Recognition Proceeding | | | | | |
| 21 | 04-3762 Adv Martha Noemi Zapata Perez (u) | Unknown | | | $0.00 | FA |
| 22 | 04-3763 Adv Jose A. Sidaoui | Unknown | $0.00 | | $0.00 | FA |
| 23 | 04-3764 Adv Martha de Leon de Trejo | Unknown | $0.00 | | $0.00 | FA |
| 24 | 04-3765 Adv Rafael Moreno Valle Sanchez | Unknown | $0.00 | | $0.00 | FA |
| 25 | 04-3766 Adv Gerardo Valentin Navarro Montero | Unknown | $310,398.38 | | $310,398.38 | FA |
| **Asset Notes:** | Default Judgment signed 09/27/06 - appeals concluded - collections being pursued in Mexican Recognition Proceeding; Agreed Order on Compromise entered 10/02/14 (doc #1227) - Navarro  to pay $4,250,000 in Mexican Pesos by $1 million monthly installments and a $250,000 fifth & final payment by wire transfer. Order on Motion to Compromise entered 06/17/15 (doc #1276) - Oscar Mejia (atty for Navarro) to pay $7,219.94 which is one-half of outstanding balance owed by Navarro to resolve the matter. Order Releasing Judgment and Dismissing Adversary with Prejudice entered 08/06/15 | | | | | |
| 26 | 04-3767 Adv Margarita Alvarez de Aranguren | Unknown | $0.00 | | $0.00 | FA |
| 27 | 04-3768 Adv Woodberry #2 | Unknown | $0.00 | | $0.00 | FA |
| 28 | 04-3769 Adv Ricardo Aldrete | Unknown | $0.00 | | $0.00 | FA |
| 29 | 04-3770 Adv Juan Huttanus | Unknown | $0.00 | | $0.00 | FA |
| 30 | 04-3771 Adv Ligia Pimienta | Unknown | $0.00 | | $0.00 | FA |
| 31 | 04-3772 Adv Mustang Sports | Unknown | $0.00 | | $0.00 | FA |
| 32 | 04-3773 Adv Rodolfo Gonzalez Navarro | Unknown | $0.00 | | $0.00 | FA |
| 33 | 04-3774 Adv Dolores Gonzales de Garcia | Unknown | $0.00 | | $0.00 | FA |
| 34 | 04-3775 Adv Mario Valverdes Garces | Unknown | $0.00 | | $0.00 | FA |
| **Asset Notes:** | Judgment obtained - appeals concluded - collections being pursued in Mexican Recognition Proceeding (executed on money due from Pimienta estate) | | | | | |
| 35 | 04-3776 Adv Plosko-Portfolio Inc. | Unknown | $0.00 | | $0.00 | FA |
| 36 | 04-3777 Adv Luis Mendez Jimenez, et al | Unknown | $539,270.91 | | $539,270.91 | FA |
| 37 | 04-3778 Adv Gustavo Herrera | Unknown | $0.00 | | $0.00 | FA |

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Case No. 02-39553-H1
Case Name: IFS Financial Corporation
For Period Ending: 8/31/2017

Trustee Name:  Joseph D. Martinec
Date Filed: 8/23/2002
§341 Meeting Date: 11/21/2002

| | 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|---|
| | Asset Description (Scheduled and Unscheduled (u) Property) | | Petition/ Unscheduled Value | | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| **Ref. #** | | | | | | | |
| 38 | 04-3779 Adv Alejandra Villar Aceves | | Unknown | $0.00 | | $0.00 | FA |
| 39 | 04-3780 Adv Eduardo Garcia Lecuona, Intercam, et al | (u) | Unknown | $3,626,855.00 | | $3,626,855.00 | FA |
| **Asset Notes:** | rec'd 1855 re Sanctions | | | | | | |
| 40 | 04-3781 Adv Ana Rosa Ruiz Ruiz | | Unknown | $0.00 | | $0.00 | FA |
| **Asset Notes:** | Default Judgment signed 12/18/09 - appeals concluded - collections being pursued in Mexican Recognition Proceeding | | | | | | |
| 41 | 04-3782 Adv Jorge Larios Dominguez | | Unknown | $0.00 | | $0.00 | FA |
| 42 | 04-3783 Adv Aceitera el Paraiso, S.A. de C.V. | | Unknown | $10,219,601.87 | | $104.70 | $10,219,497.17 |
| **Asset Notes:** | Default Judgment signed 9/27/06 - appeals concluded - collections being pursued in Mexican Recognition Proceeding | | | | | | |
| 43 | 04-3784 Adv Arte Ltd. 01 | | Unknown | $0.00 | | $0.00 | FA |
| 44 | 04-3785 Adv Alberto Bustamonte Boyer | | Unknown | $0.00 | | $0.00 | FA |
| 45 | 04-3786 Adv Ocean Springs Corp. | | Unknown | $0.00 | | $0.00 | FA |
| 46 | 04-3787 Adv Ficen, S.A. de C.V. | | Unknown | $1,250,500.00 | | $0.00 | $1,250,500.00 |
| **Asset Notes:** | Default Judgment signed 3/5/2009 - $1,250,500.00 - collections being pursued in Mexican Recognition Proceeding | | | | | | |
| 47 | 04-3788 Adv Miguel Koenig | | Unknown | $0.00 | | $0.00 | FA |
| 48 | 04-3789 Adv Gonzalo Romero Matias, et al. | | Unknown | $5,000,000.00 | | $5,000,000.00 | FA |
| 49 | 04-3790 Adv Valat International Holdings, Ltd., et al | | Unknown | $0.00 | | $0.00 | FA |
| **Asset Notes:** | Default Judgment signed 12/18/09 - appeals concluded - collections being pursued in Mexican Recognition Proceeding | | | | | | |
| 50 | 04-3791 Adv ICAP Corp. and Francisco Doria | | Unknown | $0.00 | | $0.00 | FA* |
| **Asset Notes:** | Default Judgments signed 10/18/06 $8,322,298.36 - Francisco Doria  (Lopez) and $353,744.10 - ICAP Corp. - collection being pursued in Mexico | | | | | | |
| 52 | 04-3793 Adv Maple de Mexico | | Unknown | $0.00 | | $0.00 | FA |
| 53 | 04-3794 Adv Peter Ulrich | | Unknown | $0.00 | | $0.00 | FA |
| 54 | 04-3795 Adv Mission Latina, Ltd. | | Unknown | $0.00 | | $0.00 | FA |
| 55 | 04-3796 Adv Infogas, S.A. de C.V. | | Unknown | $264,194.44 | | $0.00 | $264,194.44 |
| **Asset Notes:** | Default Judgment signed 3/5/09; adv closed 3/6/09 -appeals concluded - collections being pursued in Mexican Recognition Proceeding | | | | | | |
| 56 | 04-3797 Adv. Servinext, S.A. de C.V. | | Unknown | $0.00 | | $0.00 | FA |
| 57 | 04-3798 Adv Latin World Productions, et al | | Unknown | $0.00 | | $0.00 | FA |
| 58 | 04-3799 Adv Jesus Almada Elias Calles | | Unknown | $0.00 | | $0.00 | FA |
| 59 | 04-3800 Adv Jose Bladinieres Pinedo | | Unknown | $0.00 | | $0.00 | FA |
| 60 | 04-3801 Adv Productos Citricos Internacionales, S.A. de C.V. | | Unknown | $0.00 | | $0.00 | FA |
| 61 | 04-3802 Adv Bernardo Obregon Tamariz, et al | | Unknown | $0.00 | | $0.00 | FA |
| 62 | 04-3803 Adv Luis de la Pena, et al | | Unknown | $24,661.43 | | $24,661.43 | FA* |
| **Asset Notes:** | 3 judgments obtained - all appeals concluded. Collections being pursued through Mexican Recognition Proceeding (executed on mony due from Pimienta estate) | | | | | | |
| 63 | 04-3804 Adv American Founders Financial Corp., et al | | Unknown | $375,000.00 | | $375,000.00 | FA |
| 64 | 04-3805 Adv Rodolfo Garcia, Satelite de Saltillo, S.A. de C.V., Hernan Garcia Villarreal | | Unknown | $100,000.00 | | $100,000.00 | FA* |
| **Asset Notes:** | 3 default judgments obtained 8/25/09 and 12/18/09 - collections being pursued in Mexican Recognition Proceeding. 4th judgment agreed to being pursued in U.S. and through Mexican Recognition Proceeding. Motion to Reinstate/Extend Compromise with Rodolfo Garcia filed 06/27/14 (doc #1192); Garcia to pay $100,000 in full satisfaction of the judgment against him. | | | | | | |
| 65 | 04-3806 Adv Latin American Access Corporation | | Unknown | $0.00 | | $0.00 | FA |
| 66 | 04-3807 Adv Jalapeno Foods | | Unknown | $0.00 | | $0.00 | FA |
| 67 | 04-3808 Adv Guillermo Hernandez | | Unknown | $0.00 | | $0.00 | FA |
| 68 | 04-3809 Adv HONAC 77 | | Unknown | $0.00 | | $0.00 | FA |
| 69 | 04-3810 Adv High Yielding Consulting, S.A. de C.V., et al | | Unknown | $142,726.89 | | $0.00 | $142,726.89 |
| **Asset Notes:** | Default Judgment signed 12/18/09 - appeals concluded - collections being pursued in Mexican Recognition Proceeding | | | | | | |
| 70 | 04-3812 Adv Ermilio Richer Santos, et al | | Unknown | $0.00 | | $0.00 | FA |
| 71 | 04-3813 Adv Intercambio Mexicano de Comercia, S.A., et al | | Unknown | $226,416.40 | | $0.00 | $226,416.40 |

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Case No. 02-39553-H1
Case Name: IFS Financial Corporation
For Period Ending: 8/31/2017

Trustee Name:  Joseph D. Martinec
Date Filed: 8/23/2002
§341 Meeting Date: 11/21/2002

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Ref. # | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

**Asset Notes:**    2 Default Judgments signed 3/5/09; adv closed 3/6/09 - appeals concluded - collections being pursued in Mexican Recognition Proceeding; $90,500 from Intercambio Icano and $135,916.40 from Cafes del Tropico

| 72 | 04-3814 Adv Luis Angel Casas Arellano, et al | | Unknown | $229,535.39 | | $0.00 | $229,535.39 |
|---|---|---|---|---|---|---|---|

**Asset Notes:**    Default Judgment signed 10/18/06 - appeals concluded - collections being pursued in Mexican Recognition Proceeding

| 73 | 04-3815 Adv Empacadora Mexico Lindo, S.A. de C.V. | | Unknown | $0.00 | | $0.00 | FA |
|---|---|---|---|---|---|---|---|
| 74 | 04-3816 Adv George Zelinski | | Unknown | $188,000.00 | | $188,000.00 | FA |
| 75 | 04-3817 Adv John Bruno Jacuzzi Rainieri | | Unknown | $0.00 | | $0.00 | FA |
| 76 | 04-3818 Adv Kemik, Ltd. | | Unknown | $0.00 | | $0.00 | FA |
| 77 | 04-3819 Adv Carlos Herrera | | Unknown | $0.00 | | $0.00 | FA |
| 78 | 04-3820 Adv EEC Holdings | | Unknown | $0.00 | | $0.00 | FA |
| 79 | 04-3821 Adv Jose L. Cardenas | | Unknown | $0.00 | | $0.00 | FA |
| 80 | 04-3822 Adv Fernando Pimienta | | Unknown | $0.00 | | $0.00 | FA |
| 81 | 04-3823 Adv Fernando Garcia, et al | | Unknown | $0.00 | | $0.00 | FA |
| 82 | 04-3824 Adv Weltfond, Ltd. | | Unknown | $0.00 | | $0.00 | FA |
| 83 | 04-3825 Adv Deutsche Bank (Suisse), S.A. | | Unknown | $0.00 | | $0.00 | FA |
| 84 | 04-3826 Adv Bank Maerki Baumann | | Unknown | $0.00 | | $0.00 | FA |
| 85 | 04-3827 Adv Bank Sarasin & Co., Ltd. | | Unknown | $0.00 | | $0.00 | FA |
| 86 | 04-3828 Adv Rudolfo Reiser | | Unknown | $0.00 | | $0.00 | FA |
| 87 | 04-3829 Adv Gryphon Holdings II, L.L.P., et al | | Unknown | $0.00 | | $0.00 | FA |
| 88 | 04-3830 Adv Emilia Spohn (Alfredo Solloa Junco) | (u) | Unknown | | | $205,042.14 | FA |

**Asset Notes:**    Default Judgment signed 3/5/09; adv closed 3/6/09, set aside 8/26/09, attorney fees and awarded. Re-tried 2012 - counsel removed 12/11/12. Motion to Compromise JMH vs. Spohn/Solloa filed 10/24/13 (doc #1175); Judgement in favor of Trustee against Solloa for $220,000. Judgement may be satisfied in full upon payment of $105,000 in compliance with terms: Registry funds of $37,242.14 from Howard Ehrenberg, Trustee to JMH Trustee; on 11/01/13, 12/01/13, 01/01/14, 02/01/14 and 03/01/13 Solloa to pay Trustee $11,242.97 each month and on 04/01/14 Solloa to pay $11,293.01 (for a total of $105,000) with a grace period of 4 days for international wiring transfer delays; Order approving compromise entered 11/21/13 (doc #1177); Order Concerning Estate Records entered 08/22/14 (doc #1219) - records primarily pertaining to this adversary may be destroyed by Trustee to the extent they do not relate to the unsatisfied judgments held by the Estate ; remaining records shall remain at SafeSite

| 89 | 04-3832 Adv Atascosa | (u) | Unknown | | | $0.00 | FA |
|---|---|---|---|---|---|---|---|
| 90 | 04-3833 Adv Gamma Capital Corp. | (u) | Unknown | | | $0.00 | FA |
| 91 | 04-3834 Adv NET UIS | (u) | Unknown | | | $0.00 | FA |
| 92 | 04-3835 Adv Alberto Pimienta | (u) | Unknown | | | $0.00 | FA |
| 93 | 04-3836 Adv Enrique Albin, et al | (u) | Unknown | | | $0.00 | FA |
| 94 | 04-3837 Adv Rafa-Mega | (u) | Unknown | | | $0.00 | FA |
| 95 | 04-3838 Adv John Averett | (u) | Unknown | | | $0.00 | FA |
| 96 | 04-3841 Adv Woodforest National Bank | (u) | Unknown | | | $5,000,000.00 | FA |
| 97 | 04-3842 Adv Darlgate Overseas, Ltd. | (u) | Unknown | | | $0.00 | FA |
| 98 | 04-3843 Adv Ansbacher | (u) | Unknown | | | $0.00 | FA |
| 99 | 04-3844 Adv Apparecchiature Macchine Utenzili, et al | (u) | Unknown | | | $0.00 | FA |
| 100 | 04-3845 Adv Electrovision, Inc., et al | (u) | Unknown | | | $0.00 | FA |
| 101 | 04-3846 Adv Universal Networks, Inc., et al | (u) | Unknown | | | $0.00 | FA |
| 102 | 04-3847 Adv Enrique Pimienta | (u) | Unknown | | | $0.00 | FA |
| 103 | 04-3848 Adv Arturo Pimienta, et al | (u) | Unknown | | | $0.00 | FA |
| 104 | 04-3849 Adv Fredrico Herrera | (u) | Unknown | | | $0.00 | FA |
| 105 | 04-3850 Adv KPMA Partnership, Ltd. | (u) | Unknown | | | $802,630.14 | FA |
| 106 | 04-3858 Adv Alberto Lenz, et al | (u) | Unknown | | | $0.00 | FA |
| 107 | 04-3859 Adv Hugo Pimienta, II | (u) | Unknown | | | $0.00 | FA |
| 108 | 04-3868 Adv Fernando Zarate Montano, et al | (u) | Unknown | | | $0.00 | FA |
| 109 | 07-3151 WSS v KPMA Partnership and Arturo Pimienta | (u) | Unknown | | | $196,077.00 | FA |
| 110 | Misc. Other Receipts | (u) | Unknown | | | $1,896.00 | FA |
| 111 | Estate's interest of receipts of Hugo Pimienta Estate (order) | (u) | Unknown | $258,009.99 | | $258,009.99 | FA |

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Case No. 02-39553-H1

Case Name: IFS Financial Corporation

For Period Ending: 8/31/2017

Trustee Name:  Joseph D. Martinec

Date Filed: 8/23/2002

§341 Meeting Date: 11/21/2002

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| Ref. # | | | | | | |
| 112 | Government and corporate bonds and other negotiable instruments - Promissory Note of North Sea Corp | $5,000,000.00 | $0.00 | | $0.00 | FA |
| Asset Notes: | This asset ties into the Romero Adversary 04-3789 and was lumped into as a part of the global settlement. | | | | | |
| 113 | Government and corporate bonds and other negotiable instruments - Promissory Note of Larce, Inc. | $3,000,000.00 | $0.00 | | $0.00 | FA |
| Asset Notes: | This asset ties into the Romero Adversary 04-3789 and was lumped into as a part of the global settlement. | | | | | |
| 114 | Government and corporate bonds and other negotiable instruments- Promissory Note of Southsea Corp. | $13,000,000.00 | $0.00 | | $0.00 | FA |
| Asset Notes: | This asset ties into the Romero Adversary 04-3789 and was lumped into as a part of the global settlement. | | | | | |
| 115 | Causes of action versus former officers of Accubank and Grant Thorton | Unknown | $0.00 | | $0.00 | FA |
| Asset Notes: | Asset split out from #116 due to the causes of action being non-existent. | | | | | |
| 116 | Causes of Action versus former officers of Universal Network, Inc. | $0.00 | $0.00 | | $0.00 | FA |
| Asset Notes: | This asset ties into the Arturo Pimienta/KPMA (04-3848) settlement; was lumped in as a part of the total settlement. | | | | | |
| 117 | Causes of action versus former officers - Hugo Pimienta. | $0.00 | $0.00 | | $0.00 | FA |
| Asset Notes: | This asset ties into the other HP causes. | | | | | |
| 118 | Trustee's claim against estate of Enrique Pimienta 05-30565 | (u) | $121,778.65 | $122,331.97 | | $122,331.97 | FA |
| 119 | 17-3042 Adv Martinec v. W. Steve Smith, et al. | Unknown | Unknown | | | Unknown |
| INT | Interest Earned | Unknown | | | $27,453.93 | FA |
| | Totals (Excluding unknown value) | $23,621,778.65 | $35,820,082.29 | $0.00 | $20,142,237.26 | $15,705,298.96 |

**Major Activities affecting case closing:**

| | | |
|---|---|---|
| 8/16/2016 | Election of Joseph D. Martinec as Chapter 7 Trustee | |
| 2/8/2017 | Martinec v. W. Steve Smith, et al., Adv. 17-3042, Complaint Filed | |
| 2/23/2017 | Employment of Galicia Alcala & Asociados, Special Counsel (Doc#1339) | |
| 8/10/2017 | Employment of John Mosley, Accountant (Doc#1344) | |
| 9/13/2017 | Martinec v. Smith - Amended Motion For Summary Judgment (Doc#40) Filed by Hartford Casualty Insurance Company | |
| 11/7/2017 | Martinec v. Smith - Mediation Scheduled for 11/7/2017 | |

**Initial Projected Date Of Final Report (TFR):**

11/30/2006

**Current Projected Date Of Final Report (TFR):**

06/30/2018

/s/ JOSEPH D. MARTINEC

JOSEPH D. MARTINEC

* There are discrepancies between the last Form 1 report filed by previous trustee and Mexican Counsel Status Report.  Trustee is in the process of investigating and reconciling discrepancies.

**Birdie White**

**Subject:** FW: IFS Report 13 September 2017
**Attachments:** Report IFS 12 September 2017.docx

**Importance:** High

**De:** Darío U. Oscós [mailto:doscos@oscosabogados.com.mx]
**Enviado el:** miércoles, 13 de septiembre de 2017 12:10 p.m.
**Para:** Joe Martinec (martinec@mwvmlaw.com)
**CC:** 'Dario A. Oscós '; 'Gerardo Oscós Coria'; 'alara@oscosabogados.com.mx'
**Asunto:** IFS Report 13 September 2017

Dear Joe, as per your kind request, enclosed please find the requested report on IFS cases being prosecuted in Mexico.
Should you need additional information, we will be happy to provide.
Please acknowledge receipt.
Very truly yours,

Darío U. Oscós Coria
Oscós Abogados
Joaquín Gallo (antes Paseo del Río) No. 53
Chimalistac, Del. Coyoacan
C.P. 04340 México, D. F.
Tel y Fax: 52 (55) 12530100
Cel:      55 54 34 05 20
doscos@oscosabogados.com.mx
www.oscosabogados.com.mx

This e-mail message and/or enclosures is/are for the sole reading and use of the intended recipient and contain confidential information. Any unauthorized reading, use, disclosure or distribution of this message and/or enclosures is/are prohibited. If you are not the intended recipient of this message please respond to the sender by reply e-mail and destroy this message and all copies of the original message and/or enclosures . We are not liable for any direct, indirect or consequential damages from the reading, use or alteration of these contents by a third party or by the result of any virus. Personal and/or sensitive information, inclusive confidential, received via email is protected as mandated by Ley Federal de Protección de Datos Personales en Posesión de los Particulares and applicable law.

Este mensaje electrónico y/o anexos es/son para la lectura y uso único y exclusivo del destinatario y contiene (n) información confidéncial. Queda estrictamente prohibida cualquier lectura, uso, revelación o distribución de este mensaje y/o anexos no autorizado expresamente. Si usted no es el destinatario, por favor informe inmediatamente al remitente vía email y destruya el mensaje original y/o anexos así como las copias del mismo (s). No tendremos responsabilidad alguna por cualquier daño, directo o indirecto, por la lectura, uso o alteraciones de este mensaje y/o anexos por terceros o por cualquier virus. Toda información personal y/o sensible, inclusive confidencial, recibida por correo electrónico está protegida por la Ley Federal de Protección de Datos Personales en Posesión de los Particulares y la ley aplicable.

| | CASE No. 02-39553-H1-7 | DEBTOR | US DEBT Default Judgment Date | ADDRESS | 4° DISTRICT COURT Federal District 206/2004 | STATUS REPORT DEBTOR 13 September 2017 |
|---|---|---|---|---|---|---|
| 1 Ttee Ref #5 | 04-3746 | **Carlos Francisco Solano Pumarino PUEBLA** | $241,021.12 6 de marzo de 2009 | Calle 19 Poniente Número 3715 en la Ciudad de Puebla, Puebla. | **Personal Service of Process in Puebla 14 July 2008 same address** **Assets:** **3 real estate in Puebla. 2 sold to Puebla Government. 1 free of liens** _____ | Court ordered new letter rogatory for a new demand of payment in a new domicile where there is a company Central Marmolera de Puebla SA de CV of which debtor is legal representative and major stockholder. We will receive it and prosecute it in Puebla. Letter rogatory was enforced requesting payment to debtor at the premises of Central Marmolera de Puebla, where debtor works and is a partner. Payment was not made. We move the court asking that order of attachment be rendered and proceed to enforce it. We are pursuing this court order. Debtor filed Amparo Action challenging court payment request. We draft and filed briefs and documentary evidence seeking dismissal/rejection. (March 12, 2013). Amparo action decision is pending to be entered by the Fifth District Court in Puebla. Each of Debtor and attorney General filed a complaint remedy pending decision by Collegiate Circuit Court. Debtor has challenged the signature he placed when he was served on proceedings. Court order December 16, 2013: Stay from the complaint remedy was lifted. Constitutional hearing was set on December 24, 2013. Constitutional hearing was set to January 15, 2014 and then to February 13, 2014. Pursuance of dismissal of amparo action is being prosecuted before 5th District court in Puebla. Debtor may challenge amparo decision by means of revision remedy to be, in turn, decided by a federal collegiate circuit court. District Court (June 17, 2014) decided debtor´s amparo action. It void the service of process based upon the fact that by handwriting experts, it was proven that debtor´s signature put in the service of process acknowledgment is false. We drafted and filed in Puebla a revision |

\*    There are discrepancies between the last Form 1 report filed by previous trustee and Mexican Counsel Status Report.  Trustee is in the process of investigating and reconciling discrepancies.

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | remedy challenging such decision.<br><br>Revision remedy was assigned to the First Collegiate Circuit Court of Sixth Circuit. We will pursue it in Puebla.<br><br>Memorandum was drafted to be submitted in Puebla to justices seeking reversal.<br><br>Memorandum was submitted and judges met. Colegiate Circuit Court in Puebla entered a judgment voiding the service of process. Accordingly, the default judgment becomes null and void. |
| 2<br><br>Ttee Ref #14 | 04-3755 | Luis Roberto Reyna González<br><br>**D.F.** | $169,549.81<br><br>27 de septiembre de 2006 | Calle de Pedregal Número 37. Colonia Molino del Rey. C.P. 11040. México D.F. | **Personal Service of Process made by Juzgado 36° Civil DF, performed by Ministry of Foreign Affairs (MFA) in this address. We lack original of service.**<br><br>**Assets: no**<br>**Searches made in Public Registries in DF and Puebla** | Court is being conducting a search of a domicilie through official agencies. 4th District court made a new payment demand which was blocked. Debtor is being hidden.<br><br>New court requests to official agencies to provide domicile are being issued and will be filed and prosecuted.<br><br>Official agencies provided a domicile in Monterrey. We requested and obtain a new letter rogatory which has been already filed before a Monterrey court, which in turn will order to notify debtor the request of payment.<br><br>Request of payment was attempted in Monterrey. However, debtor´s domicile given by official entities was not correct. Letter rogattory shall be returned to Recognition court in Mexico City.<br><br>Request of payment was served to debtor in a different domicile. Notice was done with his wife.<br><br>Next Action. We will move Recognition Court to order attachment by letter rogattoty in Monterrey.<br><br>December 6, 2013 we filed motion requesting payment requirement.<br>It was confirmed that requirement was made in Monterrey to debtor.<br>Motion will be filled requesting attachment of debtor´s assets. Debtor lacks assets for attachment.<br><br>Motion was filed. Rogattory letter seeking attachment was obtained and filed in Monterrey. February 27, 2014, rogatory letter was enforced with debtor; however, although attempt to attach was made, there were no assets for attachment.<br><br>It seems to be that the Luis Roberto Reyna |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | Gonzalez with whom the attachment was attempted is a homonymous of the IFS debtor.<br><br>Debtor has not been found nor assets. No recovery envisioned |
| 3<br><br>Ttee<br>Ref<br>#19 | 04-3760 | **Federico Tamm Welti D.F.** | $192,500.00 mas interés del 0.32% anual a partir del 21 de diciembre de 2009<br>21 de diciembre de 2009 | San Lorenzo Número 263, Colonia del Valle, Del. Benito Juárez. México, D.F. C.P. 03100 | **Service of process made by publications January 2009.**<br>**SEARCH**<br>**Assets: no**<br>**Searches made in Public Registries in DF and Naucalpan**<br>_____ | District court ordered search of address in government agencies. Foreign Affairs Ministry provided a domicilie from passport in Guanajuato. Court ordered that demand of payment be made through letter rogattory.<br>A new domicile was provided in the Estate of Gunajuato. Letter rogattory was issued to made the payment request in Guanajuato. Letter rogatory was filed in Guanajuato court an prosecuted.<br> Third District Court in Guanajuat set a date to enforce request payment order and we were able to serve debtor.<br>Debtor appeared before Recognition court and has filed several motions and remedies seeking voidance of recognition of IFS bankruptcy adjudication and notices made to debtor.<br>We have answered motions and remedies which have been dismissed.<br>We filed a motion offering debtor a settlement. Debtor has not answered.<br><br>Next Action: we will pursue enforcement and settlement.<br>Settlement meeting was conducted with debtor´s attorney<br>US counsel for debtor approached US Trustee to seek settlement<br>Debtor is seeking proof of the debt owed to the estate.<br>November 22, 2013: Debtor filed amparo action against dismissal of remedies by Recognition Court<br>November 25, 2013: Court order grants stay to enforce interlocutory judgment of revocation remedy dated October 24, 2013. Revocation remedy filed against court order dated August 9, 2013, which dismissed an appeal remedy. Appeal remedy filed against decision dated July 23, 2013 that dismissed, in turn, coidance of service of process.<br>November 25, 2013 provisional stay was granted to debtor regarding enforcement of $192,500 US payment, plus interest of 0.32% per year.<br>November 25, 2013, Recognition court admits decicion challenged by amparo action and sustains that it is legal and valid.<br>February 11, was set for the constitutional hearing.<br>Pleadings will be filed seeking dismissal of amparo action.<br>Dismissal of amparo action was prosecuted. |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | Sixth District Court entered a judgment dismissing debtor´s amparo action Judgment dated March 14, notified March 21, 2014. Debtor may challenge this decision by means of a constitutional appeal to be decided by a federal collegiate circuit court.<br>Debtor challenged amparo decision by revision remedy. Pending to be assigned to a federal collegiate circuit court.<br>Truste is in process to settle with debtor´s US lawyers.<br>Settlement is in process to be approved by US Court. US Court approved settlement.<br><br>Settlement paid by debtor to the bankruptcy state. Case finished. Debtor´s Mexican lawyer did not provide motion requesting termination Mexican case. |
| **4**<br>**Ttee Ref #20** | 04-3761 | **Julian Abed Cesin**<br><br>**PUEBLA** | $2,961,857.74<br><br>18 de octubre de 2006 | Avenida Juárez Número 3301, Colonia La Paz, Ciudad de Puebla, Puebla. | **Personal Service of Process December 9, 2005 by 4° Juzgado Civil de Puebla. Service made through FMA in same address**<br><br>**Assets:**<br>**1 real estate in Puebla free of liens**<br>_____ | Court ordered to issue new letter rogatory for a new demand of payment in new domicile, which is being pursued.<br><br>New court requests to official agencies to provide domicile are being issued and will be filed and prosecuted.<br><br>New domicile was provided in Polanco, Mexico, D.F. We corroborate that this is the domicile of debtor.<br><br>Court order was obtained and served to debtor requesting payment, however, debtor block the service hiding that this was his domicile.<br><br>We will move the court to render an order to make again the request of payment in this domicile arguing that debtor is being hiding, requesting contempt orders. If failed, we may be forced to bring criminal action for hiding domicile charge.<br><br>We found a new domicile in Puebla where we requested Recognition Court to order payment request through rogatory letter.<br><br>Next Action. pursue issuance of letter rogatory to request payment to debtor.<br><br>November 12, 2013, motion was filed requesting letter rogatory to notify demand of payment.<br><br>Letter rogatory was obtained (November 19, 2013), filed and prosecuted before Puebla district court (December 6, 2013).<br>Notice was attempted on January 2014. Notice was obstructed. Motion was filed same date requesting notice be made again. |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | An attempt to collect will be made by means of a criminal action. We will seek an appointment with Puebla Attorney General.<br><br>It has not been possible to find the debtor<br><br>A search was made in the Public Registry of Property founding that there is an entry of a preventive notice of donation of an office.<br><br>Debtor has not been found. Actions continue to find debtor and debtor assets<br><br>Search of assets has been made in the public registry of property. Domicile search has been made from different sources, including by court requests to official agencies. Attempts to notice debtor have failed. Debtor hides himself and blocks court notices.<br><br>We will try to gather Ficen´s reports to try to locate debtor.  An attempt to find information filed.<br><br>Debtor has not been found nor additional assets. Actions continue to find debtor and debtor assets. A new search in the public registry of ownership  confirms same real estate, which is a small empty office/store in Puebla (less than 30m2 approx).<br><br>No recovery envisioned |
| **5**<br><br>**Ttee Ref #25** | 04-3766 | **Gerardo Valentín Navarro Montero**<br><br>**PUEBLA** | $711,168.92<br><br>27 de septiembre de 2006 | Calle 4 Poniente Número 1921 en la Ciudad de Puebla, Puebla. | **Personal Service of Process  December 14 by 4° Juzgado Civil de Puebla. Service made through FMA in same address**<br><br>Assets:<br>4 real estate in Puebla<br>Search made in Public Registries in Puebla and DF<br>_____ | Debtor filed amparo action arguing lack of service of process<br>Hearing was deferred to February 8, 2011. We draft and file pleadings and evidence seeking dismissal<br><br>**Hearing was conducted. Pending issuance of amparo judgment.**<br>**We have met judges and provided them memos trying to persuade them that the amparo protection shall be rejected.**<br><br>**Amparo judgment was rendered in favor of debtor. We filed appeal (revision remedy) which was entered  by the First Federal Colegiate Circuit Court. This Circuit court dimissed amaparo action.**<br><br>We requested Recognition Court to order attachment  through rogattory letter.<br><br>**Next Action: pursue letter rogattory and enforce attachment.**<br><br>November 12, 2013, motion was filed requesting letter rogatory to notify demand of payment. |

| | | | | | | Letter rogattory was obtained (November 19, 2013), filed and prosecuted before Puebla district court (December 6, 2013).<br><br>Court clerk and Mexican trustee counsel have a meeting on January 20, 2014 to give notice requesting payment. On January 20 enforcement was made and attachment was made on debtor´s real estate. Debtor brought voidance action seeking attachment voidance. Answer was filed, a hearing was conducted, and we filed pleadings seeking dismissal. Decision is pending to be entered.<br><br>We prevailed on the voidance action, revocation remedy by means of decision dated April 8, 2014. Debtor may challenge decision by means of amparo action. We will pursue enforcement. |
| | | | | | | Debtor challenged voidance. Court revoked the voidance of the attachment.<br>We filed a revocation remedy which is pending decision.<br><br>Settlement was reached with debtor on payment installment, which is being executed. Court approved it.<br><br>Debtor requests that the settlement be filed before the Recognition Court. Please provide instructions about it.<br><br>Settlement in process to be performed by debtor. There is a difference on the exchange rate and payment deficiency that will have to be settling with debtor. Please inform if 2015 February instalment was made and the amount of the deficiency We will seek with debtor deficiency payment and report accordingly.<br><br>Debtor will have to request to US Court fulfillment payment relief showing that full US payment was made. Having such a relief, it will be filed before Recognition Court.<br><br>Debtor is reluctant to pay difference due to exchange rate variation. Diference is $14,439.80 USD. Debtor has paid already $303198.38 USD<br><br>Oscar Mejia, Navarro´s lawyer, by e-mail has stated that Navarro is radical in the sense that he paid already as agreed. Mejía states that the Navarro case is causing troubles in his law firm. Mejia offers from his own to pay half of the deficiency and to have the case settled and finish along with the proper court and trustee approvals<br><br>Case settled. Payment was received by |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Trustee. We expect US Court approving settlement and payment. Settlement approved by US Court The liquid debtor agreed whith the foreign trustee done deal. <u>CASE FINISHED</u>. |
| **6** **Ttee Ref #42** | 04-3783 | **Aceitera El Paraíso, S.A. de C.V.** **PUEBLA** | $10,219,601.87 27 de septiembre de 2006 | Avenida Ochenta Poniente número 310 (trescientos diez) de la Ciudad de Puebla, Puebla. | **Personal Service of Process in Puebla July 14, 2008 by 4 District Court DF.** Assets: no **Searches made in Public Registries in DF and Puebla** _____ Services of process to debtors are being conducted in Puebla. Litigations is being prosecuted. Lawsuit is recorded in the Puebla Ownership Public Registry. Civil Court upon defendant´s request, Industrial Alimentaria Radospar, S.A. de C.V., ordered that a bond be place by plaintiff in order to keep such a recordation. Bond of Mex pesos Cy $15,000.00 was provided by US Trustee. This bond was timely submitted. Objection on legal representation of Industrial Alimentaria Radospar, S.A. de C.V. was filed. Defendant answered it. A hearing was conducted. Decision thereto is pending to be entered. Public Registry of Property claim answer is pending to be notice to plaintiff. An evidentiary period is to be started and all evidence shall be submitted. We will provide to US Trustee the fees and cost of the experts to be paid in order for it to be wired transferred to us for payment thereto. | Debtor filed amparo action arguing lack of service of process. We are seeking dismissal through our pleadings and evidence we submitted. Hearing took place January 25th, 2012. Constitutional Court is pending decision. **We have met judges and provided them memos trying to persuade them that the amparo protection shall be rejected.** **Amparo judgment was rendered in favor of debtor. We filed appeal (revision remedy) which was entered by the First Federal Colegiate Circuit Court. This Circuit court dimissed amparo action.** We requested Recognition Court to order attachment through rogattory letter. **Next Action: pursue letter rogattory and enforce attachment.** November 12, 2013, motion was filed requesting letter rogatory to notify demand of payment. Letter rogattory was obtained (November 19, 2013), filed and prosecuted before Puebla district court (December 6, 2013). Subject to confirmation, Court clerk and Mexican trustee counsel have a meeting on January 24, 2014 to give notice requesting payment. Attempt to enforce was made on the premises of debtor with court clerk in Puebla. Attachment was not possible due to the fact the premises are empty. Motion was filed requesting Puebla court to order notice to debtor´s legal representatives. This court ignored the motion. Motion will be filed to the Recognition court to order notice to legal representatives in their private domicile. A new motion seeking search of domicile of legal representative will be filed to attempt to notice debtor through them. An attempt to collect may be made by means of a criminal action. We will seek an appointment with Puebla Attorney General. |

| | | | | | | We are in process of getting information and documents to consider a voidance action for fraudulent transfer. We are considering to open a concurso mercantil within which bring the voidance action or to bring the voidance action outside the concurso mercantil. We will have to assess the costs of these actions. A search was made in the Public Registry of Property confirming that debtor sold the real estate to Industrial Alimentaria Radospar, S.A. de C.V. entry dated January 10, 2008 |
| | | | | | | We are still in process of getting information and documents to consider a voidance action for fraudulent transfer. We are considering to open a concurso mercantil within which bring the voidance action or to bring the voidance action outside the concurso mercantil. We will have to assess the costs and time of these actions. We requested and just obtained a certified copy of the purchase and sale contract. Purchase and sale contract was executed on December 11, 2007. The price was $37,451,341.50 Mex Cy pesos. The ownership title states that vendor received the payment before the execution date of the ownership title. We must determine if there is a legal standing to bring a voidance action. We are inclined to bring a voidance action in Puebla, requesting recordation of the lawsuit. We will check amount of dues to be paid and report accordingly. Affiliation or common ownership between Aceitera and Alimentaria: directors are similar. As to ownership we were told that yes, but we will have to corroborate it. From the information we have, it seems to be that debtor sold the real estate just before debtor was served on the US adversary and that debtor received payment before the service. We will determine if there is legal standing to challenge the sale as voidance action. Analysis of legal standing to bring voidance action was made. Supporting documents were collected. Lawsuit was drafted. Draft was reviewed and adjusted.- Meetings with Mexican trustee and signing of lawsuit. Lawsuit was filed before Puebla court. Before Puebla court, prosecution of lawsuit allowance before court clerk and judge of Puebla court. Collection of court allowance and review thereto. Request to court of clarification. Review and collection of clarification. Prosecution. Collection and filing of court |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | order before Public Registry of Property in Puebla. Review public registry´s refusal of recordation. Request court to clarify court order, prosecute clarification. Upon recordation of lawsuit in the Public Registry of Peoperty, service of process will be made to the several defendants. |
| **7**<br><br>**Ttee Ref #46** | 04-3787 | **Ficen, S.A. de C.V.**<br><br>**D.F.** | $1'250,500.00 mas interés del 0.72% anual a partir del 5 de marzo de 2009<br><br>5 de marzo de 2009 | Calle Rio Tiber Número 66, Piso 2, Colonia Cuauhtémoc, C.P. 06500, Delegación Cuauhtémoc. México, D.F. | **Personal service of process made in DF September 12, 2008 same address**<br><br>Assets: no Search made in public registries of ownership and commerce in DF<br><br>Ficen's representative is **Ramón Mario Sandoval Chávez.**<br><br>_____<br><br>The amount claim under the adversary default judgement is USD$1´250,500.00. Case has been prosecuted for long time. Case has been strongly litigation, costly and time consuming. See previous reports. Debtor, first challenged service of process up to revision remedy in amparo action. Many court attempts to notify debtor on payment request were made. Debtor used to blocked notices. Debtor hide its domicile. New domicile had to be found. New domicile was searched and found. Debtor, as a whole, was attached. A depositary interventor (like a receivership) was appointed to take over control of cashier and assets. In order to have the depositary take over possession we had to place a bond with a real estate collateral. We had to finance the cost to proceed. Debtor has been hiding its domicile and | **Amparo relief was granted to Ficen based upon defective service of process.**<br><br>**We drafted and filed revision remedy and pursued it. Colegiate Circuit Court reversed amparo protection.**<br><br>**We obtained court order to request payment and conduct attachment.**<br><br>**Order to request payment and attachment was enforced against Ficen. We appointed an intervenor.**<br><br>**Ficen challenged attachment by means of an amparo action. Amparo action was rejected.**<br>**Ficen filed revision remedy which in turn was deciding confirming the attachment.**<br><br>**Attachment shall be recorded in the Public Registry (USD$1,200 of dues have to be paid) and we shall place a bond for the interventor.**<br><br>**We will prosecute enforcement.**<br><br>**Recognition Court requested that interventor placed a bond. Court determined the amount of the amount to be guaranty by a bond for $455,432.10 Mex Cy pesos.**<br><br>**Intervenor resigned We requested court to enterer an attachment order which is pending.**<br><br>**We have met another interventor that may be appointed under the attachment and upon placing the requested bond.**<br><br>**Next Action: pursue enforcement**<br><br>**Mex counsel for US Trustee requests US Trustee to provide US$50,000 to place the bond requested by court or payment of whatever fees we are entitled to be able to get the bond to proceed with enforcement or a loan to place the bond in the amount of 50,000 US**<br><br>We learned that financial secured creditors |

9

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | assets. Many court attempts have been made to put depositary in possession. Search of assets and domicile has been conducted through court channels. Board members and attorneys in fact have been requested by court to surrender possession to depositary (cashier, accounts receivable, assets). Court orders have been challenged by debtor up to revision remedy in constitutional action. Warrant of arrest have been issued and executed due to contempt order and obstruction of justice.<br><br>A court execution to put depositary in possession was conducted August 17, 2017. Execution was made with the aid of an police-army and a lock breaking man. We were able to get into Ficen premises. It was stated that it is a lease office; with some furniture and some accounting files which are useless. We requested the Court to enterer and order to confirm that the depositary intervenor be given possession of the accounts receivable which payment is being sought in different courts. Court order is pending to be issued. | have sued Ficen and attached some assets, being collateral of secured loans. We will filed motions before the other courts reporting our default judgment enforcement. We may consider to file an involuntary bankruptcy.<br><br>We in our owned had to provide and paid for the bond to put in place the intervenor and to record before the Public Registry of Commerce the general assets seizure on the depositary intervenor assigned to the Ficen´s treasury. |
| **8**<br><br>**Ttee Ref #55** | 04-3796 | **Infogas, S.A. de CV** | $264,194.44 | | | Gathering information of Ficen´s legal actions against its debtors. Draft motion to district court requesting notice of other courts of the IFS´attachment. Prosecute and obtain court order. File court order in the other state courts to get notice of IFS´attachment. Prosecute state courts orders thereto.<br><br>There have been several requests to the district court to place in possession of the accounting the depositary intervenor appointed by IFS in the attachment. Several court orders have been issued. Several |

attemps have been made enforcing court orders to put in possession the depositary intervertor. Ficen has blocked all. Request of fines have been made to district court and have been granted and enforced. A new court order was granted and enforced. Ficen has ignored them and first it was imposed a fine for contemp. Latter Ficen representatives and members of the board of directors were imposed a warrant of arrest of twelve hours. Fine and warrand of arrest are being enforced. Ficen challenged the fine by amparo, constitutional action. Constitutional action is being attended. A request to the Banking Commission was made through the district court to get banking accounts and the like own by Ficen. Some reports have been made but with balance amounts bellow 100USD.

We defeated Ficen´s Amparo action seeking dismissal on fines. Amparo action was dismissed. Revision remedy was brought challenging dismissal. Remission remedy decided by federal circuit court  confirmed amparo rejection.
A number of court attempts to put intervertor in possession of the accounting and cashier have been requested and conducted. Ficen has obstructed court attempts. Court order to Ficen members of board of directors were issued commanding them to surrender possession under warrant of arrest in case of contempt. Pursue and carry out notice to these members. Pursue and Coordinate with Court clerk court orders execution to put in possession intervertor. Attend execution at Ficen domicile. Ficen ignored court orders. Plaintiff's request  to grant warrant of arrest against members of Ficen board of directors. Request to court to issue court orders commanding both board members and IFS attorneys at law empowered to surrender accounting and cashier possession. Pursue and obtain court order. Execute court order.

Settlement Negotiations.- Hidden attorney of Ficen has approached us to conduct possible settlement negotiations. We have been offered a payment in kind with a real estate. Offer is being reviewed as to its legal and economy viability.

If offer is not good, we may counter offer some proposals seeking recovery on current Ficen assets.

Litigation account receivables have been attached and courts presiding litigations have been noticed on the attachment.

Criminal Action
We have discovered that there are criminal

| | | | | | |
|---|---|---|---|---|---|
| | | | | | actions vs Ficen for fraud based upon Ficen's unlawful disposition of the litigation account receivables. <br><br> We may file, if convenient, a criminal action as well for fraud. <br><br> There are creditors that have been strongly prosecuting legal actions vs Ficen. <br><br> IFS bankruptcy state has priority over creditors. <br><br> FICEN is highly indebted. <br><br> If settlement negotiations failed, it is expected to have long, costly and time consuming litigation. |
| **9\*** <br><br> **Ttee Ref #64** | 04-3805 | **Satélite de Saltillo, S.A. de C.V.** <br><br> **SALTILLO, COAHUILA** | $266,142.66 mas interés del 0.32% anual a partir del 25 de agosto de 2009 <br><br> 25 de agosto de 2009 | Calzada Francisco I. Madero Número 1763, Saltillo, Coahuila. C.P. 25120 | **Service of process made by publications January 2009** <br><br> **Assets: no** <br> **Search in DF and Saltillo** <br><br> ————————— | **Court official searches of domiciles have been exhausted whithout finding.** <br><br> **There are no assets located.** <br><br> **We conducted in Saltillo an additional search as to its domicile and assets.** <br><br> **Search of domicile and assets were conducted in Saltillo, Coahuila. There were no domicile nor assets found.** <br><br> **There is no domicile to make payment request.** <br><br> **Next Action: a final effort to find debtor and debtor´s domicile will be pursued** <br><br> **Still not finding debtor´s domicile nor debtor´s assets** |
| **10\*** <br><br> **Ttee Ref #64** | 04-3805 | **Hernán García Villarreal** <br><br> **D.F. Y/O SALTILLO** | $6'460,481.67 mas interés del 0.32% anual a partir del 25 de agosto de 2009 <br><br> 25 de agosto de 2009 | Calle Guadalquivir Número 53, Colonia Cuauhtémoc. México, D.F. C.P. 06500 | **Service of process made by publications January 2009** <br><br> **Assets: no found** <br> **Domicile no found** <br> **Search in DF and Saltillo** <br><br> ————————— | **Court official search through Ministry of Foreign Affairs and Attorney General Office, found a new domicile where payment order will be made in Naucalpan, Estado de Mexico** <br><br> **We will conduct this week in Saltillo an additional search as to its domicile.** <br><br> **Search of domicile was conducted. No domicile found.** <br><br> **Letter rogatory was obtained to make request of payment in the new domicile.** <br><br> **Letter rogatory was enforced in Naucalpan, Estado de Mexico, however, there was no domicile attributable to debtor** |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | and request of payment may not be made. <br><br>There is no domicile to make payment request. <br><br>Next Action: a final effort to find debtor and debtor´s domicile will be pursued <br><br>Still not finding debtor nor debtor´s domicile and assets <br><br>Motion was filed requesting Recognition Court to seek in the Saltillo Court the probate court of debtor process if any. <br><br>Recognition Court request was submitted before Saltillo Court. Information is being pursued before Saltillo court. It is a request for information regarding any probate process of Hernan Garcia Villarreal. Request was filed before the Superior Court in Saltillo. Answer is pending. Answer is being pursued. <br><br>Superior Court in Saltillo is still pending to provide an answer on the probate proceeding. <br><br>It did not find the debtor's assets or address |
| 11 <br><br>Ttee Ref #69 | 04-3810 | High Yield Consulting, S.A. de C.V. (Comerciando como Consultoría Patrimonial) <br><br><u>PUEBLA</u> | $142,726.89 mas interés del 0.32% anual a partir del 18 de diciembre de 2009 <br><br>18 de diciembre de 2009 | Calle 3 Sur Número 4317, Colonia Huexotitla, Puebla. C.P. 75527 | Service of process made by publications January 2009 <br><br>Assets: no <br>Search in DF and Puebla Puebla Public Registry of commerce: folio mercantil _____ | General Director: Gustavo Jimenez Venegas y/o Juan Carlos O´Farril Zubiran. <br><br>We provided court with three domiciles of debtor and legal representative to conduct payment court request. District court ordered that such request be made by letter rogatory, which is being pursued. <br><br>Court issued new letter rogatory that was enforced in Puebla. <br><br>Letter rogatory was obtained and enforced through the Puebla District Court <br><br>Request of payment was enforced at the premises of debtor in Puebla; however its offices were closed. <br><br>We moved court, which has ordered that the request ordered be enforced in working hours. <br><br>Request of payment was made. However, there was an opposition arguing that there is no the domicile of High Yield Consulting, |

**S.A. de C.V. (as it is stated in the default judgment) but the domicile of High Yield Consulting SC. Court allowed this allegation. We filed a reconsideration remedy seeking reversal, which was entered revoking court order.**

We requested Recognition Court to enter and order to request payment and attachment through rogattory letter.

**Next Action: pursue letter rogattory and enforce payment and attachment order.**

November 12, 2013, motion was filed requesting letter rogatory to notify demand of payment.
Letter rogattory was obtained (November 19, 2013), filed and prosecuted before Puebla district court (December 6, 2013).

Letter rogattory shall be reissued again. We will request it to Recognition court and proceed to its enforcement.

Letter rogattory was obtained. Attempt to enforce it in Puebla was made. Service was obstructed. We may insist on enforcement.

Motion was filed requesting new letter rogattory to Puebla courts seeking to conduct new attempt to attach assets. We requested the aid of the police. Court order is pending by Recognition court. Execution was attempted and failed and will have to be made again.

Execution will have to be made again.
New letter rogattory was requested and obtained. It was filed before Puebla courts. Puebla court allowed it and set March 6, 2015 for execution.

Execution was conducted on March 6 and 9, 2015. Debtor was requested to make payment. Debtor failed to make payment. Assets were attached (computer, print, tv screen and office equipment and furniture).

Debtor just challenged service of process by means of amparo action arguing that debtor was not properly served on the US adversary. We learned of this action on April 22, 2015. We will review this action. We will oppose to this action. This debtor was served by publication on the Daily Gazette of the Federation.

Amparo action is pending decision. Stay was deny. Constitutional hearing was deferred for lack of documentary evidence which court order to be submitted.

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | Puebla district court asserted lack of jurisdiction and case was sent to a Mexico City court, which in turn, asserted lack of jurisdiction affirming that the Puebla court has proper jurisdiction. The jurisdiction issued was sent to a federal circuit court which in turn determine that Puebal court has jurisdiction.<br><br>Amparo<br><br>The Puebla court rendered judgment in the amparo action granting protection to debtor in order that it be served in process again to the US adversary. The service of process made by publicatios was void.<br><br>Review Puebla court amparo judgment. Draft revision remedy. Gathering court information and documents of the proceeding. Review draft. Filing revision remedy before Puebla court. |
| 12<br><br>Ttee Ref #71 | 04-3813 | Intercambio Mexicano de Comercio, S.A. de C.V.<br><br>VERACRUZ | $90,500.00<br><br>5 de marzo de 2009 | Calle Félix Z. Licona 218, Xalapa, C.P. 91110, Xalapa, Veracruz. | Personal service of process made in Veracruz November 27 same address<br><br>Assets: 3 real estate Search liens in process<br><br>_____ | Court demand of payment was made. Court ordered that execution be made by letter rogattory, which is being pursued.<br><br>Letter rogattoty will be enforced in Veracruz.<br><br>Letter rogattory was obtained and enforced through the Veracruz court. On November 23, 2013 court order was enforced requesting debtor to make payment. Debtor challenge payment request by means of amparo action, which is pending decision. Constitutional hearing is set for March 19, 2013. Debtor argues lack of personal service of process. Debtor amended amparo claim and challenged also the acts executed by the Sixth district court.<br><br>Therefore, this amparo claim was referred to a different district court which judge decline the case since she is the wife of the Sixth District Court judge were the amparo was referred first. Decline was sent for decision to a collegiate court, which will confirm it and send to a different district court.<br><br>Case was sent to the Third District Court in Veracruz and entered decision dismissing amparo action.<br><br>Debtor challenged this decision by means of revision remedy which will be decided by a Collegiate Circuit Court |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | We prevailed in the revision remedy by means of which disallowance of amparo action was confirmed.<br><br>Debtor´s lawyer was approached seeking settlement. No answer yet. We will pursue enforcement and seek settlement.<br><br>No answer yet. We will pursue enforcement and seek settlement.<br><br>We contacted debtor´s lawyer by telephone who said that he will talk to debtor to seek a possible settlement. We will pursue the lawyer again and revert to you. This case has been highly contested and finally we prevailed in the legal battle. See previous reports. We will get a new letter rogattory to enforce final judgment.<br><br>New letter rogattory is still pending by court No progress. No expect of recovery |
| 13<br>Ttee Ref #71 | 04-3813 | **Cafés del Trópico, S.A. de C.V.**<br><br>**VERA CRUZ** | $135,916.40 mas interés del 0.72% anual a partir del 5 de marzo de 2009<br><br>5 de marzo de 2009 | Av. Lázaro Cardenas Número 834, Municipio Jalapa de Enríquez, Colonia Rafael Lucio, C.P. 91110, Jalapa, Veracruz | **Personal service of process made in Veracruz November 27 same address**<br><br>**Assets: no**<br><br>_____ | **At the attempt of service we were given a tax domicile of debtor where court order request will be made pursuant to new court order by means of a letter rogattory, which is being pursued.**<br><br>**Court issued a letter rogattory that was enforced in Xalapa, Veracruz to demand payment**<br><br>**The domicile of debtor is in a small far away municipality (Alamo). Enforcement of letter rogattory had to be conducted through the various courts involved including state court, since in Alamo there are no federal courts.**<br><br>**Service of court order commanding payment was attempted, however, the domicile was not attributable to debtor, therefore service was not conducted.**<br><br>**In this domicile there is another company, namely Cafes Extra SA de CV, regarding which we are searching its data in the registry of companies in Jalapa, Veracruz to determine any relationship with debtor. In this domicile the court clerk was told that debtor change its tax domicile to Municipio el Potrero (far away small town). Letter rogattory was sent to the nearest Municipal court in Alamo, Veracruz, which in turn notified the request of payment. Payment was not made. We requested another letter rogattory to attach properties, which also was sent to this Municipal court. We went to enforce the attachment order and found that debtor has no assets at all. Accordingly, upon our request the** |

16

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | **Municipal court rendered an order commanding debtor CEO to inform as to the debtor´s real domicile, location of assets and place where receives and makes payments. This order was executed.**<br><br>**CEO did not attend the court notice and failed to provide the requested information.**<br><br>**Motion was filed before Recognition Court seeking order to attach assets of debtor in Xalapa, Veracruz and motion seeking order to request CEO information as to the debtor´s premises and assets and if granted enforced attachement with debtor´s CEO.**<br><br>**Next Action: pursue motions**<br>November 20, 2013, motions were filed requesting court orders (7) requesting various official entities domicile of the CEO of debtor, Miguel Vazquez Revolledo to pursue enforcement.<br>Courts orders were obtained (November 25, 2013), filed and prosecuted before the official entities. December 11, 2013 we filed a motion before Recognition court on the filing of these court orders.<br>**We will prosecute outcome of these court requests and report accordingly**<br><br>**Official agencies reported that there is no information to inform.**<br><br>**No progress. No expect of recovery.** |
| **14**<br>**Ttee**<br>**Ref**<br>**#72** | 04-3814 | **Hilda Flores Bojalil**<br><br>**PUEBLA** | $229,535.39<br><br>18 de octubre de 2006 | Calle Castanos Número 3942, Colonia Las Ánimas, Ciudad de Puebla. | **Service of process made by publications January 2009**<br><br>**Assets: 2 in Puebla**<br><br>**1 real estate under life estate in favor of debtor Ownership in favor of Ricardo Fernando y Carlos Corona Flores**<br><br>**1 real estate ranch "la Aurora" co-ownership with 4 more brothers. Free of liens**<br><br>_____ | **4th District court ordered search of address in government agencies, which are being pursued.**<br><br>**Court issued orders requesting official agencies to search domicile. Orders are being pursued.**<br><br>**A debtor´s domicile was found in Puebla. Letter rogatory was obtained to request payment and attach assets.**<br><br>**Letter rogattory was enforced through Puebla district court. Request was served at the domicile found. There was the son of debtor who deny the domicile of the debtor although it had been recognized in a former court clerk visit to this domicile.**<br><br>**We requested the Puebla court to order that request of payment and attachment be made in this domicile.**<br><br>**We obtained and submitted records of the public registry of property showing that the** |

**domicile is owned by debtor and that the sons have the use of it, also we obtained and submitted a born certificate showing that this person is the son of debtor.**

**Motion was filed before Recognition Court seeking order to attach assets of debtor in Puebla.**
**Next Action: pursue motion**
November 12, 2013, motion was filed requesting letter rogatory to notify demand of payment.
Letter rogattory was obtained (November 19, 2013), filed and prosecuted before Puebla district court (December 6, 2013).
Court clerk and Mex trustee counsel had a meeting on December 26, 2013 to give notice requesting payment. Demand of payment was attempted but people in the domicile from inside argued that debtor does not live there but debtor´s son.
Motion was filed January 10, 2014 requesting enforcement of court order in such domicile since debtors own life use thereto (usufruct). Proof was filed as well.

Keep pursuing court order. Motions authorizing public force will be filed to overcome opposition and obstruction.

New motion was filed in Puebla court requesting an official entity proof of debtor´s domicile. Official entity provided such proof. A new motion will be file to conduct again the attachment.

Motion was filed requesting a new letter rogatory to notify demand of payment. Petition has been granted and letter rogattoty will be enforced again.

Letter rogattoty will be enforced again in Puebla.

New letter rogatory was requested and obtained. It was filed before Puebla courts. Puebla court allowed it and set March 12, 2015 for execution.

Notice to wait the court clerk for notice was made to debtor by court clerk on March 12, 2015 in the morning. Same date, request of payment notice was made to debtor by the court clerk on March 12 afternoon.

Debtor failed to make payment. Attachment was not possible to made since debtor file a remedy which we have not yet been noticed.

Debtor brought amparo action. Stay was partially granted preventing attachment, taking possession away assets from debtor and no

| | | | | | |
|---|---|---|---|---|---|
| | | | | | recordation in the public registry of ownership. Amparo action is being prosecuted.<br><br>Amparo action was dismissed. If debtor did not challenge this decision, enforcing of default judgment will be prosecuted.<br><br>The debtor is under, came a resolution before it popped A review of the same resolution and are awaiting a decision is reached. |
| **15***<br><br>**Ttee Ref #16 & 62** | De la Peña Stettner et al<br><br>Juzgado 7º. De Distrito en Jalisco Exp.561/2016<br>Luis de la Peña, $251,950.00.<br><br>Juzgado 1º. De Distrito en Colima Exp. 1381/2016 Margarita Isabel de la Pena Stettner $375,213.27<br><br>Juzgado 1º. De Distrito en Colima Exp. 1381/2016 María Cristina de la Pena Stettner, $354,127.17<br><br>Juzgado 1º. De Distrito en Colima Exp. 1381/2016 Guillermo de la Pena Stettner $188,240.00<br><br>Juzgado 1º. De Distrito en Colima Exp. 1781/2016 María Paz de la Pena Stettner, $394,127.16<br><br>(i) | 04-3757 and 04-3803 | | There are three different amparo action proceedings brought and fully prosecuted by debtors. In all three proceedings we have appeared filing pleadings seeking dismissal. We have conducted ex parte meetings with federal district judges and court clerks in Guadalajara and Colima.<br><br>1. Luis de la Peña. Amparo action was dismissed. Defendant filed a revisión remedy. We draft and file pleadings seeking dismissal be confirmed. Judgement is pending to be entered by a Federal Circuit Court.<br><br>2. Guillermo de la Peña Stettner et al<br><br>3. María Paz de la Peña Stettner<br><br>In both cases amparo proceedings have been fully prosecuted. Judgments are pending to be entered. | Translation of US Court judgments and opinions thereto into Spanish were made. Search of debtors 'properties was made in Guadalajara and found some properties. A search of each debtors´domicile is being conducted. Petition will be filed before Recognition Court to enforce judgments. No property was found of Maria de la Paz de la Peña Stettner.<br><br>Enforcement request motion was submitted to and signed by Ancilliary Trustee and filed before Recognition Court.<br><br>Letter rogatories and court orders commanding official entities information are being prosecuted.<br><br>Please provide affidavit on final judgment to be translated into Spanish and filed before the Recognition Court.<br><br>We will translate the affidavit. We request that An original affidavit be sent to us. On Maria's property, we will look at transfers by her seeking a possible recovering from a fraudulent transfer. Since we lack debtor domiciles, we requested to and the court ordered to official agencies to provide debtors´domicile. There is no yet answer. We will insist that official agencies submit their answer as to debtor´s domicile. Debtor domicile is somewhere in Guadalajara, Jalisco. Once we have the affidavit in original we will file it tohether with Spanish translation thereto before the recognition court and request a letter rogatory to notice to debtors the request of payment and if debtors fail to do it to attach assets they own.<br><br>Official entities provided to court information and assets of some of the debtors. Letters rogatory were pursued and obtained before recognition court. Letters rogattoty were filed this week in Guadalajara to pursue enforcement against debtors.<br><br>Attempt to request payment and attachment was made, however, debtors domicile was not found and letters rogatory were returned. |

| | | | | | | A new search of domiciles will be made through the recognition court. Debtors appealed adversary judgment. Could US trustee provide debtors´domicile in Mexico, if any?<br><br>New search of domiciles was made, however, when attempt to carry out the service it was found that in such domiciles debtors were not found.<br><br>We are pursuing searching of domicile and assets of debtors.<br><br>New debtors domiciles were found through official agencies.<br><br>Several times letter rogattories were obtained from the Recognition Court and filed in Guadalajara courts. Several attempts to carried out service of process on each defendant were conducted but fail due to debtors obstruction.<br><br>After request, obtainment of several letter rogatories, filing and enforcemen thereto before Guadalajara courts and attempts of service of process in different dates each of the defendanst were served.<br><br>Luis de la Peña Stettner by amparo action challenged the service of process and the recognition of the foreign bankruptcy proceeding.<br><br>Guillermo, Margarita Isabel and María Cristina de la Peña Stettner  jointly by amparo action challenged the service of process and the recognition of the foreign bankruptcy proceeding.<br><br>Regarding María Paz de la Peña Stettner we ignored if she challneged with amparo action.<br><br>We will be served on these amparo actions and we will defend the legal validity of the service of process and the recognition of the foreign bankruptcy proceeding<br><br>Judgments awarding payment  to US trustee were translated into Spanish. Motion requesting payment to each of the five de la Peña defendants was filed before the Mexican Recognition Court (MRC).<br>Motion requesting search of domiciles by a number of government agencies was filed regarding each of the 5 debtors.<br>Pursue search of domiciles.<br>Pursue search of domiciles and assets of debtors in the estate of Jalisco. Visits to Guadalajara Jalisco to conduct search.<br>Draft and filed motions to conduct request of |
|---|---|---|---|---|---|---|

|  |  |  |  |  |  | payment to each of the 5 defendants. Request and obtained from RMC letters rogatory. Filed letters rogattory in Guadalajara federal courts. Pursue letters rogattory. Attempts to notice request of payment. Pursue court orders by Guadalajara courts and return of letters rogattory. |
|--|--|--|--|--|--|--|
|  |  |  |  |  |  | Draft and file additional motions to notice defendants request of payment and issuance of new letters rogattory. Pursue court orders thereto. Obtain and review court orders. Obtained letters rogatory and filed them in Guadalajara federal courts. Pursue execution of letters rogattory. Attend with Guadalajara court clerk several attempts in different days to notice defendants on the request of payment. Finally, after a number of motions, letters rogattory and several attempts to notice defendants, we were able to notify each of them in different dates court orders and the request of payment under the adversary judgments. |
|  |  |  |  |  |  | Each of the 5 defendants have brought amparo action challenging the full recognition process based upon a number of legal objections. Defendants post a bond to stay execution. Stay was granted. We were served on each amparo action from different courts and in different dates. |
|  |  |  |  |  |  | Review and deep analysis of each amparo action. Case law study and search. Draft pleadings rebutting each objection seeking rejection of amparo protection. Request, review, gathering and filing of documentary evidence. |
|  |  |  |  |  |  | Discussion conferences and  meetings on the amparo actions legal standing. |
|  |  |  |  |  |  | Meetings with defendants attorneys seeking possible settlement. |
|  |  |  |  |  |  | Ex parte meetings with each Federal courts and court clerks in Guadalajara and Colima to explain the subject matter of the amparo actions and their groundless legal standing. Continue search of lack of legal standing. |
|  |  |  |  |  |  | There will be a constitutional hearing in different dates before each federal court. Thereafter decision shall  be entered. Decision may be further reviewed by means of a revision remedy available to all parties in interest to be decided by a higher circuit court. Given the constitutional importance of this case, the Mexican Supreme Court of Justice may attract the case. Parties may seek on the other hand a constitutional review before the MSCJ, by means of a different revision remedy. |
|  |  |  |  |  |  | If prevailed in the legal battle, it is expected to collect amounts owed by defendants under the adversarial judgments. |

21

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | It is expected that we will prevailed in the legal battle. |
| **16\***<br><br>**Ttee Ref #50** | 04-3791 | Francisco Doria López | $8,322,296.36 | | | Having now the name of this debtor and the city of his possible domicile, a search was conducted in Cancun and Mexico City as to his domicile and properties. None was found. However, we were able to find a commercial company where he appears as one of the two stockholders (40%). We will keep searching on this company, namely Vidrios y Ploteos en Cristal, S.A. de C.V. The other stockholder and sole administrator is Mariana Samantha Grandini Cardonne (60%) who might be his wife?<br><br>Please provide final judgment with apostille. We will then determine legal standing to enforce final judgment<br><br>Request of enforcement, payment and attachment was filed before Recognition Court. Request of search on domicile of debtor was made in order for the official agencies to provide debtor´s domicile.<br><br>No domicile of debtors was reported by official agencies. |

22

FORM 2
CASE RECEIPTS AND DISBURSEMENTS RECORD

| | | |
|---|---|---|
| Case No. | 02-39553-H1-7 | |
| Case Name: | IFS Financial Corporation | |
| Taxpayer ID#: | 51-0370510 | |
| For Period Beginning: | 8/16/2016 | |
| For Period Ending. | 8/31/2017 | |

| | | |
|---|---|---|
| Trustee Name: | Joseph D. Martinec | |
| Bank Name: | Frost Bank | |
| Checking Acct.#: | *****1369 | |
| Blanket bond(per case limit): | _____ | |
| Separate bond(if applicable): | $350,000.00 | |

| 1<br>Transaction Date | 2<br>Check or Ref.# | 3<br>Paid to/<br>Received From | 4<br>Description of<br>Transaction (UTC Code) | 5<br>Deposit<br>$ | 6<br>Disbursement<br>$ | 7<br>Checking<br>Account<br>Balance |
|---|---|---|---|---|---|---|
| 10/7/2016 | | IFS Financial Corp. | Transfer of Estate Funds from Previous Trustee (UTC 1290-000) | $233,099.07 | | $233,099.07 |
| 08/7/2017 | 0001 | George Adams and Company Ins Agy, LLC | Bond (UTC 2300-000) | | $700.00 | 232,399.07 |
| 08/18/2017 | Wire Transfer (Ref #42) | Dario Oscos (Edisto Sapi De CV AV. Insurgentes Sur Numero 2384, Col Chimalistac CP 01070 Ciudad de Mexico) | Bond (04-3783 - Aceitera el Paraiso, S.A. de C.V. Litigation) (UTC 2300-000) | | 888.45 | 231,510.62 |
| 08/18/2017 | Wire Transfer Charge | Frost Bank | Wire Transfer Fee re: Aceitera el Paraiso, S.A. de C.V. Litigation (UTC 2600-000) | | 45.00 | 231,465.62 |
| 08/30/2017 | Check Printing Fee | Frost Bank (Harland Clarke) | Check Order (UTC 2600-000) | | 20.00 | 231,445.62 |
| | | | | $233,099.07 | $1653.45 | $231,445.62 |

| COLUMN TOTALS | $231,445.62 |
|---|---|
| Less: Bank transfer/CDs | $0.00 |
| Subtotal | $231,445.62 |
| Less: Payments to debtors | $0.00 |
| Net | $231,445.62 |

 **Frost**

**FOR INFORMATION CALL**
512-473-4343 or (800)513-7678

P.O. Box 1727 Austin, Texas 78767  Member FDIC

STATEMENT ISSUED
08-31-2017

00001571-TDFRST02003900098225-LETTER01_1OZ-000000 REG

Page 1 of 3



JOSEPH MARTINEC TRUSTEE
IN BANKRUPTCY FOR IFS FINANCIAL CORP
CASE NO 02 39553 H1 7
611 S CONGRESS AVE STE 450
AUSTIN TX 78704

0

Interested in accepting in-store, online or mobile credit
and debit card payments? Frost Merchant Services can help.
Contact Customer Service at (800)513-7678 to get started.

## FROST BUSINESS CHECKING : ACCOUNT NO. ███████ 1369

| | DEPOSITS | | WITHDRAWALS | | |
|---|---|---|---|---|---|
| BALANCE LAST STATEMENT | NO. | AMOUNT | NO. | AMOUNT | BALANCE THIS STATEMENT |
| 233,099.07 | 0 | .00 | 4 | 1,653.45 | 231,445.62 |

Activity Items Processed           1              Cash Processed        $0.00

---

### CHECKS PAID

| DATE | CHECK | AMOUNT | DATE | CHECK | AMOUNT | DATE | CHECK | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 08-15 | 1  # | 700.00 | | | | | | |

\# RECEIVED ELECTRONICALLY AS AN IMAGE OF THE ORIGINAL CHECK

---

### OTHER WITHDRAWALS/DEBITS

| DATE | AMOUNT | TRANSACTION | DESCRIPTION | | |
|---|---|---|---|---|---|
| 08-18 | 888.45 | WIRE TRANSFER | FROST BANK | BOOK DBT | 02442 |
| 08-18 | 45.00 | WIRE TRANSFER CHARGE | FROST BANK | WIRE FEE | 02442 |
| 08-30 | 20.00 | CHECK PRINTING FEE | HARLAND CLARKE | CHK ORDER | 1A8M59531352000 |

---

### DAILY BALANCE

| DATE | BALANCE | DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|---|---|
| 07-31 | 233,099.07 | 08-18 | 231,465.62 | 08-30 | 231,445.62 |
| 08-15 | 232,399.07 | | | | |



Please examine your bank statement upon receipt and report any differences or irregularities as specified in the
Deposit Account Agreement and Other Disclosures.

00001571-001-002-TDFRST02003900098225-LETTER01_1OZ-00-0-00001571

Please notify us of any change of address immediately. To change your address, follow these instructions:

1) Make changes to the address information shown on the front of this statement.

2) List all accounts which should be updated including Checking, Savings, Money Market, CDs and Loans.

Account Number _____     Account Number _____
Account Number _____     Account Number _____
Account Number _____     Account Number _____

Signature _____

3) Clip and return to the bank and address listed on the front of this statement.

Page 2 of 3

## How to balance your checkbook:

This worksheet will help you balance your checkbook. Before you begin, you'll need your checkbook register, your statement and any outstanding transactions not entered in your register.

| Worksheet | | Check Number/ Other Debits | Amount |
|---|---|---|---|
| 1. Enter balance shown on front of statement | $ _____ | | |
| | | | |
| 2. Subtract Line A (Checks / other debits not shown on this statement) | - $ _____ | | |
| | | | |
| 3. Subtotal | $ _____ | | |
| | | | |
| 4. Add Deposits / other credits not shown on statement | + $ _____ | | |
| | | | |
| 5. **Your Account Balance** | $ _____ | | |
| | | | |
| 6. Enter Your checkbook balance | $ _____ | | |
| | | | |
| 7. Subtract any bank charges that have not been entered in your checkbook | - $ _____ | | |
| | | | |
| 8. Subtotal | $ _____ | | |
| | | | |
| 9. Add any interest or other credits appearing on your statement that have not been entered in your checkbook | + $ _____ | | |
| | | | |
| 10. **Adjusted Checkbook Balance** | $ _____ | Total (Line A) | |

1. Be sure your checkbook register is complete. Verify that all outstanding transactions have been entered in your register.

2. Compare the check information on the front of the statement with your checkbook register. In your register, mark all the checks, ATM withdrawals or other debits on your statement to indicate that the funds have been withdrawn from your account. List any checks or other debits that are in your register, but not on your statement in the space provided above.

3. In your register, mark all deposits and other credits on your statement to indicate that the funds have been credited to your account. Write any deposits or other credits that are in your register, but not on your statement on Line 4.

4. To verify your statement balance, complete the worksheet above. Your account balance (Line 5) should match your adjusted checkbook balance figure (Line 10). If these amounts are different, check the addition in your checkbook and review each step in the balancing procedure.

Please examine your bank statement upon receipt and report any differences or irregularities as specified in the Deposit Account Agreement and Other Disclosures.

0000157I-001-002-TDFRST0200390008225-LETTER01_1OZ-00-0-00001571



**Frost**

P.O. Box 1727 Austin, Texas 78767  Member FDIC

FOR INFORMATION CALL
512-473-4500 OR 1-800-513-7678

STATEMENT ISSUED
08-31-2017

Page 3 of 3

**JOSEPH MARTINEC TRUSTEE**

---

Frost
www.frostbank.com

0001

DATE Aug 7, 2017

PAY TO THE
ORDER OF  George Adams and Company Ins. Agy, LLC —   $ 700⁰⁰

Seven hundred & no cents                          DOLLARS

M Martinec

#114000093#

08/15/17  #1  $700.00

0000157I-002-002-TDFRST0200390009B225-LETTER01_1-0Z-00-0-0000157I