## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Case No. 02-39553-H1** |
| **IFS FINANCIAL CORPORATION,** | § | **(Chapter 7)** |
| Debtor. | § | |

## STATUS REPORT

JOSEPH D. MARTINEC, Elected Chapter 7 Trustee of the bankruptcy estate of IFS Financial Corporation, submits the following report as his Status Report.

Dated: September 13, 2019

Respectfully submitted,

_Joseph D. Martinec, Chapter 7 Trustee_
State Bar No. 13137500
611 S. Congress Avenue, Suite 450
Austin, TX 78704-1771
(512) 476-0750/FAX (512) 476-0753
martinec@mwvmlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to Bankr. R. 2014, on September 13, 2019, a true and correct copy of the foregoing document was served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system and/or via e-mail or by United States Mail, First Class, with proper postage affixed, on the following:

Kell C. Mercer
Husch Blackwell, LLP
111 Congress Ave., Ste. 1400
Austin, TX 78701
(Via ECF)

Stephen Statham
Office of the U.S. Trustee
515 Rusk Ave., Ste. 3516
Houston, TX 77002
(Via e-mail: Stephen.Statham@usdoj.gov)

Darío U. Oscós Coria
Oscós Abogados
Joaquín Gallo (antes Paseo del Río) No. 53
Chimalistac, Del. Coyoacan
C.P. 04340 México, D. F.
doscos@oscosabogados.com.mx

Jorge J. Galicia
Galicia Alcala & Asociados, S.C.
Privada de Constituyentes No. 1056-B
Lomas Altas C.P. 11950 Mexico, D.F.
jorgejgalicia@bga-abogados.com

Joseph D. Martinec

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Case No. 02-39553-H1
Case Name: IFS Financial Corporation
For Period Ending: 8/31/2019

Trustee Name: Joseph D. Martinec
Date filed: 8/23/2002
§341 Meeting Date: 11/21/2002

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| **Ref. #** | | | | | | |
| 1 | Shares and/or stock in FICEN; Interstar Investment Corp; IFS Management Corp; IFS Holdings Corp;Integra Mgmt Svcs Corp; Integra Insurance Holdings Corp; Flamina | $2,000,000.00 | | | $2,328,086.03 | FA |
| 2 | VOID | $0.00 | | | $0.00 | FA |
| 3 | Interest in Latin Financial Services | $500,000.00 | | | $896,399.09 | FA |
| 4 | Adv 04-3745 - Ramon Garcia Suarez (u) | Unknown | | | $0.00 | FA |
| 5 | 04-3746 Adv Carlos Francisco Solana Pumarino (u) | Unknown | | | $0.00 | $241,021.12 |
| Asset Notes: | Default Judgment signed 3/5/09; adv closed 3/6/09 - collection being pursued in Mexican Recognition Proceeding. | | | | | |
| 6 | 04-3747 Adv Jorge Alfredo Perez Aguilar (u) | Unknown | | | $0.00 | FA |
| 7 | 04-3748 Adv Jesus Romo Parada (u) | Unknown | | | $0.00 | FA |
| 8 | 04-3749 Adv Antonio Romo Parada (u) | Unknown | | | $0.00 | FA |
| 9 | 04-3750 Adv Maria Luisa Aldrete de Figueroa (u) | Unknown | | | $0.00 | FA |
| 10 | 04-3751 Adv Salvador Romo Parada (u) | Unknown | | | $0.00 | FA |
| 11 | 04-3752 Adv Gustavo Jimenez Venegas (u) | Unknown | | | $0.00 | FA |
| 12 | 04-3753 Adv Santiago Paredes Ojeda (u) | Unknown | | | $0.00 | FA |
| 13 | 04-3754 Adv Juan Carlos O'Farrill Zubiran (u) | Unknown | | | $0.00 | FA |
| 14 | 04-3755 Adv Luis Roberto Reyna Gonzalez (u) | Unknown | | | $0.00 | $169,549.81 |
| Asset Notes: | Default Judgment signed 9/27/06 - collection being pursued in Mexican Recognition Proceeding | | | | | |
| 15 | 04-3756 Adv Juan Pedro Chevallier Manuel (u) | Unknown | | | $61,000.00 | FA |
| 16 | 04-3757 Adv Guillermo de la Pena Stettner (u) | Unknown | | | $19,020.55 | FA* |
| Asset Notes: | Judgment obtained - appeals concluded - collections being pursued in Mexican Recognition Proceeding (Executed on money due from Pimienta estate) 8/7/19 – Order on App to Settle (Doc#1371) with Guillermo for $172,943.70 Entered 9/4/19 (Doc#1376) | | | | | |
| 17 | 04-3758 Adv Massimo Pazzini, et al (u) | Unknown | | | $0.00 | FA |
| 18 | 04-3759 Adv Julian Haddad Perez (u) | Unknown | | | $0.00 | FA |
| 19 | 04-3760 Adv Federico Tamm Welti (u) | Unknown | | | $0.00 | FA |
| Asset Notes: | Default Judgment 12/21/09appeals concluded - collections being pursued in Mexican Recognition Proceeding; Agreed Order on Compromise entered 07/17/14 (doc #1198); judgment will be satisfied on pymt of $60,000 | | | | | |
| 20 | 04-3761 Adv Julian Abed Cesin (u) | Unknown | | | $0.00 | $2,961,857.74 |
| Asset Notes: | Default Judgment signed 10/18/06 - appeals concluded - collections being pursued in Mexican Recognition Proceeding | | | | | |
| 21 | 04-3762 Adv Martha Noemi Zapata Perez (u) | Unknown | | | $0.00 | FA |
| 22 | 04-3763 Adv Jose A. Sidaoui | Unknown | $0.00 | | $0.00 | FA |
| 23 | 04-3764 Adv Martha de Leon de Trejo | Unknown | $0.00 | | $0.00 | FA |
| 24 | 04-3765 Adv Rafael Moreno Valle Sanchez | Unknown | $0.00 | | $0.00 | FA |
| 25 | 04-3766 Adv Gerardo Valentin Navarro Montero | Unknown | $310,398.38 | | $310,398.38 | FA |
| Asset Notes: | Default Judgment signed 09/27/06 - appeals concluded - collections being pursued in Mexican Recognition Proceeding; Agreed Order on Compromise entered 10/02/14 (doc #1227) - Navarro to pay $4,250,000 in Mexican Pesos by $1 million monthly installments and a $250,000 fifth & final payment by wire transfer. Order on Motion to Compromise entered 06/17/15 (doc #1276) - Oscar Mejia (atty for Navarro) to pay $7,219.94 which is one-half of outstanding balance owed by Navarro to resolve the matter. Order Releasing Judgment and Dismissing Adversary with Prejudice entered 08/06/15 | | | | | |
| 26 | 04-3767 Adv Margarita Alvarez de Aranguren | Unknown | $0.00 | | $0.00 | FA |
| 27 | 04-3768 Adv Woodberry #2 | Unknown | $0.00 | | $0.00 | FA |
| 28 | 04-3769 Adv Ricardo Aldrete | Unknown | $0.00 | | $0.00 | FA |
| 29 | 04-3770 Adv Juan Huttanus | Unknown | $0.00 | | $0.00 | FA |
| 30 | 04-3771 Adv Ligia Pimienta | Unknown | $0.00 | | $0.00 | FA |
| 31 | 04-3772 Adv Mustang Sports | Unknown | $0.00 | | $0.00 | FA |
| 32 | 04-3773 Adv Rodolfo Gonzalez Navarro | Unknown | $0.00 | | $0.00 | FA |
| Asset Notes: | Judgment obtained - collections being pursued in Mexico | | | | | |
| 33 | 04-3774 Adv Dolores Gonzales de Garcia | Unknown | $0.00 | | $0.00 | FA |
| 34 | 04-3775 Adv Mario Valverdes Garces | Unknown | $0.00 | | $0.00 | FA |
| Asset Notes: | Judgment obtained - appeals concluded - collections being pursued in Mexican Recognition Proceeding (executed on money due from Pimienta estate) Judgment for Costs | | | | | |
| 35 | 04-3776 Adv Plosko-Portfolio Inc. | Unknown | $0.00 | | $0.00 | FA |
| Asset Notes: | Judgment obtained - collections being pursued in Mexico | | | | | |
| 36 | 04-3777 Adv Luis Mendez Jimenez, et al | Unknown | $539,270.91 | | $539,270.91 | FA |
| 37 | 04-3778 Adv Gustavo Herrera | Unknown | $0.00 | | $0.00 | FA |
| 38 | 04-3779 Adv Alejandra Villar Aceves | Unknown | $0.00 | | $0.00 | FA |

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Case No. 02-39553-H1
Case Name: IFS Financial Corporation
For Period Ending: 8/31/2019

Trustee Name:  Joseph D. Martinec
Date Filed: 8/23/2002
§341 Meeting Date: 11/21/2002

| | 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|---|
| | Asset Description (Scheduled and Unscheduled (u) Property) | | Petition/ Unscheduled Value | | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| Ref.# | | | | | | | |
| 39 | 04-3780 Adv Eduardo Garcia Lecuona, Intercam, et al | (u) | Unknown | $3,626,855.00 | | $3,626,855.00 | FA |
| Asset Notes: | rec'd 1855 re Sanctions | | | | | | |
| 40 | 04-3781 Adv Ana Rosa Ruiz Ruiz | | Unknown | $0.00 | | $0.00 | FA |
| Asset Notes: | Default Judgment signed 12/18/09 - appeals concluded - collections being pursued in Mexican Recognition Proceeding | | | | | | |
| 41 | 04-3782 Adv Jorge Larios Dominguez | | Unknown | $0.00 | | $0.00 | FA |
| 42 | 04-3783 Adv Aceitera el Paraiso, S.A. de C.V. | | Unknown | $10,219,601.87 | | $104.70 | $10,219,497.17 |
| Asset Notes: | Default Judgment signed 9/27/06 - appeals concluded - collections being pursued in Mexican Recognition Proceeding | | | | | | |
| 43 | 04-3784 Adv Arte Ltd. 01 | | Unknown | $0.00 | | $0.00 | FA |
| 44 | 04-3785 Adv Alberto Bustamonte Boyer | | Unknown | $0.00 | | $0.00 | FA |
| 45 | 04-3786 Adv Ocean Springs Corp. | | Unknown | $0.00 | | $0.00 | FA |
| Asset Notes: | Judgment obtained ($2,050,000, $700,000, and $350,000) - collections being pursued in Mexico | | | | | | |
| 46 | 04-3787 Adv Ficen, S.A. de C.V. | | Unknown | $1,250,500.00 | | $0.00 | $1,250,500.00 |
| Asset Notes: Default Judgment signed 3/5/2009 - $1,250,500.00 - collections being pursued in Mexican Recognition Proceeding | | | | | | | |
| 47 | 04-3788 Adv Miguel Koenig | | Unknown | $0.00 | | $0.00 | FA |
| 48 | 04-3789 Adv Gonzalo Romero Matias, et al. | | Unknown | $5,000,000.00 | | $5,000,000.00 | FA |
| 49 | 04-3790 Adv Valat International Holdings, Ltd., et al | | Unknown | $0.00 | | $0.00 | FA |
| Asset Notes: | Default Judgment signed 12/18/09 - appeals concluded - collections being pursued in Mexican Recognition Proceeding | | | | | | |
| 50 | 04-3791 Adv ICAP Corp. and Francisco Doria | | Unknown | $0.00 | | $0.00 | FA* |
| Asset Notes: | Default Judgments signed 10/18/06 $8,322,298.36 - Francisco Doria (Lopez) and $353,744.10 - ICAP Corp. - collection being pursued in Mexico | | | | | | |
| 52 | 04-3793 Adv Maple de Mexico | | Unknown | $0.00 | | $0.00 | FA |
| 53 | 04-3794 Adv Peter Ulrich | | Unknown | $0.00 | | $0.00 | FA |
| 54 | 04-3795 Adv Mission Latina, Ltd. | | Unknown | $0.00 | | $0.00 | FA |
| 55 | 04-3796 Adv Infogas, S.A. de C.V. | | Unknown | $264,194.44 | | $0.00 | $264,194.44 |
| Asset Notes: | Default Judgment signed 3/5/09; adv closed 3/6/09 -appeals concluded - collections being pursued in Mexican Recognition Proceeding | | | | | | |
| 56 | 04-3797 Adv. Servinext, S.A. de C.V. | | Unknown | $0.00 | | $0.00 | FA |
| 57 | 04-3798 Adv Latin World Productions, et al | | Unknown | $0.00 | | $0.00 | FA |
| 58 | 04-3799 Adv Jesus Almada Elias Calles | | Unknown | $0.00 | | $0.00 | FA |
| 59 | 04-3800 Adv Jose Bladinieres Pinedo | | Unknown | $0.00 | | $0.00 | FA |
| 60 | 04-3801 Adv Productos Citricos Internacionales, S.A. de C.V. | | Unknown | $0.00 | | $0.00 | FA |
| 61 | 04-3802 Adv Bernardo Obregon Tamariz, et al | | Unknown | $0.00 | | $0.00 | FA |
| 62 | 04-3803 Adv Luis de la Pena, et al | | Unknown | $24,661.43 | | $24,661.43 | FA* |
| Asset Notes: | 3 judgments obtained - all appeals concluded. Collections being pursued through Mexican Recognition Proceeding (executed on mony due from Pimienta estate) 8/7/19 – Order on App to Settle (Doc#1371) with Luis de la Pena for $231,476.67 Entered (Doc#1376) | | | | | | |
| 63 | 04-3804 Adv American Founders Financial Corp., et al | | Unknown | $375,000.00 | | $375,000.00 | FA |
| 64 | 04-3805 Adv Rodolfo Garcia, Satelite de Saltillo, S.A. de C.V., Hernan Garcia Villarreal, 10-3379 Adv | | Unknown | $100,000.00 | | $100,000.00 | FA* |
| Asset Notes: | 3 default judgments obtained 8/25/09 and 12/18/09 - collections being pursued in Mexican Recognition Proceeding. 4th judgment agreed to being pursued in U.S. and through Mexican Recognition Proceeding. Motion to Reinstate/Extend Compromise with Rodolfo Garcia filed 06/27/14 (doc #1192); Garcia to pay $100,000 in full satisfaction of the judgments against him. | | | | | | |
| 65 | 04-3806 Adv Latin American Access Corporation | | Unknown | $0.00 | | $0.00 | FA |
| 66 | 04-3807 Adv Jalapeno Foods | | Unknown | $0.00 | | $0.00 | FA |
| 67 | 04-3808 Adv Guillermo Hernandez | | Unknown | $0.00 | | $0.00 | FA |
| 68 | 04-3809 Adv HONAC 77 | | Unknown | $0.00 | | $0.00 | FA |
| 69 | 04-3810 Adv High Yield Consulting, S.A. de C.V., et al | | Unknown | $142,726.89 | | $0.00 | $142,726.89 |
| Asset Notes: | Default Judgment signed 12/18/09 - appeals concluded - collections being pursued in Mexican Recognition Proceeding | | | | | | |
| 70 | 04-3812 Adv Ermilio Richer Santos, et al | | Unknown | $0.00 | | $0.00 | FA |
| 71 | 04-3813 Adv Intercambio Mexicano de Comercia, S.A., and Cafes del Tropico, A.A. de C.V. | | Unknown | $226,416.40 | | $0.00 | $226,416.40 |
| Asset Notes: | 2 Default Judgments signed 3/5/09; adv closed 3/6/09 - appeals concluded - collections being pursued in Mexican Recognition Proceeding; $90,500 from Intercambio icano and $135,916.40 from Cafes del Tropico | | | | | | |
| 72 | 04-3814 Adv Luis Angel Casas Arellano and Hilda | | Unknown | $229,535.39 | | $0.00 | $229,535.39 |

* There are discrepancies between the last Form 1 report filed by previous trustee and Mexican Counsel Status Report.  Trustee is in the process of investigating and reconciling discrepancies.

Page 2 of 4

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Case No. 02-39553-H1
Case Name: IFS Financial Corporation
For Period Ending: 8/31/2019

Trustee Name: Joseph D. Martinec
Date Filed: 8/23/2002
§341 Meeting Date: 11/21/2002

| | 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|---|
| | Asset Description (Scheduled and Unscheduled (u) Property) | | Petition/ Unscheduled Value | | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| **Ref. #** | | | | | | | |
| **Asset Notes:** | Default Judgment signed 10/18/06 - appeals concluded - collections being pursued in Mexican Recognition Proceeding | | | | | | |
| 73 | 04-3815 Adv Empacadora Mexico Lindo, S.A. de C.V. | | Unknown | $0.00 | | $0.00 | FA |
| 74 | 04-3816 Adv George Zelinski | | Unknown | $188,000.00 | | $188,000.00 | FA |
| 75 | 04-3817 Adv John Bruno Jacuzzi Rainieri | | Unknown | $0.00 | | $0.00 | FA |
| 76 | 04-3818 Adv Kemik, Ltd. | | Unknown | $0.00 | | $0.00 | FA |
| 77 | 04-3819 Adv Carlos Herrera | | Unknown | $0.00 | | $0.00 | FA |
| 78 | 04-3820 Adv EEC Holdings | | Unknown | $0.00 | | $0.00 | FA |
| 79 | 04-3821 Adv Jose L. Cardenas | | Unknown | $0.00 | | $0.00 | FA |
| 80 | 04-3822 Adv Fernando Pimienta | | Unknown | $0.00 | | $0.00 | FA |
| 81 | 04-3823 Adv Fernando Garcia, et al | | Unknown | $0.00 | | $0.00 | FA |
| 82 | 04-3824 Adv Weltfond, Ltd. | | Unknown | $0.00 | | $0.00 | FA |
| 83 | 04-3825 Adv Deutsche Bank (Suisse), S.A. | | Unknown | $0.00 | | $0.00 | FA |
| 84 | 04-3826 Adv Bank Maerki Baumann | | Unknown | $0.00 | | $0.00 | FA |
| 85 | 04-3827 Adv Bank Sarasin & Co., Ltd. | | Unknown | $0.00 | | $0.00 | FA |
| 86 | 04-3828 Adv Rudolfo Reiser | | Unknown | $0.00 | | $0.00 | FA |
| 87 | 04-3829 Adv Gryphon Holdings II, L.L.P., et al | | Unknown | $0.00 | | $0.00 | FA |
| 88 | 04-3830 Adv Emilia Spohn (Alfredo Solloa Junco) | (u) | Unknown | | | $205,042.14 | FA |
| **Asset Notes:** | Default Judgment signed 3/5/09; adv closed 3/6/09, set aside 8/26/09, attorney fees and awarded. Re-tried 2012 - counsel removed 12/11/2. Motion to Compromise JMH vs. Spohn/Solloa filed 10/24/13 (doc #1175); Judgement in favor of Trustee against Solloa for $220,000. Judgement may be satisfied in full upon payment of $105,000 in compliance with terms: Registry funds of $37,242.14 from Howard Ehrenberg, Trustee to JMH Trustee; on 11/01/13, 12/01/13, 01/01/14, 02/01/14 and 03/01/13 Solloa to pay Trustee $11,242.97 each month and on 04/01/14 Solloa to pay $11,293.01 (for a total of $105,000) with a grace period of 4 days for international wiring transfer delays; Order approving compromise entered 11/21/13 (doc #1177); Order Concerning Estate Records entered 08/22/14 (doc #1219) - records primarily pertaining to this adversary may be destroyed to the extent they do not relate to the unsatisfied judgments held by the Estate ; remaining records shall remain at SafeSite | | | | | | |
| 89 | 04-3832 Adv Atascosa | (u) | Unknown | | | $0.00 | FA |
| 90 | 04-3833 Adv Gamma Capital Corp. | (u) | Unknown | | | $0.00 | FA |
| 91 | 04-3834 Adv NET UIS | (u) | Unknown | | | $0.00 | FA |
| 92 | 04-3835 Adv Alberto Pimienta | (u) | Unknown | | | $0.00 | FA |
| 93 | 04-3836 Adv Enrique Albin, et al | (u) | Unknown | | | $0.00 | FA |
| 94 | 04-3837 Adv Rafa-Mega | (u) | Unknown | | | $0.00 | FA |
| 95 | 04-3838 Adv John Averett | (u) | Unknown | | | $0.00 | FA |
| 96 | 04-3841 Adv Woodforest National Bank | (u) | Unknown | | | $5,000,000.00 | FA |
| 97 | 04-3842 Adv Darfgate Overseas, Ltd. | (u) | Unknown | | | $0.00 | FA |
| 98 | 04-3843 Adv Ansbacher | (u) | Unknown | | | $0.00 | FA |
| 99 | 04-3844 Adv Apparecchiature Macchine Utenzili, et al | (u) | Unknown | | | $0.00 | FA |
| 100 | 04-3845 Adv Electrovision, Inc., et al | (u) | Unknown | | | $0.00 | FA |
| 101 | 04-3846 Adv Universal Networks, Inc., et al | (u) | Unknown | | | $0.00 | FA |
| 102 | 04-3847 Adv Enrique Pimienta | (u) | Unknown | | | $0.00 | FA |
| 103 | 04-3848 Adv Arturo Pimienta, et al | (u) | Unknown | | | $0.00 | FA |
| 104 | 04-3849 Adv Fredrico Herrera | (u) | Unknown | | | $0.00 | FA |
| **Asset Notes:** | Judgment obtained - collections being pursued in Mexico | | | | | | |
| 105 | 04-3850 Adv KPMA Partnership, Ltd. | (u) | Unknown | | | $802,630.14 | FA |
| 106 | 04-3858 Adv Alberto Lenz, et al | (u) | Unknown | | | $0.00 | FA |
| 107 | 04-3859 Adv Hugo Pimienta, II | (u) | Unknown | | | $0.00 | FA |
| 108 | 04-3868 Adv Fernando Zarate Montano, et al | (u) | Unknown | | | $0.00 | FA |
| 109 | 07-3151 WSS v KPMA Partnership and Arturo Pimienta | (u) | Unknown | | | $196,077.00 | FA |
| 110 | Misc. Other Receipts | (u) | Unknown | | | $1,896.00 | FA |
| 111 | Estate's interest of receipts of Hugo Pimienta Estate (order) | (u) | Unknown | $258,009.99 | | $258,009.99 | FA |
| 112 | Government and corporate bonds and other negotiable instruments - Promissory Note of North Sea Corp | | $5,000,000.00 | $0.00 | | $0.00 | FA |
| **Asset Notes:** | This asset ties into the Romero Adversary 04-3789 and was lumped into as a part of the global settlement. | | | | | | |

* There are discrepancies between the last Form 1 report filed by previous trustee and Mexican Counsel Status Report. Trustee is in the process of investigating and reconciling discrepancies.

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Case No. 02-39553-H1

Case Name: IFS Financial Corporation

For Period Ending: 8/31/2019

Trustee Name:  Joseph D. Martinec

Date Filed: 8/23/2002

§341 Meeting Date: 11/21/2002

| | 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|---|
| | Asset Description (Scheduled and Unscheduled (u) Property) | | Petition/ Unscheduled Value | | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| **Ref. #** | | | | | | | |
| 113 | Government and corporate bonds and other negotiable instruments - Promissory Note of Larce, Inc. | | $3,000,000.00 | $0.00 | | $0.00 | FA |
| **Asset Notes:** | This asset ties into the Romero Adversary 04-3789 and was lumped into as a part of the global settlement. | | | | | | |
| 114 | Government and corporate bonds and other negotiable instruments- Promissory Note of Southsea Corp. | | $13,000,000.00 | $0.00 | | $0.00 | FA |
| **Asset Notes:** | This asset ties into the Romero Adversary 04-3789 and was lumped into as a part of the global settlement. | | | | | | |
| 115 | Causes of action versus former officers of Accubank and Grant Thorton | | Unknown | $0.00 | | $0.00 | FA |
| **Asset Notes:** | Asset split out from #116 due to the causes of action being non-existent. | | | | | | |
| 116 | Causes of Action versus former officers of Universal Network, Inc. | | $0.00 | $0.00 | | $0.00 | FA |
| **Asset Notes:** | This asset ties into the Arturo Pimienta/KPMA (04-3848) settlement; was lumped in as a part of the total settlement. | | | | | | |
| 117 | Causes of action versus former officers - Hugo Pimienta. | | $0.00 | $0.00 | | $0.00 | FA |
| **Asset Notes:** | This asset ties into the other HP causes. | | | | | | |
| 118 | Trustee's claim against estate of Enrique Pimienta 05-30565 | (u) | $121,778.65 | $122,331.97 | | $122,331.97 | FA |
| 119 | 17-3042 Adv Martinec v. W. Steve Smith, et al. | | Unknown | Unknown | | | Unknown |
| INT | Interest Earned | | Unknown | | | $27,453.93 | FA |
| | **Totals (Excluding unknown value)** | | $23,621,778.65 | $35,820,082.29 | $0.00 | $20,142,237.26 | $15,705,298.96 |
| | | | | | | | |
| | | | | | | | |
| **Major Activities affecting case closing:** | | | | | | | |
| 8/16/2016 | Election of Joseph D. Martinec as Chapter 7 Trustee | | | | | | |
| 2/8/2017 | Martinec v. W. Steve Smith, et al., Adv. 17-3042, Complaint Filed | | | | | | |
| 2/23/2017 | Employment of Galicia Alcala & Asociados, Special Counsel (Doc#1339) | | | | | | |
| 8/10/2017 | Employment of John Mosley, Accountant (Doc#1344) | | | | | | |
| 9/13/2017 | Martinec v. Smith - Amended Motion For Summary Judgment (Doc#40) Filed by Hartford Casualty Insurance Co. (Denied - Order #49 Entered 11/9/2017) | | | | | | |
| 11/7/2017 | Martinec v. Smith - Mediation held on 11/7/2017 | | | | | | |
| 6/18/2018 | Employment of Diamond McCarthy LLP as Counsel (Doc#1353) | | | | | | |
| 6/28/2018 | Martinec v. Smith - Agreed Discovery/Case Management Order (Doc#114) | | | | | | |
| 10/15/2018 | Order Granting Trustee's Motion to Approve Settlement Pursuant to Bankruptcy Rule 9019 with McFall Firms (Doc#120 - Adv 17-3042) | | | | | | |
| 3/25/2019 | Estate of W. Steve Smith, 19-37873-P, Montgomery County Court at Law, Texas (Dependent Administration) | | | | | | |
| 8/1/2019 | Notice of Steve Smith Probate received by Trustee's Attorneys | | | | | | |
| 9/4/2019 | Order (#1376) Entered 9/4/2019 on Trustee's Motion for (I) Authority to Compromise Controversies Pursuant to Rule 9019(a); and (II) Related Relief (Doc#1371) | | | | | | |
| 9/17/2019 | Mediation - Martinec v. W. Steve Smith, et al., Adv. 17-3042 | | | | | | |
| 9/23/2019 | Trial - Martinec v. W. Steve Smith, et al., Adv. 17-3042 | | | | | | |
| | | | | | | | |
| **Initial Projected Date Of Final Report (TFR):** | | | | | | | |
| 11/30/2006 | | | | | | | |
| **Current Projected Date Of Final Report (TFR):** | | | | | | | |
| 06/30/2020 | | | | | | | |
| | | | | | | | |
| /s/ JOSEPH D. MARTINEC | | | | | | | |
| JOSEPH D. MARTINEC | | | | | | | |

The attached Status Report provided to Joseph D. Martinec, Chapter 7 Trustee, by Dario Oscos dated June 25, 2019, does not adequately address the status of all pending and resolved cases that have been turned over to Mr. Oscos for collection.  Trustee is working with his attorneys to secure a more informative Status Report, and will file a Supplemental Status Report once that report has been provided by Mr. Oscos.

| CASE No. 02-39553-H1-7 Adversary No. | DEBTOR | US DEBT Default Judgment | 4° FEDERAL DISTRICT COURT 206/2004 | STATUS REPORT DEBTOR 25 June 2019 |
|---|---|---|---|---|
| 04-3773 | RODOFO GONZALEZ NAVARRO | $326,860.20 | | No domicile nor assets found |
| 04-3775 | **Mario Valverde Garces** | $2,041.65 | | No domicile nor assets found |
| 04-3776 | Plosko Portfolio, Inc. | $251,563.72 $161,757.83 | | No domicile nor assets found |
| 04-3781 | Ana Rosa Ruiz Ruiz | $95,878.81 | | No domicile nor assets found |
| 04-3783 | **Aceitera El Paraíso, S.A. de C.V.** **PUEBLA** | $10,219,601.87 27 de septiembre de 2006 | **Personal Service of Process in Puebla July 14, 2008 by 4 District Court DF.** **Assets: no** **Searches made in Public Registries in DF and Puebla** _____ **REMARKS.-** Recovery: debtor closed operations. There is no establishment. Notice requesting payment and to attached assets has not been possible although attempts made. Recovery may be difficult, if any. We are considering to bring voidance action. Proceeding will be time consuming and costly. We are in process of getting supporting documents to bring a voidance action in Puebla. We will try to have the lawsuit recorded before the Public Registry of Ownership. Legal standing of voidance action was deeply analyzed and determined its legal viability. Voidance action was | Debtor filed amparo action arguing lack of service of process. We are seeking dismissal through our pleadings and evidence we submitted. Hearing took place January 25th. 2012. Constitutional Court is pending decision. **We have met judges and provided them memos trying to persuade them that the amparo protection shall be rejected.** **Amparo judgment was rendered in favor of debtor. We filed appeal (revision remedy) which was entered by the First Federal Colegiate Circuit Court. This Circuit court dimissed amparo action.** We requested Recognition Court to order attachment through rogatory letter. **Next Action: pursue letter rogatory and enforce attachment.** November 12, 2013, motion was filed requesting letter rogatory to notify demand of payment. Letter rogatory was obtained (November 19, 2013), filed and prosecuted before Puebla district court (December 6, 2013). Subject to confirmation, Court clerk and Mexican trustee counsel have a meeting on January 24, 2014 to give notice requesting payment. Attempt to enforce was made on the premises of debtor with court clerk in Puebla. Attachment |

| | | | | |
|---|---|---|---|---|
| | | | drafted. Information and documentary evidence to support lawsuit was requested, pursued and collected.<br>Lawsuit was filed in Puebla. Pursue before Puebla civil court lawsuit allowance.<br>Attend ex parte meetings with court clerk and judge. Prosecute and obtain court to allow opening a case. Pursue and obtain court orders to record lawsuit in the Ownership Public Registry. Conduct registration before Ownership Public Registry. Pursue service of process for each defendant. Review court docket. Review court orders. Pursue and obtain service of process summons. Coordinate with court clerk notifier service of process for each defendant. Execute with court clerk service of process to Aceitera el Paraiso. Monitor lawsuit answer. Review court orders. Analysis lawsuit answer. Draft reply to lawsuit answer. Filing thereto in Puebla court. Pursue service of process to defendants. Review court orders. Answer remedy brought by Aceitera el Paraiso. Review court order. Draft and file remedy answer. Pursue service of process to defendants. With court clerk, coordinate and execute actual service of process to each co-defendants. Pursue court orders on co-defendants lawsuit answers. Obtain court orders. Obtain lawsuits answers. Analysis thereto. Reply lawsuits answers and file them in Puebla court.<br><br>Plaintiff and co-defendants have already, among other evidence, offered to conduct each two expert opinion one on | was not possible due to the fact the premises are empty.<br><br>Motion was filed requesting Puebla court to order notice to debtor´s legal representatives. This court ignored the motion. Motion will be filed to the Recognition court to order notice to legal representatives in their private domicile. A new motion seeking search of domicile of legal representative will be filed to attempt to notice debtor through them.<br><br>An attempt to collect may be made by means of a criminal action. We will seek an appointment with Puebla Attorney General.<br><br>Specilized Judge el C. Juez Quinto Especializado en Materia Civil del Distrito de Puebla, dicto sentencia el 6 de Febrero 2018, e inmediatamente se elaboro una apelación en contra de dicha sentencia.<br><br>Ahora nos encontramos en espera de que lo turnen a la sala correspondiente en esta semana para que se resuélva la apelacion que se interpuso en contra de la sentencia de fecha 6 de febrero de 2018 dictada por el C. Juez Quinto Especializado en Materia Civil del Distrito de Puebla.<br><br>We are in process of getting information and documents to consider a voidance action for fraudulent transfer. We are considering to open a concurso mercantil within which bring the voidance action or to bring the voidance action outside the concurso mercantil. We will have to assess the costs of these actions.<br><br>A search was made in the Public Registry of Property confirming that debtor sold the real estate to Industrial Alimentaria Radospar, S.A. de C.V. entry dated January 10, 2008<br><br>We are still in process of getting information and documents to consider a voidance action for fraudulent transfer. We are considering to open a concurso mercantil within which bring the voidance action or to bring the voidance action |

| | | | | |
|---|---|---|---|---|

real estate assessment and other on accounting. Fees for experts must be paid. We will provide shortly experts fees budget. It is expected that court appoints for each expert opinion a third party expert opinion. Fees of the third expert shall be paid as well among the parties.

We need US Trustee support to pay fees and expenses for plaintiff's experts and for the third expert for each assessment and accounting expert. We will provide amount of fees and expenses.

Services of process to debtors are being conducted in Puebla. Litigations is being prosecuted. Lawsuit is recorded in the Puebla Ownership Public Registry. Civil Court upon defendant´s request, Industrial Alimentaria Radospar, S.A. de C.V., ordered that a bond be place by plaintiff in order to keep such a recordation. Bond of Mex pesos Cy $15,000.00 was provided by US Trustee. This bond was timely submitted. Objection on legal representation of Industrial Alimentaria Radospar, S.A. de C.V. was filed. Defendant answered it. A hearing was conducted. Decision thereto is pending to be entered. Public Registry of Property claim answer is pending to be notice to plaintiff. An evidentiary period is to be started and all evidence shall be submitted. We will provide to US Trustee the fees and cost of the experts to be paid in order for it to be wired

outside the concurso mercantil. We will have to assess the costs and time of these actions.

We requested and just obtained a certified copy of the purchase and sale contract. Purchase and sale contract was executed on December 11, 2007. The price was $37,451,341.50 Mex Cy pesos. The ownership title states that vendor received the payment before the execution date of the ownership title. We must determine if there is a legal standing to bring a voidance action. We are inclined to bring a voidance action in Puebla, requesting recordation of the lawsuit. We will check amount of dues to be paid and report accordingly. Affiliation or common ownership between Aceitera and Alimentaria: directors are similar. As to ownership we were told that yes, but we will have to corroborate it.

From the information we have, it seems to be that debtor sold the real estate just before debtor was served on the US adversary and that debtor received payment before the service.

We will determine if there is legal standing to challenge the sale as voidance action.

Analysis of legal standing to bring voidance action was made. Supporting documents were collected. Lawsuit was drafted. Draft was reviewed and adjusted.- Meetings with Mexican trustee and signing of lawsuit. Lawsuit was filed before Puebla court. Before Puebla court, prosecution of lawsuit allowance before court clerk and judge of Puebla court. Collection of court allowance and review thereto. Request to court of clarification. Review and collection of clarification. Prosecution. Collection and filing of court order before Public Registry of Property in Puebla. Review public registry´s refusal of recordation. Request court to clarify court order, prosecute clarification. Upon recordation of lawsuit in the Public Registry of Peoperty, service of process will be made to the several defendants.

**5 January 2019**

First Chamber of the Court of Appeals ordered the first instance civil court to submit the judicial records in order to render decision on

| | | | | |
|---|---|---|---|---|
| | | | transferred to us for payment thereto. Evidentiary period was conducted. Pleadings were drafted and filed. Ex parte meetings with judge were conducted. Judgment of first instance was prosecuted. Judgment of first instance was entered. Judgment absolved defendants. Judgment was appealed. Appeal and pleadings were drafted and filed. Draft memo. Ex parte meetings were conducted with three judge members of the court of appeal. **Judgment on appeal is pending to be rendered.** | the appeal. Such records are the enclosures of the lawsuit and other records. Civil court after several attempts reported that the enclosures were "lost". An extensive search was made. Enclosures were not found. Civil court entered and order of lost of records. Plaintiff had to manage to submit additional enclosures and records. Enclosures and records are old and are in different courts. New enclosures were requested to be produce by different courts. Plaintiff had to prosecute several requests before several courts and obtained some of the enclosures and records in Mexico City and in Puebla. First Chamber has been insisted by Plaintiff that no more delay shall be allowed. Civil court finally requested by court order dated January 15, 2019 to Plaintiff to submit enclosures and records to be compare and certified in order to restore the judicial file. We expect that judicial file be restored soon that enclosures and records be sent to the First Chamber of the Court of appeals and appeal decision be entered.<br><br>This loss of records is not causal but very suspicious. Plaintiff has devoted much more time and effort to try to overcome this obstacle.<br><br>25 June 2019<br><br>Every single page had to be reviewed by court clerk. Court clerk was not fully devoted to this task so it took much longer. We had to make court clerk to expedite this mechanical work. After months of pushing the result was that some copies were not clear and had to be replaced. We had to get the good one from the issuer. And so on. Replacement of documents was finally made.<br><br>Today we may say that documents replacement is completed and the court of appeals will have them soon to enter a decision on the appeal.<br><br>We will meet again court of appeal judges personally (*ex parte*)to pursue our appeal seeking reversal of first level decision. We will draft and file additional pleadings thereto.<br><br>Opponents have political influence in the estate courts and malpractices. |

| | | | | |
|---|---|---|---|---|
| | | | | We expect that this case will we be decided up to the constitutional courts.<br><br>There are grounds and legal standing to expect a favorable decision. However, we will have to pursue litigation up to the final court decision.<br><br>Note: as discussed in our telephone conference of 12 June 2019, Blitz may take this case as distribution an pursue it up to the end. It is expected that final decision may take up to two years. Collection may be made in a settlement in case opponents have to dispose the real estate subject matter of our action. As per Trustee´s suggestion, an investment fund or the like may be interested in purchasing or financing the litigation rights. Please provide asap guidance about it. |
| 04-3786 | **Ocean Springs** | $2,050,000.00<br>$700,000.00<br>$350,000.00 | | No domicile nor assets found |
| 04-3787 | Ficen, S.A. de C.V.<br><br>**D.F.** | $1'250,500.00 mas interés del 0.72% anual a partir del 5 de marzo de 2009<br><br>5 de marzo de 2009 | **Personal service of process made in DF September 12, 2008 same address**<br><br>Assets: no<br>Search made in public registries of ownership and commerce in DF<br><br>Ficen's representative is **Ramón Mario Sandoval Chávez.**<br><br>_____<br><br>REMARKS.-<br><br>Recovery: Debtor is highly indebted towards financial and other creditors thereto. We are pursuing legal action already brought.<br><br>Recovery will be difficult, time consuming and costly.<br><br>Ficen hidden attorney in law is seeking a possible settlement by means of a payment in king with the assignment of a real estate or related litigation rights. Once we have a | **Amparo relief was granted to Ficen based upon defective service of process.**<br><br>**We drafted and filed revision remedy and pursued it. Colegiate Circuit Court reversed amparo protection.**<br><br>**We obtained court order to request payment and conduct attachment.**<br><br>**Order to request payment and attachment was enforced against Ficen. We appointed an interventor.**<br><br>**Ficen challenged attachment by means of an amparo action. Amparo action was rejected. Ficen filed revision remedy which in turn was deciding confirming the attachment.**<br><br>**Attachment shall be recorded in the Public Registry (USD$1,200 of dues have to be paid) and we shall place a bond for the interventor.**<br><br>**We will prosecute enforcement.**<br><br>**Recognition Court requested that interventor placed a bond. Court determined the amount of the amount to be guaranty by a bond for $455,432.10 Mex Cy pesos.** |

| | | | |
|---|---|---|---|
| | | | formal proposal we will be submit to US Trustee. The amount claim under the adversary default judgement is USD$1´250,500.00. Case has been prosecuted for long time. Case has been of strongly litigation, costly and time consuming. See previous reports. Debtor, first challenged service of process up to revision remedy in amparo action. Many court attempts to notify debtor on payment request were made. Debtor used to blocked notices. Debtor hide its domicile. New domicile had to be found. New domicile was searched and found. Debtor, as a whole, was attached. A depositary interventor (like a receivership) was appointed to take over control of cashier and assets. In order to have the depositary take over possession we had to place a bond with a real estate collateral. We had to finance the cost to proceed. Debtor has been hiding its domicile and assets. Many court attempts have been made to put depositary in possession. Search of assets and domicile has been conducted through court channels. Board members and attorneys in fact have been requested by court to surrender possession to depositary (cashier, accounts receivable, assets). Court orders have been challenged by debtor up to revision remedy in constitutional action. Warrant of arrest have | Interventor resigned We requested court to enterer an attachment order which is pending.<br><br>We have met another interventor that may be appointed under the attachment and upon placing the requested bond.<br><br>Next Action: pursue enforcement<br><br>Mex counsel for US Trustee requests US Trustee to provide US$50,000 to place the bond requested by court or payment of whatever fees we are entitled to be able to get the bond to proceed with enforcement or a loan to place the bond in the amount of 50,000 US<br><br>We learned that financial secured creditors have sued Ficen and attached some assets, being collateral of secured loans. We will filed motions before the other courts reporting our default judgment enforcement. We may consider to file an involuntary bankruptcy.<br><br>We in our owned had to provide and paid for the bond to put in place the interventor and to record before the Public Registry of Commerce the general assets seizure on the depositary interventor assigned to the Ficen´s treasury.<br><br>Se esta en espera para poder solicitor nuevamente visita en el domicilio del Presidente de Ficen y para que tenga tiempo de contestar el requerimiento que se le hizo. NO CONTESTO EL PRESIDENTE DE FICEN SE ACUSO LA REBELDIA Y YA SE VOLVIO A SOLICITAR ENTREGUE LAS CUENTAS CON LAS MEDIDAS DE APREMIO MAS ESTRICTAS QUE SON FUERZA PUBLICA Y ROMPIMIENTO DE CERRADURAS, ARRESTO POR 36 HORAS POR DESACATO Y CONTUMACIA ESTAMOS EN ESPERA QUE ACUERDEN ESTA PROMCION<br><br>Gathering information of Ficen´s legal actions against its debtors. Draft motion to district court requesting notice of other courts of the IFS´attachment. Prosecute and obtain court order. File court order in the other state courts to get notice of IFS´attachment. Prosecute state |

been issued and executed due to contempt order and obstruction of justice.

A court execution to put depositary in possession was conducted August 17, 2017. Execution was made with the aid of an police-army and a lock breaking man. We were able to get into Ficen premises. It was stated that it is a lease office; with some furniture and some accounting files which are useless. We requested the Court to enterer and order to confirm that the depositary intervertor be given possession of the accounts receivable which payment is being sought in different courts. Court order is pending to be issued.

Enforcement of litigation rights owned by Ficen have been prosecuted seeking auction sale thereto.

Prosecution has been difficult since Ficen´s office closed after the 2017 earthquake.

Search on legal representatives has been conducted and found where notice has been made by the court clerk upon trustee´s petitions..

courts orders thereto.

There have been several requests to the district court to place in possession of the accounting the depositary intervertor appointed by IFS in the attachment. Several court orders have been issued. Several attemps have been made enforcing court orders to put in possession the depositary intervertor. Ficen has blocked all. Request of fines have been made to district court and have been granted and enforced. A new court order was granted and enforced. Ficen has ignored them and first it was imposed a fine for contemp. Latter Ficen representatives and members of the board of directors were imposed a warrant of arrest of twelve hours. Fine and warrand of arrest are being enforced. Ficen challenged the fine by amparo, constitutional action. Constitutional action is being attended. A request to the Banking Commission was made through the district court to get banking accounts and the like own by Ficen. Some reports have been made but with balance amounts bellow 100USD.

We defeated Ficen´s Amparo action seeking dismissal on fines. Amparo action was dismissed. Revision remedy was brought challenging dismissal. Remission remedy decided by federal circuit court confirmed amparo rejection.
A number of court attempts to put intervertor in possession of the accounting and cashier have been requested and conducted. Ficen has obstructed court attempts. Court order to Ficen members of board of directors were issued commanding them to surrender possession under warrant of arrest in case of contempt. Pursue and carry out notice to these members. Pursue and Coordinate with Court clerk court orders execution to put in possession intervertor. Attend execution at Ficen domicile. Ficen ignored court orders. Plaintiff's request to grant warrant of arrest against members of Ficen board of
directors. Request to court to issue court orders commanding both board members and IFS attorneys at law empowered to surrender accounting and cashier possession. Pursue and obtain court order. Execute court order.

Settlement Negotiations.- Hidden attorney of

Ficen has approached us to conduct possible settlement negotiations. We have been offered a payment in kind with a real estate. Offer is being reviewed as to its legal and economy viability.

If offer is not good, we may counter offer some proposals seeking recovery on current Ficen assets.

Litigation account receivables have been attached and courts presiding litigations have been noticed on the attachment.

Criminal Action
We have discovered that there are criminal actions vs Ficen for fraud based upon Ficen's unlawful disposition of the litigation account receivables.

We may file, if convenient, a criminal action as well for fraud.

There are creditors that have been strongly prosecuting legal actions vs Ficen.

IFS bankruptcy state has priority over creditors.

FICEN is highly indebted.

If settlement negotiations failed, it is expected to have long, costly and time consuming litigation.

5 January 2019

Prosecution of proceedings has been conducted in order that Ficen´s litigation rights be sold in auction sale.

25 June 2019

As reported to you, we have been prosecuted this case. However, prosecution has been much more difficult due to the fact that FICEN´s office was closed becaused of the earthquake.

In a proceeding where we have attached litigation rights we are pursuing auction sale thereto.

As per Trustee´s suggestion, this case may be conveyed to another Ficen´s creditor who may only pay the assignment upon some recovery, if

| | | | | |
|---|---|---|---|---|
| | | | | any. Please provide guidance thereto asap. |
| 04-3790 | **Grupo Valat S.A** | $6,299,202.03 | | No domicile nor assets found |
| 04-3791 | **ICAP, Corp** | $353,744.10 | | No information available |
| 04-3805 | **Group TH and Aero Mex Interamericas** | $1,325,000.00 | | No domicile nor assets found |
| 04-3805 | **Rodolfo Garcia (Settled and Paid $100,000.00)** | $250,000.00 | | |
| 04-3849 | Federico Herrera | $256,571.99 | | No domicile nor assets found |
| 04-3814 | **Hilda Flores Bojalil**<br><br>**PUEBLA** | $229,535.39<br><br>18 de octubre de 2006 | **Service of process made by publications January 2009**<br><br>**Assets: 2 in Puebla**<br><br>**1 real estate under life estate in favor of debtor Ownership in favor of Ricardo Fernando y Carlos Corona Flores Debtor´s sons**<br><br>**1 real estate ranch "la Aurora" co-ownership with 4 more brothers. Free of liens**<br><br>_<br><br>REMARKS.-<br><br>Recovery:<br><br>Recovery will be subject from amparo action decision as to the service of process. Case is time consuming and costly.<br><br>Amparo action was decided by a district court in Puebla. Revision remedy was decided by a circuit court in Puebla.<br><br>We prevailed and we are requesting a new court order and notice of payment. Recognition court is pending to issue a new letter rogatory to a Puebla court to enforce court order.<br><br>A new letter rogatory | **4th District court ordered search of address in government agencies, which are being pursued.**<br><br>**Court issued orders requesting official agencies to search domicile. Orders are being pursued.**<br><br>**A debtor´s domicile was found in Puebla. Letter rogatory was obtained to request payment and attach assets.**<br><br>**Letter rogatory was enforced through Puebla district court. Request was served at the domicile found. There was the son of debtor who deny the domicile of the debtor although it had been recognized in a former court clerk visit to this domicile.**<br><br>**We requested the Puebla court to order that request of payment and attachment be made in this domicile.**<br><br>**We obtained and submitted records of the public registry of property showing that the domicile is owned by debtor and that the sons have the use of it, also we obtained and submitted a born certificate showing that this person is the son of debtor.**<br><br>**Motion was filed before Recognition Court seeking order to attach assets of debtor in Puebla.**<br>**Next Action: pursue motion**<br>November 12, 2013, motion was filed requesting letter rogatory to notify demand of payment.<br>Letter rogatory was obtained (November 19, 2013), filed and prosecuted before Puebla district court (December 6, 2013). |

| | | | |
|---|---|---|---|
| | | | was issued and enforced to attach assets.<br><br>There have been amparo actions brought by each of debtor and defendant´s sons as holders of the ownership title but the life use thereto given to debtor. Sons prevailed as to their rights. However, it was decided that the  life use  thereto  given  to debtor may be attached as we attached. Recordation of  attachment  will  be made  in  the  Public Registry of Puebla.<br><br>**5 January 2019**<br><br>Attachment  has  been recorded in the Property Public Registry in Puebla. | Court clerk and Mex trustee counsel had a meeting on December 26, 2013 to give notice requesting payment. Demand of payment was attempted but people in the domicile from inside argued that debtor does not live there but debtor´s son.<br>Motion was filed January 10, 2014 requesting enforcement of court order in such domicile since debtors own life use thereto (usufruct). Proof was filed as well.<br><br>Keep pursuing court order. Motions authorizing public force will be filed to overcome opposition and obstruction.<br><br>New motion was filed in Puebla court requesting an official entity proof of debtor´s domicile. Official entity provided such proof. A new motion  will  be  file  to  conduct  again  the attachment.<br><br>Motion  was  filed  requesting  a  new  letter rogattory to notify demand of payment. Petition has been granted and letter rogattoty will be enforced again.<br><br>Letter  rogattoty  will  be  enforced  again  in Puebla.<br>New letter rogattory was requested and obtained. It was filed before Puebla courts. Puebla court allowed it and set March 12, 2015 for execution.<br><br>Notice to wait the court clerk for notice was made to debtor by court clerk on March 12, 2015 in the morning. Same date, request of payment notice was made to debtor by the court clerk on March 12 afternoon.<br><br>Debtor failed to make payment. Attachment was not possible to made since debtor file a remedy which we have not yet been noticed.<br><br>Debtor  brought  amparo  action.  Stay  was partially granted preventing attachment, taking possession away assets from debtor and no recordation in the public registry of ownership. Amparo action is being prosecuted.<br><br>Amparo action was dismissed. If debtor did not challenge this decision, enforcing of default judgment will be prosecuted. |

| | | | | |
|---|---|---|---|---|
| | | | | The debtor is under, came a resolution before it popped A review of the same resolution and are awaiting a decision is reached.<br><br>25 June 2019<br><br>Case is being prosecuted. There is only an attachment of debtor´s life use of her home. These rights will be very difficult to sale in a judicial auction sale. It will be time consuming and costly. Auction sale may take up to two years due to legal remedies available (appeal, amparo action and revision remedy).<br><br>No collection expected. Please provide guidance thereto asap. |
| 04-3803<br><br>(Luis, Margarita Isabel, Maria Cristina y Maria Paz)<br><br>04-3757 (Guillermo) | De la Peña Stettner et al<br><br>Juzgado 7° de Distrito en Jalisco Exp.561/2016 Luis de la Peña,.<br><br>Juzgado 1° de Distrito en Colima Exp. 1381/2016 Margarita Isabel de la Pena Stettner<br><br>Juzgado 1° de Distrito en Colima Exp. 1381/2016 María Cristina de la Pena Stettner,.<br><br>Juzgado 1° de Distrito en Colima Exp. 1381/2016 Guillermo de la Pena Stettner.<br><br>Juzgado 1° de Distrito en Colima | Luis de la $251,950.00<br><br>Margarita $375,213.27<br><br>Cristina $354,127.17<br><br>Guillermo $188,240.00<br><br>Maria Paz $394,127.16 | REMARKS.-<br><br>Recovery: prosecution enforcement will be costly and time consuming.  At this stage no recovery may be ascertained.<br><br>If prevailed in the legal battle, recovery might be collected. It is advisable to continue prosecution.<br><br>There are three different amparo actions brought by each defendants:<br><br>1. Luis de la Peña Stettner.<br><br>2. Guillermo de la Peña Stettner<br><br>3. Margarita Isabel de la Peña Stettner<br><br>4. María Cristina de la Peña Stettner | Translation  of US Court judgments and opinions thereto into Spanish were made. Search of debtors 'properties was made in Guadalajara and found some properties. A search of each debtors´domicile is being conducted. Petition will be filed before Recognition Court to enforce judgments. No property was found of Maria de la Paz de la Peña Stettner.<br><br>Enforcement request motion was submitted to and signed by Ancilliary Trustee and filed before Recognition Court.<br><br>Letter rogattories and court orders commanding official entities information are being prosecuted.<br><br>Please provide affidavit on final judgment to be translated into Spanish and filed before the Recognition Court.<br><br>We will translate the affidavit. We request that An original affidavit be sent to us.  On Maria's |

| | Exp. 1781/2016<br>María Paz de la<br>Pena Stettner,. | | 5. María Paz de la Peña Stettner<br><br>Amparo actions have been fully prosecuted by debtors in Guadalajara, State of Jalisco and in Colima State of Colima.<br><br>In all three proceedings we have appeared filing pleadings seeking dismissal.<br><br>Based upon trustee´s pleadings and ex parte meetings with judges, Federal District Judges dismissed amparo actions.<br><br>We have conducted ex parte meetings with federal district judges and court clerks in Guadalajara and Colima.<br><br>We have also conducted ex parte meetings with federal collegiate circuit justices and court clerks in Guadalajara and Colima.<br><br>Amparo actions were dismissed by district judges.<br><br>Defendants filed a revision remedy.<br><br>We draft and file pleadings seeking | property, we will look at transfers by her seeking a possible recovering from a fraudulent transfer. Since we lack debtor domiciles, we requested to and the court ordered to official agencies to provide debtors´domicile. There is no yet answer. We will insist that official agencies submit their answer as to debtor´s domicile. Debtor domicile is somewhere in Guadalajara, Jalisco.<br><br>Once we have the affidavit in original we will file it tohether with Spanish translation thereto before the recognition court and request a letter rogattory to notice to debtors the request of payment and if debtors fail to do it to attach assets they own.<br><br>Official entities provided to court information and assets of some of the debtors.<br><br>Letters rogattory were pursued and obtained before recognition court. Letters rogattoty were filed this week in Guadalajara to pursue enforcement against debtors.<br><br>Attempt to request payment and attachment was made, however, debtors domicile was not found and letters rogattory were returned.<br><br>A new search of domiciles will be made through the recognition court. Debtors appealed adversary judgment. Could US trustee provide debtors´domicile in Mexico, if any?<br><br>New search of domiciles was made, however, when attempt to carry out the service it was found that in such domiciles debtors were not found. |

| | | | | |
|---|---|---|---|---|
| | | | dismissal be confirmed by Federal Colegiate Circuit Courts in Guadalajara and Colima.<br><br>Prosecution of dismissal of revision remedies has been prosecuted.<br><br>Judgements are still pending to be entered by a Federal Colegiate Circuit Courts in Guadalajara and Colima.<br><br>Ex parte meeting with Court clerk and judges have been concucted in Guadalajara and Colima. Decisions are still pending to be entered. | We are pursuing searching of domicile and assets of debtors.<br><br>New debtors domiciles were found through official agencies.<br><br>Several times letter rogattories were obtained from the Recognition Court and filed in Guadalajara courts. Several attempts to carried out service of process on each defendant were conducted but fail due to debtors obstruction.<br><br>After request, obtainment of several letter rogatories, filing and enforcemen thereto before Guadalajara courts and attempts of service of process in different dates each of the defendant were served.<br><br>Luis de la Peña Stettner by amparo action challenged the service of process and the recognition of the foreign bankruptcy proceeding.<br><br>Guillermo, Margarita Isabel and María Cristina de la Peña Stettner  jointly by amparo action challenged the service of process and the recognition of the foreign bankruptcy proceeding.<br><br>Regarding María Paz de la Peña Stettner we ignored if she challneged with amparo action.<br><br>We will be served on these amparo actions and we will defend the legal validity of the service of process and the recognition of the foreign bankruptcy proceeding<br><br>Judgments awarding payment  to US trustee |

were translated into Spanish. Motion requesting payment to each of the five de la Peña defendants was filed before the Mexican Recognition Court (MRC).

Motion requesting search of domiciles by a number of government agencies was filed regarding each of the 5 debtors.

Pursue search of domiciles.

Pursue search of domiciles and assets of debtors in the estate of Jalisco. Visits to Guadalajara Jalisco to conduct search.

Draft and filed motions to conduct request of payment to each of the 5 defendants.

Request and obtained from RMC letters rogatory. Filed letters rogatory in Guadalajara federal courts. Pursue letters rogatory. Attempts to notice request of payment. Pursue court orders by Guadalajara courts and return of letters rogattory.

Draft and file additional motions to notice defendants request of payment and issuance of new letters rogatory. Pursue court orders thereto. Obtain and review court orders. Obtained letters rogatory and filed them in Guadalajara federal courts. Pursue execution of letters rogattory. Attend with Guadalajara court clerk several attempts in different days to notice defendants on the request of payment.

Finally, after a number of motions, letters rogatory and several attempts to notice defendants, we were able to notify each of them in different dates court orders and the request of payment under the adversary judgments.

Each of the 5 defendants have brought amparo action challenging the full recognition process based upon a number of legal objections. Defendants post a bond to stay execution. Stay was granted. We were served on each amparo action from different courts and in different

dates.

Review and deep analysis of each amparo action. Case law study and search. Draft pleadings rebutting each objection seeking rejection of amparo protection. Request, review, gathering and filing of documentary evidence.

Discussion conferences and  meetings on the amparo actions legal standing.

Meetings with defendants attorneys seeking possible settlement.

Ex parte meetings with each Federal courts and court clerks in Guadalajara and Colima to explain the subject matter of the amparo actions and their groundless legal standing.

Continue search of lack of legal standing.

There will be a constitutional hearing in different dates before each federal court. Thereafter decision shall  be entered. Decision may be further reviewed by means of a revision remedy available to all parties in interest to be decided by a higher circuit court.

Given the constitutional importance of this case, the Mexican Supreme Court of Justice may attract the case. Parties may seek on the other hand a constitutional review before the MSCJ, by means of a different revision remedy.

If prevailed in the legal battle, it is expected to collect amounts owed by defendants under the adversarial judgments. However, it will still take strong and costly litigation to be paid in court auction sale and after all legal remedies be exhausted as envision.

It is expected that we will prevailed in the legal battle.

25 June 2019

As reported to Trustee and US Counsel in our 12 June 2019 telephone conference, we have been prosecuted the de la Peña debtors for many

years. They have challenged recognition and enforcement of Recognition Court judgments and orders in all levels of appeals. Each of the five debtors, before federal district courts in Guadalajara and Colima cities seeking judgments and orders voidance, brought an amparo action that have to be prosecuted up to judgement was entered. Each debtor challenged judgments by means of a revision remedy (appeal) before Federal Circuit courts in Guadalajara and Colima,  seeking reversal thereto Debtors challenged all issues (both of procedural and substantive nature) of the recognition and enforcement of the US Bankruptcy proceeding, international cooperation and the ones of the US adversary judgments.

Finally, after years of strong litigation, time consuming and costly,  we are proud and honor to report that we have prevailed since the Federal Circuit Courts in Guadalajara and Colima confirmed recognitions, enforcements and the international procedural cooperation we prosecuted under the UNCITRAL Model Law on Cross Border Insolvency, incorporated in Mex CH 12 and US Ch 15.

These final judgments have become case law domestically in US and Mexico as well as internationally based upon the enforcement of the Model Law.

As discussed with you, next phase is one difficult and time consuming one, that is, attachment and auction sale that may take up to two years or three due to legal remedies available to debtors.

We have approached debtor´s counsel seeking settlement. Debtors are aware that forclosure and auction sale will be subject to strong litigation, time consuming and costly for both sides. As per Trustee instructions, please provide asap guidance to follow up on these cases.

FORM 2
CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No. | 02-39553-H1-7 | Trustee Name: | Joseph D. Martinec |
| Case Name: | IFS Financial Corporation | Bank Name: | Frost Bank |
| Taxpayer ID#: | 51-0370510 | Checking Acct.#: | *****1369 |
| For Period Beginning: | 9/1/2018 | Blanket bond(per case limit): | _____ |
| For Period Ending. | 8/31/2019 | Separate bond(if applicable): | $350,000.00 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| **Transaction Date** | **Check or Ref.#** | **Paid to/ Received From** | **Description of Transaction (UTC Code)** | **Deposit/ Credits $** | **Disbursement $** | **Checking Account Balance** |
| **9/1/2018** | | Balance from Second Status Report (Doc#1362 9/19/2018) | | | 0 | $221,282.93 |
| **9/17/2018** | 1014 | Wright-Watson | Oral Deposition of Sheila Diane Coleman 9/5/18 (UTC 3220-000) | | $1,755.55 | 219,527.38 |
| **11/30/2018** | | George Brothers | Settlement with the McFall Firms, Adv 17-3042, Doc#120 (UTC 1249-000) | 84,336.79 | | 303,864.17 |
| **12/19/2018** | 1015 | Legal Connection, Inc. | Deposition Costs (UTC 3220-000) | | 515.00 | 303,349.17 |
| **1/4/2019** | 1016 | Wright-Watson | Videotape and Sync to Transcript Oral Deposition of Peter Fascia 12/4/18 (UTC 3220-000) | | 701.25 | 302,647.92 |
| **1/4/2019** | 1017 | Wright-Watson | Oral Deposition of Peter Fascia 12/4/18 (UTC 3220-000) | | 1,326.55 | 301,321.37 |
| **1/4/2019** | 1018 | Wright-Watson | Videotape and Sync to Transcript Oral Deposition of H. Jason Gold 11/29/18 (UTC 3220-000) | | 1,048.75 | 300,272.62 |
| **1/4/2019** | 1019 | Wright-Watson | Oral Deposition of H. Jason Gold 11/29/18 (UTC 3220- | | 1,850.50 | 298,422.12 |

| 1<br>Transaction<br>Date | 2<br>Check or<br>Ref.# | 3<br>Paid to/<br>Received From | 4<br>Description of<br>Transaction (UTC Code) | 5<br>Deposit/<br>Credits<br>$ | 6<br>Disbursement<br>$ | 7<br>Checking<br>Account<br>Balance |
|---|---|---|---|---|---|---|
| | | | 000) | | | |
| 1/7/2019 | 1020 | Stratos Legal | Deposition of William Dennis Brown 11/27/18 (UTC 3220-000) | | 428.15 | 297,993.97 |
| 1/14/2019 | 1021 | Veritext Legal Solutions | Deposition of Jorge A. Hollander 12/14/18 (UTC 3220-000) | | 560.40 | 297,433.57 |
| 1/30/2019 | 1022 | Judicial Transcribers of Texas | 1/3/2019 Hearing Transcript (UTC 3220-000) | | 36.00 | 297,397.57 |
| 2/4/2019 | 1023 | Veritext | Deposition of Joseph D. Martinec 12/21/18 (UTC 3220-000) | | 482.70 | 296,914.87 |
| 2/4/2019 | 1024 | Mark K. Glasser | Mediation Fee 1/11/19 (UTC 3220-000) | | 1,000.00 | 295,914.87 |
| 7/23/2019 | 1025 | George Adams & Co. Ins. Agy, LLC | Chapter 7 Trustee Bond (UTC 2300-000) | | 700.00 | 295,214.87 |
| | | | | $84,336.79 | $8,649.3 | $295,214.87 |

| | |
|---|---|
| COLUMN TOTALS | $295,214.87 |
| Less: Bank transfer/CDs | $0.00 |
| Subtotal | $295,214.87 |
| Less: Payments to debtors | $0.00 |
| Net | $295,214.87 |

 **Frost** Case 02-39553 Document 1378 Filed in TXSB on 09/12/19 Page 25 of 26

P.O. Box 1727 Austin, Texas 78767 Member FDIC

STATEMENT ISSUED
08-30-2019

Page 1 of 2

00000264-TDFRST02003900012511-LETTER01_1OZ-000000 REG

JOSEPH MARTINEC TRUSTEE
IN BANKRUPTCY FOR IFS FINANCIAL CORP
CASE NO 02 39553 H 1 7
611 S CONGRESS AVE STE 450
AUSTIN TX 78704

0

Protect against check and electronic fraud with ACH Fraud
Prevention Services. Call (888)481-0336 for more informati
on how to protect your business from fraud.

| FROST BUSINESS CHECKING : ACCOUNT NO. ████ 1369 | | | | | |
|---|---|---|---|---|---|
| | DEPOSITS | | WITHDRAWALS | | |
| BALANCE LAST STATEMENT | NO. | AMOUNT | NO. | AMOUNT | BALANCE THIS STATEMENT |
| 295,214.87 | 0 | .00 | 0 | .00 | 295,214.87 |

Activity Items Processed     0       Cash Processed    $0.00

----------------------------------- DAILY BALANCE ------------------------------------------

| DATE | BALANCE | DATE | BALANCE | DATE | BALANCE |
|---|---|---|---|---|---|
| 07-31 | 295,214.87 | | | | |


RECEIVED
SEP -6 2019
By _____

Please examine your bank statement upon receipt and report any differences or irregularities as specified in the
Deposit Account Agreement and Other Disclosures.

Please notify us of any changes of address immediately. To change your address, follow these instructions.

1) Make changes to the address information shown on the front of this statement.

2) List all accounts which should be updated including Checking, Savings, Money Market, CDs and Loans.

Account Number _____     Account Number _____
Account Number _____     Account Number _____
Account Number _____     Account Number _____

Signature _____

3) Clip and return to the bank and address listed on the front of this statement.

Page 2 of 2

## How to balance your checkbook:

This worksheet will help you balance your checkbook. Before you begin, you'll need your checkbook register, your statement and any outstanding transactions not entered in your register.

| Worksheet | | Check Number/ Other Debits | Amount |
|---|---|---|---|
| 1. Enter balance shown on front of statement | $ _____ | | |
| 2. Subtract Line A (Checks / other debits not shown on this statement) | - $ _____ | | |
| 3. Subtotal | $ _____ | | |
| 4. Add Deposits / other credits not shown on statement | + $ _____ | | |
| 5. **Your Account Balance** | $ _____ | | |
| 6. Enter Your checkbook balance | $ _____ | | |
| 7. Subtract any bank charges that have not been entered in your checkbook | - $ _____ | | |
| 8. Subtotal | $ _____ | | |
| 9. Add any interest or other credits appearing on your statement that have not been entered in your checkbook | + $ _____ | | |
| 10. **Adjusted Checkbook Balance** | $ _____ | Total (Line A) | |

1. Be sure your checkbook register is complete. Verify that all outstanding transactions have been entered in your register.

2. Compare the check information on the front of the statement with your checkbook register. In your register, mark all the checks, ATM withdrawals or other debits on your statement to indicate that the funds have been withdrawn from your account. List any checks or other debits that are in your register, but not on your statement in the space provided above.

3. In your register, mark all deposits and other credits on your statement to indicate that the funds have been credited to your account. Write any deposits or other credits that are in your register, but not on your statement on Line 4.

4. To verify your statement balance, complete the worksheet above. Your account balance (Line 5) should match your adjusted checkbook balance figure (Line 10). If these balances are different, check the addition in your checkbook and review each step in the balancing procedure.

Please examine your bank statement upon receipt and report any differences or irregularities as specified in the Deposit Account Agreement and Other Disclosures.